UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE OAKS OF BRUSLY, LLC,** *Plaintiff* **VERSUS** **PRINCETON EXCESS AND SURPLUS LINES INSURANCE CO., ET AL.** *Defendants* | **CIVIL ACTION NO.** **JUDGE** **MAGISTRATE JUDGE** |

### NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel, comes Defendants, The Princeton Excess and Surplus Lines Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Renaissance Re Syndicate 1458, WR Berkley Syndicate 1967, Navigators Specialty Insurance Company, Evanston Insurance Company, Scottsdale Insurance Company, Aspen Specialty Insurance Company, Gotham Insurance Company, and QBE UK Ltd. (the "Insurers"), who pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, hereby remove the lawsuit entitled "*The Oaks of Brusly, LLC v. Princeton Excess and Surplus Lines Insurance Co., et al*", Docket No. 1050171, Division "A," on the docket of the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana (the "Lawsuit"), to the United States District Court for the Middle District of Louisiana, and shows unto this Court as follows:

1.

Plaintiff, The Oaks of Brusly, LLC ("Plaintiff"), instituted the Lawsuit by filing a *Petition for Damages* (the "*Petition*") on May 13, 2025, in the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana. A copy of all process, pleadings, and orders served on the Insurers and filed in the record of the Lawsuit are attached hereto as Exhibit "1."

**2.**

This *Notice of Removal* is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

**3.**

The Lawsuit is removed on grounds of 28 U.S.C. § 1332 diversity of citizenship jurisdiction.

## COMPLETE DIVERSITY OF CITIZENSHIP

**4.**

There is complete diversity of citizenship between Plaintiff and the Insurers. Plaintiff is a citizen of the State of Louisiana. The Insurers are all citizens of a state other than Louisiana.

**5.**

Plaintiff is a Louisiana Limited Liability Company, which has four members: Dipesh Patel, Jayantibhai Patel, Ashish J. Patel and Payal A. Patel as Trustees of the Patel Family Revocable Living Trust Dated September 30, 2021 (the "Trust"), and J.L. Associates L.L.C. *See* Exhibit "2," Louisiana Secretary of State details for Plaintiff. The citizenship of an LLC is based on the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. *Mullins v. TestAmerica Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009). All of Plaintiff's members are domiciled in and citizens of Louisiana for purposes of diversity:

1) Upon information and belief, Dipesh Patel is domiciled in and a citizen of the State of Louisiana. *See id.*;

2) Upon information and belief, Jayantibhai Patel is domiciled in and a citizen of the State of Louisiana. *See id.*;

3) The Trust's Trustees and lifetime beneficiaries are Ashish J. Patel and Payal A. Patel. *See* Exhibit "3," *Extract of Trust*. The citizenship of a traditional trust is that of its trustee. *Mullins*, 564 F.3d at 397-98 (5th Cir. 2009); *Coleman v. Intensive Specialty Hospital, LLC*, 2021 WL 5804574. At *1-2 (W.D. La. May 14, 2021). Upon information and belief, the Trustees, Ashish J. Patel and Payal A. Patel, are domiciled in and citizens of the State of Louisiana. *See* Exhibits 2 & 3. Accordingly, the Trust is a citizen of the State of Louisiana for purposes of diversity; and

4) J.L. Associates, L.L.C. is a Louisiana Limited Liability Company, which has four members: Jayantibhai L. Patel, Dipesh Patel, Kanchan Patel, and Ashish Patel. *See* Exhibit "4," Louisiana Secretary of State details for J.L. Associates, LLC. Upon information and belief, Jayantibhai L. Patel, Dipesh Patel, Kanchan Patel, and Ashish Patel are all domiciled in and citizens of the State of Louisiana. *See id.*

**6.**

The Insurers are all citizens of a state other than Louisiana for purposes of diversity jurisdiction:

1) Aspen Specialty Insurance Company is a North Dakota corporation with its principal place of business in Rocky Hill, Connecticut; and is thus a citizen of a state other than Louisiana. *See* Exhibit "5," Louisiana Department of Insurance details for Aspen Specialty Insurance Company.

2) Evanston Insurance Company is an Illinois corporation with its principal place of business in Rosemont, Illinois; and is thus a citizen of a state other than Louisiana. *See* Exhibit "6," Louisiana Department of Insurance details for Evanston Insurance Company.

3) Gotham Insurance Company is a New York corporation with its principal place of business in Morristown, New Jersey; and is thus a citizen of a state other than Louisiana. *See* Exhibit "7," Louisiana Department of Insurance details for Gotham Insurance Company.

4) HDI Global Specialty SE is incorporated under the laws of Germany with its principal place of business in Germany; and is thus a citizen of a state other than Louisiana. *See* Exhibit "8," Louisiana Department of Insurance details for HDI Global Specialty SE.[1]

5) Lexington Insurance Company is a Delaware corporation with its principal place of business in Boston, Massachusetts; and is thus a citizen of a state other than Louisiana. *See* Exhibit "9," Louisiana Department of Insurance details for Lexington Insurance Company.

6) Navigators Specialty Insurance Company is a New York corporation with its principal place of business in Hartford, Connecticut; and is thus a citizen of a state other than Louisiana. *See* Exhibit "10," Louisiana Department of Insurance details for Navigators Specialty Insurance Company.

7) QBE UK Limited is incorporated under the laws of England with its principal place of business in London, England; and is thus a citizen of a state other than Louisiana. *See* Exhibit "11," Louisiana Department of Insurance details for QBE UK Limited.

8) Renaissance Re Syndicate 1458 is and remains a citizen of a foreign state. Specifically, Renaissance Re Syndicate 1458 consists of a single name, RenaissanceRe Holdings Ltd.

---

[1] Exhibit 8 is included to evidence that HDI Global Specialty SE is not a Louisiana insurer or citizen per the Louisiana Department of Insurance.

PD.60871890.1

RenaissanceRe Holdings Ltd. is organized under the laws of Bermuda with its principal place of business in Bermuda. Thus, Renaissance Re Syndicate 1458 assumes foreign citizenship for diversity jurisdiction purposes. *Berik Stiftung v. Plains Mktg., L.P.,* 603 F.3d 295, 299 (5th Cir. 2010) (addressing the citizenship of foreign juridical entities and explaining that if the foreign party is a "juridical entity under the laws" of a foreign state, then it is a "foreign citizen for purposes of diversity jurisdiction.") and *Green Coast Enterprises, LLC v. Certain Underwriters at Lloyd's*, 2022 WL 2208206, at *4 (E.D. La. June 21, 2022) ("Proceeding with the Fifth Circuit's guidance in *Berik Stiftung* in mind, the Court determines that a United Kingdom limited company is a juridical person and a foreign citizen for purposes of diversity jurisdiction.").

9) Scottsdale Insurance Company is an Ohio Corporation with its principal place of business in Scottsdale, Arizona; and is thus a citizen of a state other than Louisiana. *See* Exhibit "12," Louisiana Department of Insurance details for Scottsdale Insurance Company.

10) WR Berkley Syndicate 1967 is and remains a citizen of a foreign state. Specifically, W.R. Berkley Syndicate 1967 consists of a single name, WRBC Corporate Member Limited. WRBC Corporate Member Limited is organized under the laws of the United Kingdom with its principal place of business in England and Wales. Thus, W.R. Berkley Syndicate 1967 assumes foreign citizenship for diversity jurisdiction purposes. *See Berik Stiftung,* 603 F.3d at 299 and *Green Coast Enterprises, LLC*, 2022 WL 2208206, at *4.

11) The Princeton Excess and Surplus Lines Insurance Company is a Delaware corporation with its principal place of business in Princeton, New Jersey; and thus is a citizen of a state other than Louisiana. *See* Exhibit "13," Louisiana Department of Insurance details for The Princeton Excess and Surplus Lines Insurance Company.

**7.**

Furthermore, the Insurers are not Louisiana citizens under 28 U.S.C. § 1332(c)(1)(A)'s "direct action" rule. Plaintiff has not asserted a "direct action" as that term is defined in 28 U.S.C. § 1332(c)(1). "A direct action, for purposes of 28 U.S.C. 1332(c)(1), is one in which the victim or injured party is permitted to sue the tortfeasor's insurance carrier directly for the insured's tortious conduct without first obtaining a judgment against the tortfeasor." *Grefer v. Scottsdale Ins. Co.*, 207 F. Supp. 2d 546, 548 (E.D. La. 2001). "[A]ctions for breach of contract are not considered direct actions." *Id.* at 549. "Furthermore, claims alleging an insurer's breach of good faith and fair dealing have been found not to constitute direct actions." *Id.* Because Plaintiff has not filed a "direct action" suit, the Insurers will not be treated as a "direct action" Louisiana citizens under 28 U.S.C. § 1332(c)(1)(A).

**8.**

As shown, complete diversity of citizenship exists between Plaintiff and the Insurers.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS**

**9.**

Plaintiff allegedly owns the Property located at 400 W. St. Francis Street, Brusly, Louisiana 70719 (the "Property"). *See* Exhibit 1, *Petition* at ¶ 7.

**10.**

The Insurers issued to Plaintiff an insurance policy bearing Policy No. JEM-23-PP-1131 (the "Policy"), which provides certain insurance coverage for loss of or damage to the Property, subject to the Policy's terms, conditions, limitations, and exclusions. *See* Exhibit "14," the Policy and Exhibit 1, *Petition* at ¶ 7.

**11.**

The Insurers' obligations under the Policy are several or separately liable - not joint - and are limited solely to the extent of their individual subscriptions. *See* Exhibit 14, the Policy at Contract Allocation Endorsement (JEM-CPC-09 (2018)). The Insurers are only responsible for their individual and separate share of the risk. *See id.* The Insurers subscribe to the Policy in the following shares:

| Policy No. | Insurer | Share |
|---|---|---|
| JEMASIC0002131-00 | Aspen Specialty Insurance Company | 7.500% |
| EJM0004675-23 | Evanston Insurance Company | 3.750% |
| PR2023JEM02093 | Gotham Insurance Company | 3.750% |
| 20016574112-23 | HDI Global Specialty SE | 15.000% |
| 019489557 | Lexington Insurance Company | 15.000% |
| IS23HABJEM3623 | Navigators Specialty Ins. Co. | 7.500% |
| 0625380739-22 | QBE UK Ltd. | 3.750% |
| 23016310214-23 | Renaissance Re Syndicate 1458 | 7.500% |
| RYS0017547 | Scottsdale Insurance Company | 7.500% |
| TJ186A230232-23 | WR Berkley Syndicate 1967 | 3.750% |
| 9BA3PP0000676-00 | PESLIC (Munich Re) | 25.000% |

**12.**

The amount in controversy threshold must be met as to a plaintiff's claims against each defendant, not their aggregate. *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961). Claims by a single plaintiff against multiple defendants can be aggregated only if the defendants are jointly liable to the plaintiff. "If the defendants are severally or separately liable,

the plaintiff must satisfy the amount in controversy requirement against each individual defendant." *Costello v. Capital One NA*, 2008 WL 1766983, at *2 (W.D. La. Mar. 4, 2008). Accordingly, the amount in controversy must be established as to each individual Insurer based on their share of the risk.

**13.**

Plaintiff claims that a June 20, 2023 wind and hail storm caused damage to the Property. *See* Exhibit 1, *Petition* at ¶ 10.

**14.**

On May 13, 2025, Plaintiff filed its *Petition for Damages* against the Insurers seeking sums owed under the Policy and extra-contractual penalties and attorney's fees under La. R.S. 22:1892 and 22:1973. *See* Exhibit 1, *Petition* at ¶ 27.

**15.**

The *Petition* only specifically identified $4,918.40 in loss to the Property, which included $1,818.40 for replacement of acoustic ceiling tiles, $1,000 for labor for installation of the ceiling tiles, and $2,100 for temporary repairs to the roof. *See* Exhibit 1, at *Petition* at ¶¶ 17.B. & 17.P.

**16.**

When a complaint does not identify a specific amount of damages, the removing party can establish the requisite jurisdictional amount in controversy by setting forth the facts in controversy that support a finding of the requisite amount. *See, Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999).

**17.**

In addition to the $4,918.49 identified in the *Petition*, Plaintiff had previously provided a $1,012,389.55 RCV repair estimate prepared by Plaintiff's public adjuster Premier Claims. *See*

Exhibit "15," Premier Claims Estimate. Despite claims of interior damage in the *Petition*, the Premier Claims estimate only included repairs to the Property's exterior and roof, *i.e.* it does not include any proposed repairs to Plaintiff's alleged interior damage. *See id.*

**18.**

Based on the *Petition* and other available information, Plaintiff's loss totaled $1,017,308.04 ($4,918.49 identified in *Petition* plus $1,012,389.55 RCV Premier Claims estimate). Accordingly, Plaintiff was claiming $760,846.79 under the Policy ($1,017,308.04 less $256,461.25 (5%) Windstorm or Hail Deductible).

**19.**

In addition to the contractual claims under the Policy, Plaintiff also asserted claims for penalties under La. R.S. 22:1892 and attorney's fees. Thus, Plaintiff placed a total $1,517,889.35 in damages in controversy ($760,846.79 contractual claim, $380,423.40 50% penalty, and $376,619.16 attorney's fees (33%)) on the date the *Petition* was filed.

**20.**

Several of the Insurers (Evanston Insurance Company, Gotham Insurance Company, QBE UK Limited, and W.R. Berkley Syndicate 1967) only subscribe to a 3.75% share of the Policy. *See* Exhibit 14, the Policy. At the time the *Petition* was filed, the amount in controversy as to these Insurers was only $56,920.85 (.0375 x $1,517,889.35). Therefore, the jurisdictional minimum ($75,000) amount in controversy could not be satisfied as to all defendants as required for removal at the time the *Petition* was filed.

**21.**

No additional information regarding Plaintiff's alleged damage was received by the Insurers between the date the *Petition* was filed, May 13, 2025, and October 16, 2025.

**22.**

On October 16, 2025, Plaintiff, through counsel, provided additional invoices for temporary repairs at the Property totaling $52,313.68. *See* Exhibit "16," Temporary Repair Invoices.

**23.**

Based on the new invoices provided on October 16, 2025, Plaintiff's contractual claim increased to $813,178.47 under the Policy ($1,017,308.04 plus $52,313.68 temporary repair invoices less $256,461.25 (5%) Windstorm or Hail Deductible).

**24.**

Accounting for Plaintiff's claims for bad faith penalties and attorney's fees under La. R.S. 22:1892, the total amount in controversy was $1,622,291.05 ($813,178.47 contractual claim, $406,589.24 50% penalty, and $402,523.34 attorney's fees (33%)) on October 16, 2025.

**25.**

However, the amount in controversy as to the Insurers that subscribe to 3.75% of the Policy was only $60,835.91 (.0375 x $1,622,291.05). Therefore, the jurisdictional minimum ($75,000) amount in controversy could not be satisfied as to all defendants as required for removal at the time the *Petition* was filed.

**26.**

No additional information regarding Plaintiff's alleged damages was received by the Insurers between October 16, 2025 and February 18, 2026.

**27.**

On February 19, 2026, Plaintiff provided its responses to the Insurers' *Requests for Admission*. *See* Exhibit "17," *Responses to Requests for Admission*. Therein, Plaintiff denied that the interior damage to the Property did not exceed $200,000 thereby placing $200,000 in interior damages in controversy in this matter. *See id.*

**28.**

On February 22, 2026, Plaintiff provided its responses to the Insurers' *Requests for Production* and corresponding document production. *See* Exhibit "18," *Responses to Requests for Production*. Plaintiff's document production included additional invoices for temporary repairs to the Property for $34,904.96 for the first time. *See* Exhibit "19," Document Production.

**29.**

Based on the discovery responses, Plaintiff's contractual claim under the Policy increased $234,904.96 to $1,048,083.43 ($1,017,308.04 Premier Claims estimate plus $52,313.68 temporary repair invoices (received October 16, 2025) plus $200,000 interior damage (per responses to the *Requests for Admission*) plus $34,904.96 temporary repair invoices (received February 22, 2026) less $256,461.25 (5%) Windstorm or Hail Deductible).

**30.**

Accounting for Plaintiff's claims for bad faith penalties and attorney's fees under La. R.S. 22:1892, the total amount in controversy is now $2,090,926.45 ($1,048,083.43 contractual claim, $524,041.72 50% penalty, and $518,801.30 attorney's fees (33%)).

**31.**

The amount in controversy as to the Insurers that subscribe to 3.75% of the Policy is now $78,409.74 (.0375 x $2,090,926.43), which exceeds the jurisdictional $75,000 minimum.

**32.**

Thus, based on the February 19 and 22, 2026 discovery responses provided by Plaintiff, the amount in controversy exceeds $75,000 as to each of the Insurers for the first time.

**REMOVAL IS PROPER**

**33.**

The amount in controversy exceeds the requisite jurisdictional amount of $75,000 as to each Defendant.

**34.**

This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and is one which is removable to this Court pursuant to 28 U.S.C. § 1441(a), in that this action is between citizens of different states. Therefore, pursuant to 28 U.S.C. § 1441, this case may be removed from the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana.

**35.**

A copy of this Notice of Removal has been filed this day with the Clerk of Court for the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, as provided by law, and is being served upon all counsel of record. A copy of the State Court Notice of Removal to the Clerk of Court for the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, is attached hereto as Exhibit "20."

**REMOVAL IS TIMELY**

**36.**

Pursuant to 28 U.S.C. § 1446(b)(3): ". . . if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant,

through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

**37.**

Plaintiff filed the *Petition* on May 13, 2025. *See* Exhibit 1, *Petition*. At the time the *Petition* was filed (and as detailed above), the total amount in controversy was $1,517,889.35 but the amount in controversy as to the Insurers that subscribe to a 3.75% share of the Policy (Evanston Insurance Company, Gotham Insurance Company, QBE UK Limited, and W.R. Berkley Syndicate 1967) was only $56,920.85 and did not meet the jurisdictional minimum. Accordingly, the Insurers could not remove the case to federal court at the time the *Petition* was filed.

**38.**

No additional information regarding Plaintiff's alleged damage was received by the Insurers between the date the *Petition* was filed, May 13, 2025, and October 16, 2025.

**39.**

On October 16, 2025, Plaintiff provided additional invoices for temporary repairs at the Property totaling $52,313.68. Based on the new invoices provided on October 16, 2025 (and further detailed above), the total amount in controversy was $1,622,291.05 but the amount in controversy as to the Insurers that subscribe to a 3.75% share of the Policy was only $60,835.91 and did not meet the jurisdictional minimum. Accordingly, the Insurers could not remove the case to federal court based on the additional documents received on October 16, 2025.

**40.**

No additional information regarding Plaintiff's alleged damages was received by the Insurers between October 16, 2025 and February 18, 2026.

**41.**

On February 19, 2026, Plaintiff provided its responses to the Insurers' *Requests for Admission*, which placed an additional $200,000 in interior damages in controversy. On February 22, 2026, Plaintiff provided its responses to the Insurers' *Requests for Production*, which included additional invoices for temporary repairs to the Property for $34,904.96 for the first time. Based on the discovery responses, the total amount in controversy is now $2,090,926.45. Importantly, based on the information obtained on February 19 and 22, 2026, the amount in controversy as to the Insurers that subscribe to 3.75% of the Policy was $78,409.74, which exceeds the jurisdictional $75,000 minimum.

**42.**

Receipt of Plaintiff's responses to the Insurers' *Requests for Admission* on February 19, 2026 and the Insurers' *Requests for Production* on February 22, 2026 was the first time the Insurers had information establishing the amount in controversy exceeded the jurisdictional amount as to each Insurer for diversity of citizenship jurisdiction.

**43.**

Removal is timely under 28 U.S.C. § 1446(b)(3) because this *Notice of Removal* was filed within 30 days after receipt by the Insurers, through service or otherwise, of a copy of an amended pleading, motion, order or other paper (the February 19 and 22, 2026 responses to the Insurers' *Requests for Admission* and *Requests for Production)* from which it was first ascertained that the case is one which is or has become removable.

**44.**

Additionally, this *Notice of Removal* is filed within 1 year after the commencement of the action on May 13, 2025. 28 U.S.C. § 1446(c); *see also,* Exhibit 1, *Petition.*

- 15 -

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, the Insurers pray that this *Notice of Removal* be deemed good and sufficient as required by law, that the captioned matter be removed from the 18th Judicial District Court for the Parish of West Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, and that this Court have and assume full and complete jurisdiction thereof, issuing all necessary orders and granting all general and equitable relief to which the Insurers are entitled, and that all further proceedings the state court be discontinued.

*Signatures On Following Page*

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY:   */s/ Ryan P. Telep*
      Pablo Gonzalez (Bar No. 29215)
      Ryan P. Telep (Bar No. 37892)
      Canal Place | 365 Canal Street, Suite 2000
      New Orleans, Louisiana 70130-6534
      Telephone: 504-566-1311
      Facsimile:  504-568-9130
      Email: pablo.gonzalez@phelps.com
             ryan.telep@phelps.com

AND

James Walter Green (Bar No. 27812)
Michael B. Victorian (Bar No. 36065)
II City Plaza | 400 Convention St., Ste. 1100
Baton Rouge, Louisiana 70802
Telephone: 225 346 0285
Facsimile: 225 381 9197
Email: walt.green@phelps.com
       michael.victorian@phelps.com

**ATTORNEYS FOR DEFENDANTS,**
**THE PRINCETON EXCESS AND SURPLUS**
**LINES INSURANCE COMPANY,**
**LEXINGTON INSURANCE COMPANY, HDI**
**GLOBAL SPECIALTY SE, RENAISSANCE**
**RE SYNDICATE 1458, WR BERKLEY**
**SYNDICATE 1967, NAVIGATORS**
**SPECIALTY INSURANCE COMPANY,**
**EVANSTON INSURANCE COMPANY,**
**SCOTTSDALE INSURANCE COMPANY,**
**ASPEN SPECIALTY INSURANCE**
**COMPANY, GOTHAM INSURANCE**
**COMPANY, AND QBE UK LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of March, 2026, I have served a copy of the foregoing *Notice of Removal* on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first-class postage prepaid.

    */s/ Ryan P. Telep*
    Ryan P. Telep (Bar No. 37892)