West Baton Rouge Parish     C-1050171
Filed May 13, 2025 3:25 PM     A
Andrea Hebert
Deputy Clerk of Court
E-File Received May 13, 2025 2:34 PM

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NUMBER:                                        DIVISION:

THE OAKS OF BRUSLY, LLC

vs.

PRINCETON EXCESS AND SURPLUS INSURANCE CO.; LEXINGTON INSURANCE CO.; HDI GLOBAL SPECIALTY SE; RENAISSANCERE SYNDICATE 1458; WR BERKLEY SYNDICATE 1967; NAVIGATORS SPECIALTY INSURANCE CO.; EVANSTON INSURANCE CO.; SCOTTSDALE INSURANCE CO.; ASPEN SPECIALTY INSURANCE CO.; GOTHAM INSURANCE CO.; QBE UK LTD.; and JEM UNDERWRITING MANAGERS, LLC

_____

PETITION FOR DAMAGES
_____

NOW INTO COURT, through undersigned counsel, comes plaintiff, **The Oaks of Brusly, LLC** ("**Plaintiff**" or "**Oaks of Brusly**") a Louisiana limited liability company registered with the State of Louisiana and located in West Baton Rouge Parish, State of Louisiana, and respectfully represents:

1. Venue in this action is proper in the 18th Judicial Court for the Parish of West Baton Rouge under Louisiana Code of Civil Procedure Articles 74 and 76 because the acts or omissions giving rise to this action occurred in the West Baton Rouge Parish, Louisiana. All the damages incurred herein and all damages proximately caused by the acts, omissions, negligence, and/or fault of Defendant occurred in West Baton Rouge Parish.

2. Made Defendants herein are:

   A. **PRINCETON EXCESS AND SURPLUS INSURANCE CO.**, ("**Princeton**", or collectively with the other defendants as "**Defendants**")**,** a foreign insurance company licensed to do, and doing business in West Baton Rouge Parish, State of Louisiana. At all pertinent times herein, Princetown provided windstorm and hail coverage to Oaks of Brusly for the property located at 400 West Saint Francis Street, Brusly, Louisiana 70719 ("**Insured Property**"). According to the Participating Schedule of Policy No. JEM-23-PP-1131 ("**Insurance Policy**"), Princeton was responsible for insuring twenty-five percent (25%) of the insured risk, and, upon information and belief, was the lead syndicate responsible for making the decision to deny insurance benefits to first-party insured Oaks of

1

Brusly.

B. **LEXINGTON INSURANCE CO.**, ("**Lexington**", or collectively with the other defendants as "Defendants")**,** a foreign insurance company licensed to do, and doing business in West Baton Rouge Parish, State of Louisiana. At all pertinent times herein, Lexington provided windstorm and hail coverage to Oaks of Brusly for the Insured Property. According to the Participating Schedule of the Insurance Policy, Lexington was responsible for insuring twenty percent (20%) of the insured risk, and, upon information and belief, was the co-lead syndicate responsible for making the decision to deny insurance benefits to first-party insured Oaks of Brusly.

C. **HDI SPECIALTY**, ("**HDI**", or collectively with the other defendants as "Defendants")**,** a foreign insurance company licensed to do, and doing business in West Baton Rouge Parish, State of Louisiana. At all pertinent times herein, HDI provided windstorm and hail coverage to Oaks of Brusly for the Insured Property. According to the Participating Schedule of the Insurance Policy, HDI was responsible for insuring twenty percent (20%) of the insured risk, and, upon information and belief, was the co-lead syndicate responsible for making the decision to deny insurance benefits to first-party insured Oaks of Brusly.

D. **RENAISSANCE RE SYNDICATE 1458**, ("**Syndicate 1458**", or collectively with the other defendants as "Defendants"), a foreign insurance company licensed to do, and doing business in West Baton Rouge Parish, State of Louisiana. At all pertinent times herein, Syndicate 1458 provided windstorm and hail coverage to Oaks of Brusly for the Insured Property. According to the Insurance Policy, Syndicate 1458 was responsible for insuring ten percent (10%) of the insured risk, and, upon information and belief, was a following syndicate responsible for making the decision to deny insurance benefits to first-party insured Oaks of Brusly.

E. **WR BERKLEY SYNDICATE 1967**, ("**Syndicate 1967**", or collectively with the other defendants as "Defendants")**,** a foreign insurance company licensed to do, and doing business in West Baton Rouge Parish, State of Louisiana. At all pertinent times herein, Syndicate 1967 provided windstorm and hail coverage to

Oaks of Brusly for the Insured Property.  According to the Participating Schedule of the Insurance Policy, Syndicate 1967 was responsible for insuring five percent (5%) of the insured risk, and, upon information and belief, was a following syndicate responsible for making the decision to deny insurance benefits to first-party insured Oaks of Brusly.

F.  **NAVIGATORS SPECIALTY INSURANCE CO.**, ("**Navigators**", or collectively with the other defendants as "Defendants")**,** a foreign insurance company licensed to do, and doing business in West Baton Rouge Parish, State of Louisiana.  At all pertinent times herein, Navigators provided windstorm and hail coverage to Oaks of Brusly for the property located at the Insured Property.  According to the Participating Schedule of the Insurance Policy, Navigators was responsible for insuring ten percent (10%) of the insured risk, and, upon information and belief, was a following syndicate responsible for making the decision to deny insurance benefits to first-party insured Oaks of Brusly.

G.  **EVANSTON INSURANCE CO.**, ("**Evanston**", or collectively with the other defendants as "Defendants")**,** a foreign insurance company licensed to do, and doing business in West Baton Rouge Parish, State of Louisiana.  At all pertinent times herein, Evanston provided windstorm and hail coverage to Oaks of Brusly for the Insured Property.  According to the Participating Schedule of the Insurance Policy, Evanston was responsible for insuring five percent (5%) of the insured risk, and, upon information and belief, was a following syndicate responsible for making the decision to deny insurance benefits to first-party insured Oaks of Brusly.

H.  **SCOTTSDALE INSURANCE COMPANY** ("**Scottsdale**", or collectively with the other defendants as "Defendants")**,** a foreign insurance company licensed to do, and doing business in West Baton Rouge Parish, State of Louisiana.  At all pertinent times herein, Scottsdale provided windstorm and hail coverage to Oaks of Brusly for the Insured Property.  According to the Participating Schedule of the Insurance Policy, Scottsdale was responsible for insuring ten percent (10%) of the insured risk, and, upon information and belief, was a following syndicate

responsible for making the decision to deny insurance benefits to first-party insured Oaks of Brusly.

I.  **ASPEN SPECIALTY INSURANCE CO.,** ("**Aspen**", or collectively with the other defendants as "Defendants")**,** a foreign insurance company licensed to do, and doing business in West Baton Rouge Parish, State of Louisiana.  At all pertinent times herein, Aspen provided windstorm and hail coverage to Oaks of Brusly for the Insured Property.  According to the Participating Schedule of the Insurance Policy, Aspen was responsible for insuring ten percent (10%) of the insured risk, and, upon information and belief, was a following syndicate responsible for making the decision to deny insurance benefits to first-party insured Oaks of Brusly.

J.  **GOTHAM INSURANCE CO.,** ("**Gotham**", or collectively with the other defendants as "Defendants")**,** a foreign insurance company licensed to do, and doing business in West Baton Rouge Parish, State of Louisiana.  At all pertinent times herein, Gotham provided windstorm and hail coverage to Oaks of Brusly for the Insured Property.  According to the Participating Schedule of the Insurance Policy, Gotham was responsible for insuring five percent (5%) of the insured risk, and, upon information and belief, was a following syndicate responsible for making the decision to deny insurance benefits to first-party insured Oaks of Brusly.

K.  **QBE UK LTD.,** ("**QBE**", or collectively with the other defendants as "Defendants")**,** a foreign insurance company licensed to do, and doing business in West Baton Rouge Parish, State of Louisiana.  At all pertinent times herein, QBE provided windstorm and hail coverage to Oaks of Brusly for the Insured Property.  According to the Participating Schedule of the Insurance Policy, QBE was responsible for insuring five percent (5%) of the insured risk, and, upon information and belief, was a following syndicate responsible for making the decision to deny insurance benefits to first-party insured Oaks of Brusly.

L.  **JEM UNDERWRITING MANAGERS, LLC,** ("**JEM**", or collectively with the other defendants as "Defendants")**,** a foreign insurance company licensed to do, and doing business in West Baton Rouge Parish, State of Louisiana.  At all pertinent times herein, JEM underwrote the windstorm and hail insurance coverage to Oaks

of Brusly for the Insured Property. According to the Participating Schedule of the Insurance Policy, JEM did not directly share in the insured risk, however, upon information and belief, JEM connected its co-defendants and helped them make the decision to deny insurance benefits to first-party insured Oaks of Brusly.

3. This Court has personal jurisdiction over the parties and subject matter jurisdiction to hear the actions presented in this suit pursuant to the Louisiana Code of Civil Procedure. Moreover, upon information and belief, Defendants cannot establish diversity jurisdiction to remove this action to the United States District Court for the Middle District of Louisiana.

4. Defendants are jointly, severally, and *in solido* liable to Oaks of Brusly on account of the following:

### JUNE 20, 2023 WIND/HAIL INSURANCE CLAIM

5. Oaks of Brusly hereby incorporates paragraphs 1 through 4 above by reference as if fully set forth herein.

6. On or about March 15, 2023, Oaks of Brusly became an insured policy holder under a certain policy of windstorm insurance issued and/or underwritten by Defendants.

7. Oaks of Brusly further alleges that, under the terms and provisions of the said insurance policy, further identified as Policy No. JEM-23-PP-1131 ("**Insurance Policy**"), Oaks of Brusly became entitled to coverage against certain perils associated with storms, including but not limited to windstorm and hail, in the event that the buildings, structures, and contents owned by the Oaks of Brusly, located at 400 West Saint Francis Street, Brusly, Louisiana 70719 ("**Insured Property**"), should become damaged or rendered a total loss as a result of impact or injury suffered as a result of such insured perils.

8. Oaks of Brusly further alleges that, at all times relative to this complaint, the Insurance Policy was in full force and effect, the annual premium having been paid in full.

9. Under the terms and provisions of the Insurance Policy, the maximum benefit payable in the event of an insured loss under the subject policy was $5,624,360.

10. On June 20, 2023, a severe wind and hailstorm event affected the Brusly, Louisiana area where the Insured Property is located. The weather event brought with it damaging winds and a hailstorm creating 1.75" to 2.75" hail for a sustained period of approximately

10 - 12 minutes. The local atmosphere around Brusly became extremely unstable (i.e., >3500 J/kg of CAPE) that afternoon just prior to the rapid development of the Brusly severe hail storm along the Pointe Coupee-West Baton Rouge Parish border around 4:30 PM. A model sounding, a modified model sounding, and the SPC Mesoanalysis plot indicated a maximum CAPE value somewhere between 4000-4300 J/kg. The developing updraft of the Brusly hailstorm responded to the extreme thermodynamic instability by explosively developing (i.e., growing from a 20,000 ft tall rainshower at 4:44 PM to a 62,000 tall severe thunderstorm by 5:08 PM in 24 minutes). Both radar reflectivity cross sections and vertical isosurfaces clearly document: (1) the vertical extent of the 60 dBZ (and greater) updraft core being well into the optimal HGZ and (2) its collapse over Brusly. The hailstones that fell over the Insured Property on that afternoon both grew quickly in diameter and subsequently fell quickly before significant melting could occur, or else, such large hail would not have been observed by eyewitnesses.

11. The wind and hail impacts created multiple seam failures in the metal roof covering and flashing along with additional damages to the windows, EIFS exterior, which have allowed for water intrusion into the interior units of the buildings causing interior damage. The buildings, structures, and contents were substantially damaged as a result of the wind and hail storm, which tore through the Insured Property.

12. Following the wind event and hailstorm, Oaks of Brusly began to receive complaints from multiple tenants describing water leaks into their units. As such, Oaks of Brusly provided timely notice of their loss to Defendants, which have, contrary to the terms of the Insurance Policy, refused to pay for all wind and/or hail related damages, which are within the limits of the available coverage.

13. On or about March 20, 2024, Oaks of Brusly, through property damage loss consultant, Premier Claims, LLC ("**Premier**"), inspected the property and documented $1,012,389.55 in property damage to the Insured Property. On that same date, a field adjuster with Peninsula Insurance Bureau ("**PIB**") on behalf of Defendants inspected the Insured Property; however, a written report of the adjuster's findings has never been provided to Oaks of Brusly or its representative(s).

14. Immediately following the property inspection by their field adjuster, PIB retained Keystone Experts and Engineers, LLC ("**Keystone**") to determine whether the damages

to the Insured Property were caused by hail. On April 9, 2024, Erik Moore, P.E. of Keystone inspected the Insured Property. On or about April 22, 2024, Mr. Moore produced a report of findings acknowledging visible evidence of hail damage to the roof covering system; however, Mr. Moore concluded that there was no damage to the roof covering system from the June 20, 2023 hail impacts. Additionally, Mr. Moore concluded that there were no areas of interior rainwater intrusion even though "the interiors of the building were not reviewed during the site visit."

15. On June 5, 2024, PIB sent a blanket denial letter to Oaks of Brusly advising that no payments would be made to Oaks of Brusly. The denial cited a conclusion from the Keystone report, which states: "[t]he 'Insurers' will be unable to indemnify the Oaks since the amount of the covered damage is less than the Named Storm deductible." Even though PIB has relayed the reasons that they refuse to pay the claim, PIB has still not provided any information as to which damaged items are covered and the estimated value of same, regardless of whether they feel those amounts are below the deductible(s) or not.

16. On October 16, 2024, Oaks of Brusly retained Gurtler Bros. Consultants, Inc. ("**Gurtler**") to perform an on-site inspection of the Insured Property. The on-site inspection was subsequently followed by a drone inspection on October 29, 2024. Gurtler found significant damage to the Insured Property caused by the June 20, 2023 hail and windstorm, including the following:

    A. The interlocking seam metal roof materials are crimped and bent (failed) at most locations where the roofing materials are anchored to the building frame. Once the metal has failed to this degree, the roof may no longer be rated to withstand the same winds that it was originally installed to withstand. There is no way to repair the damages to the roof without replacing the roof.

    B. Joints in the roofing material used on the insides of the parapet walls are dented and distorted.

    C. Numerous screws that secure the parapet caps and metal flashings are pulled out of position and the rubber gaskets are damaged. The cap flashing is visibly distorted.

D. Sealants used on the roofing materials are damaged by wind forces.

E. The parapet caps are impact dented by hail, causing microfractures to the coating on the parapet caps. Once the coating is damaged, there is no acceptable means of restoring the coating and the caps will rust.

F. Fins on numerous condensing units and other soft metals, such as the covers on the exhaust vents, are impact damaged by hail.

G. There are numerous condensing units with hail impact damaged fins.

H. Some sections of the metal roof are pulled upward and the anchors from the roofing materials to the building frame have failed. These sheets are subject to significant uplift and resulting damage at the next severe wind event.

I. There is a seam running parallel to the street near the center of the roof. The seam must have previously leaked and had been repaired with tape and sealant materials. Wind forces caused this repair to fail, allowing water intrusion.

J. The cap flashings over the synthetic stucco parapet walls are uplifted and damaged.

K. The weather stripping on the front window walls is damaged by wind forces, causing leakage as reported by the employees of some of the tenant spaces we accessed.

L. There are awnings installed across the front of the building. Some of the awnings have impact damages and holes while the frame of at least one awning is pulled away from the wall, allowing rainwater intrusion into the front wall of the building.

**<u>Tenant Complaints of Water Intrusion After June 20, 2023</u>**

17. Following the June 20, 2023 hail and windstorm, multiple tenants submitted written complaints of water intrusion and leaking to Oaks of Brusly. A non-exclusive, chronological list of the received complaints include the following:

A. On August 11, 2023, Oaks of Brusly tenant Family Dollar reported "water dripping from ceiling" at the rear right side of the store. Notice of this tenant complaint was provided to Defendants by electronic mail to Todd Moore at Peninsula

Insurance Bureau, which was received and downloaded on February 11, 2025, and through USPS Certified/Return Receipt Mail No. 9589 0710 5270 1215 6647 56, which was received on February 6, 2025.

B. On September 15, 2023, Oaks of Brusly tenant Rio Cantina provided Oaks of Brusly with invoices for replacement of acoustic ceiling tiles and labor for installation of same totaling $1,818.40 and $1,000.00, respectively. Oaks of Brusly subsequently allowed Rio Cantina to deduct that figure from its upcoming rental payment. Notice of this tenant complaint was provided to Defendants by electronic mail to Todd Moore at Peninsula Insurance Bureau, which was received and downloaded on February 11, 2025, and through USPS Certified/Return Receipt Mail No. 9589 0710 5270 1215 6647 56, which was received on February 6, 2025.

C. On December 1, 2023, Oaks of Brusly tenant GoAuto Insurance reported water leaking in multiple areas of its unit. Notice of this tenant complaint was provided to Defendants by electronic mail to Todd Moore at Peninsula Insurance Bureau, which was received and downloaded on February 11, 2025, and through USPS Certified/Return Receipt Mail No. 9589 0710 5270 1215 6647 56, which was received on February 6, 2025.

D. On January 7, 2024, Family Dollar reported an additional leak causing the ceiling tiles on "Aisle 36" to appear "ready to collapse" due to excessive water intrusion. Notice of this tenant complaint was provided to Defendants by electronic mail to Todd Moore at Peninsula Insurance Bureau, which was received and downloaded on February 11, 2025, and through USPS Certified/Return Receipt Mail No. 9589 0710 5270 1215 6647 56, which was received on February 6, 2025.

E. On February 3, 2024, Rio Cantina notified Oaks of Brusly of water intrusion through the acoustic ceiling tile(s) in the dining room, ladies' restroom, and kitchen. Notice of this tenant complaint was provided to Defendants by electronic mail to Todd Moore at Peninsula Insurance Bureau, which was received and downloaded on February 11, 2025, and through USPS Certified/Return Receipt Mail No. 9589 0710 5270 1215 6647 56, which was received on February 6, 2025.

F. On February 5, 2024, Rio Cantina notified Oaks of Brusly of a leak in the covered patio, which allowed for water intrusion into an electrical panel and destroyed various electronics. Notice of this tenant complaint was provided to Defendants by electronic mail to Todd Moore at Peninsula Insurance Bureau, which was received and downloaded on February 11, 2025, and through USPS Certified/Return Receipt Mail No. 9589 0710 5270 1215 6647 56, which was received on February 6, 2025.

G. On February 9, 2024, Oaks of Brusly tenant Empire MMA contacted Oaks of Brusly regarding multiple areas of water intrusion through the ceiling of its unit. Notice of this tenant complaint was provided to Defendants by electronic mail to Todd Moore at Peninsula Insurance Bureau, which was received and downloaded on February 11, 2025, and through USPS Certified/Return Receipt Mail No. 9589 0710 5270 1215 6647 56, which was received on February 6, 2025.

H. On May 13, 2024, Rio Cantina notified Oaks of Brusly of additional water damage to acoustic ceiling tiles. Notice of this tenant complaint was provided to Defendants by electronic mail to Todd Moore at Peninsula Insurance Bureau, which was received and downloaded on February 11, 2025, and through USPS Certified/Return Receipt Mail No. 9589 0710 5270 1215 6647 56, which was received on February 6, 2025.

I. On May 31, 2024, Family Dollar complained of continued leaks through the ceiling and onto its sales floor when it rains. Notice of this tenant complaint was provided to Defendants by electronic mail to Todd Moore at Peninsula Insurance Bureau, which was received and downloaded on February 11, 2025, and through USPS Certified/Return Receipt Mail No. 9589 0710 5270 1215 6647 56, which was received on February 6, 2025.

J. On July 18, 2024, Rio Cantina complained of water intrusion to Oaks of Brusly. Notice of this tenant complaint was provided to Defendants by electronic mail to Todd Moore at Peninsula Insurance Bureau, which was received and downloaded on February 11, 2025, and through USPS Certified/Return Receipt Mail No. 9589 0710 5270 1215 6647 56, which was received on February 6, 2025.

K.  On July 26, 2024, Empire MMA reported additional leaks through the ceiling and through the front door/windows of its unit. Notice of this tenant complaint was provided to Defendants by electronic mail to Todd Moore at Peninsula Insurance Bureau, which was received and downloaded on February 11, 2025, and through USPS Certified/Return Receipt Mail No. 9589 0710 5270 1215 6647 56, which was received on February 6, 2025.

L.  On September 6, 2024, Rio Cantina complained of water intrusion to Oaks of Brusly. Notice of this tenant complaint was provided to Defendants by electronic mail to Todd Moore at Peninsula Insurance Bureau, which was received and downloaded on February 11, 2025, and through USPS Certified/Return Receipt Mail No. 9589 0710 5270 1215 6647 56, which was received on February 6, 2025.

M.  On September 12, 2024, Oaks of Brusly tenant Republic Finance notified Oaks of Brusly of water damage to ceiling tiles in its unit as well as visible water trapped in a lighting fixture. Notice of this tenant complaint was provided to Defendants by electronic mail to Todd Moore at Peninsula Insurance Bureau, which was received and downloaded on February 11, 2025, and through USPS Certified/Return Receipt Mail No. 9589 0710 5270 1215 6647 56, which was received on February 6, 2025.

N.  On September 17, 2024, Family Dollar reported that several ceiling tiles which were so saturated that they fell onto the floor at the left rear side of the store. Notice of this tenant complaint was provided to Defendants by electronic mail to Todd Moore at Peninsula Insurance Bureau, which was received and downloaded on February 11, 2025, and through USPS Certified/Return Receipt Mail No. 9589 0710 5270 1215 6647 56, which was received on February 6, 2025.

O.  On or about March 19, 2025, GoAuto Insurance contacted Oaks of Brusly and explained that there was either a new leak in the ceiling of its unit and/or the old leak had increased immensely causing more damages to the ceiling and carpets due to the severe water intrusion. As such, the tenant contacted Parish Restoration, LLC ("Parish Restoration") to come and inspect the unit. Parish Restoration subsequently provided GoAuto Insurance with an estimate for $5,498.33 to perform pre-demolition mold remediation services, remove carpet

flooring, remove sections of baseboard/trim molding, and post-demolition mold mitigation services.  The services were performed on or about March 27, 2025.

P.  On or about March 20 2025, in response to GoAuto's service request, Parish Construction and Roofing ("Parish Construction") inspected the roof of the GoAuto unit and provided Oaks of Brusly an estimate for $2,100 to apply brush-grade silicone adhesive to damaged seams of the roof panels as a temporary damage mitigation effort. However, Parish Construction noted that the repair would be temporary and suggested a full roof replacement.  Oaks of Brusly authorized the work on that same day and the repairs were performed shortly thereafter.

Q.  On April 24, 2025, GoAuto informed Oaks of Brusly that the roof repairs had failed and the ceiling of their unit was, once again,  leaking profusely and rainwater was pooling on the floor causing catastrophic damages to the brand new carpet flooring.

R.  On or about April 25, 2025, Oaks of Brusly tenants Baton Rouge Ortho, 1st Heritage Credit, and Empire MMA all reported that their ceilings were leaking and their units were receiving severe water damage from the heavy rains.  They then begrudgingly informed Oaks of Brusly that they all would have to close their businesses down for 1 to 3 days to remove the standing water, clean, and allow their units to air out.

18. Oaks of Brusly provided Defendants with a copy of the report from Gurtler, a property damage repair estimate from Premier Claims, 711 color photographs of damage, and written notice of the tenant complaints by electronic mail to Todd Moore at Peninsula Insurance Bureau, which was received and downloaded on February 11, 2025, and through USPS Certified/Return Receipt Mail No. 9589 0710 5270 1215 6647 56, which was received on February 6, 2025.

19. Defendants were put on notice of the wind and hail damage and the subsequent tenant complaints and have deliberately chosen not to pay Oaks of Brusly for its insured loss, or to make a written offer to settle the claim so that Oaks of Brusly can repair the storm damage to the Insured Property.

20. Within days after the Wind/Hail Storm, Oaks of Brusly registered a claim with Defendants for the wind and hail loss as a result of the damage to its buildings, structures, and contents. There ensued thereafter a period of supposed analysis and adjustment of the wind and hail claims of Oaks of Brusly. Defendants acknowledged their responsibility to pay to Oaks of Brusly a sum of money to compensate it for its losses sustained as a result of wind and hail related damage associated with the storm and which were compensable under the Insurance Policy. Defendants, however, made no payment of the claim.

21. Defendants have acted in bad faith and improperly adjusted the damages to the subject buildings, structures, and contents while simultaneously both under-evaluating the costs to repair the buildings and structures and under-evaluating the effects of the wind and hail on the structures in causing the damages suffered by Oaks of Brusly.

22. An appropriate Proof of Loss was presented to Defendants in accordance with the terms and provisions of the Insurance Policy.

23. Defendants have failed and refused to honor the terms and provisions of the Insurance Policy, despite numerous opportunities, and in doing so, have breached the Insurance Policy.

24. Defendants delayed, denied and refused full payment of the claim within sixty (60) days of receipt of the Proof of Loss, and that delay, denial and refusal was arbitrary, capricious and without probable cause.

25. As a proximate consequence of the above-described breach of contract by Defendants, Oaks of Brusly has suffered damages in that the claims for full, fair, and just compensation to the full extent of its actual losses have not been paid. Instead, Defendants have tendered nothing, and they have failed and refused to make additional payments, even though Oaks of Brusly has afforded Defendants ample opportunity to reassess and reevaluate their position.

26. Defendants deliberate decision not to pay for the hail and windstorm damage to the Insured Property has created unnecessary tension between Oaks of Brusly and its tenants as they experience problems with the roof cover system damaged by the June 20, 2023 hail and windstorm.

27. Defendants have acted in bad faith when they arbitrarily, capriciously and without probable cause refused to pay Oaks of Brusly for the damages to the Insured Property and its contents, and therefore, as a result, Oaks of Brusly is entitled to penalties, damages, and attorneys' fees pursuant to LSA-R.S. 22:1973 and LSA-R.S. 22:1892, et seq. as promulgated by the Louisiana State Legislature.

## COUNT I
## DECLARATORY RELIEF

28. Oaks of Brusly realleges and incorporates herein the allegations set forth in paragraphs 1 through 27 herein.

29. The Insurance Policy insures against direct physical loss of or damage to covered property resulting from wind and hail, unless otherwise excluded. None of the exclusions in the Insurance Policy apply to preclude coverage for the wind and hail damages submitted for coverage under the Insurance Policy.

30. Pursuant to the terms of the Insurance Policy, coverage is provided for the wind and hail damages that are included in the Oaks of Brusly Proof of Loss, however, Defendants have refused to pay Oaks of Brusly for the full amount of wind and hail losses submitted as a part of the Proof of Loss, and, therefore, there presently exists an actual controversy between Oaks of Brusly and Defendants concerning whether the Oaks of Brusly loss is covered to the full extent of the Proof of Loss submitted.

31. Oaks of Brusly seek a declaration that Defendants are obligated to pay Oaks of Brusly's claim loss and damages up to the full extent of the submitted Proof of Loss, less any applicable deductible amount.

## COUNT II
## BREACH OF CONTRACT

32. Plaintiff realleges and incorporates herein the allegations set forth in paragraphs 1 through 31 herein.

33. Pursuant to the terms and conditions of the Insurance Policy, Defendants are obligated to pay Oaks of Brusly for its June 20, 2023 loss up to the full extent of its Proof of Loss for wind and hail-related damages, minus any applicable deductible amount.

34. Oaks of Brusly provided timely notice of its loss to Defendants , which have, contrary to the terms of the policy, refused to pay for all wind and hail-related damages, which are within the limits of the available coverage. As a result of Defendants' breach of the

14

Insurance Policy, Oaks of Brusly has and will incur substantial costs that it would not otherwise have had to incur.

35. By reason of the foregoing, Defendants are liable to Oaks of Brusly for breach of contract and damages, the exact amount to be proven at trial, including, but not limited to, the amount of Oaks of Brusly's loss and damages covered under the Insurance Policy above any applicable deductible, together with attorneys' fees, costs, penalties and disbursements under applicable law that have been incurred to date and which may be incurred by Oaks of Brusly in connection with prosecution of this lawsuit to recover insurance.

**COUNT III**
**BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**

36. Oaks of Brusly realleges and incorporates herein the allegations set forth in paragraphs 1 through 35 herein.

37. In selling the Insurance Policy to Oaks of Brusly and collecting substantial premiums from such coverage, Defendants assumed a duty of good faith and fair dealing towards Oaks of Brusly.  Defendants are required to give the same consideration to Oaks of Brusly's interests as they afford their own interests.  The Insurance Policy includes an implied promise that Defendants would deal fairly and in good faith with Oaks of Brusly and would do nothing to injure, frustrate or interfere with Oaks of Brusly's rights to receive the benefits of the Insurance Policy.

38. Defendants have breached their duty of good faith and fair dealings to Oaks of Brusly as hereinabove set forth in one or more of the following respects by:

   A. unjustified and unreasonable withholding of benefits due under the Insurance Policy.  Defendants do not have a good faith basis to deny coverage for Oaks of Brusly's wind and hail-related damages as set forth in its Proofs of Loss.  As a result of Defendants refusal to pay the Proofs of Loss amounts, Defendants not only are delaying claims adjustment and payment(s) for Oaks of Brusly's damage, but they are also unreasonably compelling it to expend resources in coverage litigation;

B. willfully and in breach of their duty of good faith, interpreting the factual circumstances and claim submission(s) to resolve against Oaks of Brusly and in favor of their own interests;

C. denying Oaks of Brusly's insurance coverage on the basis of the size and kind of claim(s) or other external considerations, rather than on the particular facts of its claim(s);

D. compelling Oaks of Brusly to initiate this case to obtain insurance coverage to which it is entitled and owed under the Insurance Policy.

39. Louisiana's statute on unfair trade practices, LSA-R.S. 22:1973 prohibits unfair claims settlement practices in the business of insurance and provides that "[a]n insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach." LSA-R.S. 22:1973 (A). An insurer's actions in "[m]isrepresenting pertinent facts or insurance policy provisions relating to any coverage at issue," "[f]ailing to pay the amount of any claim due any person insured within sixty days after receipt of a satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause," and "[f]ailing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause," are included in the statutorily defined acts constituting a breach of the duty of good faith and fair dealing. LSA-R.S. 22:1973(B)(1, 5, 6).

40. Defendants' actions, as set forth above, are without any reasonable justification, were undertaken in bad faith, and constitute a breach of their duty of good faith and fair dealing.

41. As a direct and proximate result of Defendants' bad faith acts, Oaks of Brusly has sustained and will sustain actual damages, including, but not limited to, legal fees and costs.

42. Defendants' conduct is willful, intentional and malicious, and demonstrates a gross and reckless disregard for the interests of Oaks of Brusly as Defendants' insured and renders Defendants liable to Oaks of Brusly for exemplary damages.

**WHEREFORE**, the Oaks of Brusly demands judgment against Defendants, Princeton Excess and Surplus Insurance Co., Lexington Insurance Co., HDI Global Specialty SE, Renaissance Syndicate 1458, WR Berkley Syndicate 1967, Navigators Specialty Insurance Co., Evanston Insurance Co., Scottsdale Insurance Co., Aspen Specialty Insurance Co., Gotham Insurance Co., QBE UK Ltd., and JEM Underwriting Managers, LLC as follows:

A. That the Court determine and declare that Defendants must pay Oaks of Brusly for its wind and hail-related damages as set forth in its Proof of Loss, less the applicable deductible(s);

B. That Defendants be held contractually obligated to pay Oaks of Brusly the amount of damages sustained for its wind and hail-related loss above the applicable deductible(s);

C. That Oaks of Brusly has and recovers damages related to Defendants' breaches of the duty of good faith and fair dealing, the exact amount to be proven at trial, including exemplary damages and legal fees and costs and interest; and

D. That Oaks of Brusly has and recovers pre-judgment and post-judgment interest, attorneys' fees, costs, penalties and disbursements incurred in this action under applicable law, together with such other and further relief as the Court may deem just and proper.

May 13, 2025                          Respectfully Submitted,

                                      **THE KRELLER LAW FIRM**

                                      _____
                                      Stephen S. Kreller (Bar No. 28440)
                                      650 Poydras Street, Suite 2828
                                      New Orleans, LA 70130
                                      T: (504) 484-3488
                                      F: (888) 294-6091
                                      E: ssk@krellerlaw.com

                                      AND

                                      _____
                                      Matthew M. McCarthy (Bar No. 36983)
                                      650 Poydras Street, Suite 2828

17

New Orleans, LA 70130
T: (504) 319-8166
E: mattmccarthylaw@gmail.com

*Attorneys for The Oaks of Brusly, LLC.*

**Please Serve Defendants as Follows:**

**Princeton Excess and Surplus Insurance Co.**
Through its Registered Agent for Service of Process:
**Louisiana Secretary of State**
8585 Archives Avenue
Baton Rouge, LA 70809

**Lexington Insurance Co.**
Through its Registered Agent for Service of Process:
**Louisiana Secretary of State**
8585 Archives Avenue
Baton Rouge, LA 70809

**HDI Global Specialty SE**
Through its Registered Agent for Service of Process:
**Louisiana Secretary of State**
8585 Archives Avenue
Baton Rouge, LA 70809

**RenaissanceRe Syndicate 1458**
Through its Designated Agent for Service of Process:
**Lloyd's America, Inc.**
Attention: Legal Department
280 Park Avenue, East Tower, 25th Floor
New York, NY 10017

**WR Berkley Syndicate 1967**
Through its Designated Agent for Service of Process:
**Lloyd's America, Inc.**
Attention: Legal Department
280 Park Avenue, East Tower, 25th Floor
New York, NY 10017

**Navigators Specialty Insurance Co.**
Through its Registered Agent for Service of Process:
**Louisiana Secretary of State**
8585 Archives Avenue
Baton Rouge, LA 70809

**Evanston Insurance Co.**
Through its Registered Agent for Service of Process:
**Louisiana Secretary of State**
8585 Archives Avenue
Baton Rouge, LA 70809

**Scottsdale Insurance Co.**
Through its Registered Agent for Service of Process:
**Louisiana Secretary of State**
8585 Archives Avenue
Baton Rouge, LA 70809

*[Service Instructions Continued on Following Page]*

**Aspen Specialty Insurance Co.**
Through its Registered Agent for Service of Process:
**Louisiana Secretary of State**
8585 Archives Avenue
Baton Rouge, LA 70809

**Gotham Insurance Co.**
Through its Registered Agent for Service of Process:
**Louisiana Secretary of State**
8585 Archives Avenue
Baton Rouge, LA 70809

**QBE UK Ltd.**
Through its Registered Agent for Service of Process:
**Louisiana Secretary of State**
8585 Archives Avenue
Baton Rouge, LA 70809

**JEM Underwriting Managers, LLC**
Through its Registered Agent for Service of Process:
**C T Corporation System**
3867 Plaza Tower Drive
Baton Rouge, LA 70816

$41.52



D2841039

# CITATION

| THE OAKS OF BRUSLY, LLC | 18TH JUDICIAL DISTRICT |
|---|---|
| VS | DOCKET NUMBER: C-1050171 A |
| PRINCETON EXCESS AND SURPLUS INSURANCE CO., ET AL | WEST BATON ROUGE PARISH STATE OF LOUISIANA |

**SERVE:**  ASPEN SPECIALTY INSURANCE CO.
THROUGH LA SECRETARY OF STATE
8585 ARCHIVES AVENUE
BATON ROUGE, LA 70809

*RETURN TO W B R CLERK*

You are named as a defendant in the above captioned matter. Attached to this citation is a:

## Certified Copy of Original Petition

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the 18TH JUDICIAL DISTRICT located at 850 8TH STREET within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.
If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30) days** after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

## THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the Parish of West Baton Rouge on the 15TH DAY OF MAY, 2025.

*Brittany Dickinson*

DEPUTY CLERK OF COURT

*I made service on the named party through the Office of the Secretary of State on*

*MAY 27 2025* AMANDA G. THIES, CLERK OF COURT

REQUESTED BY: KRELLER, STEPHEN S.  *by tendering a copy of this document* DC/WEST BATON ROUGE PARISH

*JULIE NESBITT*  P.O. BOX 107

*DY. B. GARAFOLA #0577* PORT ALLEN, LA 70767

*Deputy Sheriff, Parish of East Baton Rouge, LA*

*RECEIVED AND FILED CLERK OF COURT WEST BATON ROUGE PARISH*

*2025 JUN -3 PM 4:00 CLERK*

---

RECEIVED ON THE _____ DAY OF _____, 20____ AND ON THE _____ DAY OF _____, 20____ SERVED THE ABOVE-NAMED PARTY AS FOLLOWS:

PERSONAL SERVICE: ON _____.

DOMICILIARY SERVICE: ON THE WITHIN NAMED _____, BY LEAVING THE SAME AT HIS DOMICILE IN THIS PARISH IN THE HANDS OF _____, A PERSON OF SUITABLE AGE AND DISCRETION.

DUE AND DILIGENT: AFTER DILIGENT SEARCH AND INQUIRY, WAS UNABLE TO FIND THE WITHIN NAMED _____ OR HIS DOMICILE, OR ANYONE LEGALLY AUTHORIZED TO REPRESENT HIM.

RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

_____
DEPUTY SHERIFF

**RETURN COPY**

RECEIVED DATE

MAY 23 2025

E.B.R. Sheriff Office



D2841005

# CITATION

| | |
|---|---|
| **THE OAKS OF BRUSLY, LLC** | **18TH JUDICIAL DISTRICT** |
| **VS** | **DOCKET NUMBER: C-1050171 A** |
| **PRINCETON EXCESS AND SURPLUS INSURANCE CO., ET AL** | **WEST BATON ROUGE PARISH STATE OF LOUISIANA** |

SERVE:   **EVANSTON INSURANCE CO.**
**THROUGH LA SECRETARY OF STATE**
**8585 ARCHIVES AVE.**
**BATON ROUGE, LA 70809**

*RETURN TO W B R CLERK*

You are named as a defendant in the above captioned matter. Attached to this citation is a:
## Certified Copy of Original Petition

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the 18TH JUDICIAL DISTRICT located at 850 8TH STREET within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

Article 1001 of the Louisiana Code of Civil Procedure states:

A.  A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.
If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.

B.  When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C.  The Court may grant additional time for answering.

Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the Parish of West Baton Rouge on the 15TH DAY OF MAY, 2025.

*I made service on the named party through the Office of the Secretary of State on*   Brittany Dickinson

MAY 27 2025    DEPUTY CLERK OF COURT
AMANDA G. THIES, CLERK OF COURT
*serving a copy of this document* 18TH JDC/WEST BATON ROUGE PARISH
JULIE NESBITT    P.O. BOX 107
DY. B. GARAFOLA #0577   PORT ALLEN, LA 70767
Deputy Sheriff, Parish of East Baton Rouge

REQUESTED BY: KRELLER, STEPHEN

RECEIVED AND FILED
CLERK OF COURT
WEST BATON ROUGE PARISH
25 JUN -3 PM 4:00

---

RECEIVED ON THE _____ DAY OF _____, 20____ AND ON THE _____ DAY OF
_____, 20____ SERVED THE ABOVE-NAMED PARTY AS FOLLOWS:
PERSONAL SERVICE: ON _____.
DOMICILIARY SERVICE: ON THE WITHIN NAMED _____, BY LEAVING THE SAME
AT HIS DOMICILE IN THIS PARISH IN THE HANDS OF _____, A PERSON OF SUITABLE
AGE AND DISCRETION.
DUE AND DILIGENT: AFTER DILIGENT SEARCH AND INQUIRY, WAS UNABLE TO FIND THE WITHIN
NAMED _____ OR HIS DOMICILE, OR ANYONE LEGALLY AUTHORIZED TO
REPRESENT HIM.
RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

DEPUTY SHERIFF _____

**RETURN COPY**

RECEIVED DATE
MAY 2 3 2025

E.B.R. Sheriff Office

*$41.52*

D2841047

# CITATION

| | |
|---|---|
| THE OAKS OF BRUSLY, LLC | **18TH JUDICIAL DISTRICT** |
| | **DOCKET NUMBER: C-1050171 A** |
| **VS** | |
| | **WEST BATON ROUGE PARISH** |
| **PRINCETON EXCESS AND SURPLUS INSURANCE CO., ET AL** | **STATE OF LOUISIANA** |

SERVE:    **GOTHAM INSURANCE CO.**
**THROUGH LA SECRETARY OF STATE**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA 70809**

*RETURN TO W B R CLERK*

You are named as a defendant in the above captioned matter. Attached to this citation is a:

## Certified Copy of Original Petition

You must either comply with the demand contained in the petition and make appearance either by filling an answer or other pleading in the 18TH JUDICIAL DISTRICT located at 850 8TH STREET within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

Article 1001 of the Louisiana Code of Civil Procedure states:
A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.
If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.
B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.
C. The Court may grant additional time for answering.

Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the Parish of West Baton Rouge on the 15TH DAY OF MAY, 2025.

*Brittany Dickinson*

DEPUTY CLERK OF COURT
AMANDA G. THILES, CLERK OF COURT
18TH JDC/WEST BATON ROUGE PARISH
P.O. BOX 107
PORT ALLEN, LA 70767

REQUESTED BY: KRELLER, STEPHEN S.

I made service on the named party through the Louisiana Secretary of State on

MAY 27 2025

by tendering a copy of this document to:
JULIE NESBITT

W. B. GARAFOLA #0577
Deputy Sheriff, Parish of East Baton Rouge, LA

RECEIVED ON THE _____ DAY OF _____, 20____ AND ON THE _____ DAY OF
_____, 20____ SERVED THE ABOVE-NAMED PARTY AS FOLLOWS:
PERSONAL SERVICE: ON _____.
DOMICILIARY SERVICE: ON THE WITHIN NAMED _____, BY LEAVING THE SAME
AT HIS DOMICILE IN THIS PARISH IN THE HANDS OF _____, A PERSON OF SUITABLE
AGE AND DISCRETION.
DUE AND DILIGENT: AFTER DILIGENT SEARCH AND INQUIRY, WAS UNABLE TO FIND THE WITHIN
NAMED _____ OR HIS DOMICILE, OR ANYONE LEGALLY AUTHORIZED TO
REPRESENT HIM.
RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20___

_____
DEPUTY SHERIFF                    **RETURN COPY**

RECEIVED DATE

MAY 23 2025

E.B.R. Sheriff Office

RECEIVED AND FILED
CLERK OF COURT
EAST BATON ROUGE PARISH
2025 JUN 13 PM 4:00



D2840957

# CITATION

| | |
|---|---|
| **THE OAKS OF BRUSLY, LLC** | **18TH JUDICIAL DISTRICT** |
| **VS** | **DOCKET NUMBER: C-1050171 A** |
| **PRINCETON EXCESS AND SURPLUS INSURANCE CO., ET AL** | **WEST BATON ROUGE PARISH STATE OF LOUISIANA** |

**SERVE:**    **HDI GLOBAL SPECIALTY SE**
**THROUGH LA SECRETARY OF STATE**
**8585 ARCHIVES AVE.**
**BATON ROUGE, LA 70809**

You are named as a defendant in the above captioned matter. Attached to this citation is a:

## Certified Copy of Original Petition

You must either comply with the demand contained in the petition or make an appearance either by filling an answer or other pleading in the 18TH JUDICIAL DISTRICT located at 850 8TH STREET within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.
If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the Parish of West Baton Rouge on the 15TH DAY OF MAY, 2025.

*Brittany Dickinson*



I made service on the named party through the Office of the Secretary of state on

MAY 21 2025

by tendering a copy of this document

JULIE NESBITT

DY. B. GARAFOLA #0577
Deputy Sheriff, Parish of East Baton Rouge

DEPUTY CLERK OF COURT
AMANDA G. THIES, CLERK OF COURT
DC/WEST BATON ROUGE PARISH
P.O. BOX 107
PORT ALLEN, LA 70767

**REQUESTED BY: KRELLER, STEPHEN S.**

RECEIVED AND FILED
CLERK OF COURT
WEST BATON ROUGE PARISH
2025 JUN -3 PM 4:00
DEPUTY CLERK

---

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF
_____, 20_____ SERVED THE ABOVE-NAMED PARTY AS FOLLOWS:
PERSONAL SERVICE: ON _____.
DOMICILIARY SERVICE: ON THE WITHIN NAMED _____, BY LEAVING THE SAME
AT HIS DOMICILE IN THIS PARISH IN THE HANDS OF _____, A PERSON OF SUITABLE
AGE AND DISCRETION.
DUE AND DILIGENT: AFTER DILIGENT SEARCH AND INQUIRY, WAS UNABLE TO FIND THE WITHIN
NAMED _____ OR HIS DOMICILE, OR ANYONE LEGALLY AUTHORIZED TO
REPRESENT HIM.
RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

DEPUTY SHERIFF _____

RECEIVED DATE

MAY 23 2025

E.B.R. Sheriff Office

**RETURN COPY**

D2841013

# CITATION

| | |
|---|---|
| **THE OAKS OF BRUSLY, LLC** | **18TH JUDICIAL DISTRICT** |
| **VS** | **DOCKET NUMBER: C-1050171 A** |
| **PRINCETON EXCESS AND SURPLUS INSURANCE CO., ET AL** | **WEST BATON ROUGE PARISH STATE OF LOUISIANA** |

**SERVE:    JEM UNDERWRITING MANAGERS, LLC**
**THROUGH C T CORPORATION SYSTEM**
**3867 PLAZA TOWER DRIVE**
**BATON ROUGE, LA 70816**

RETURN TO W B R CLERK

You are named as a defendant in the above captioned matter. Attached to this citation is a:

## Certified Copy of Original Petition

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the 18TH JUDICIAL DISTRICT located at 850 8TH STREET within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.
If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30) days** after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the Parish of West Baton Rouge on the 15TH DAY OF MAY, 2025.

*Brittany Dickinson*

RECEIVED AND FILED
CLERK OF COURT
WEST BATON ROUGE PARISH
2025 JUN 9 AM 10: 24
DEPUTY CLERK

**DEPUTY CLERK OF COURT**
**AMANDA G. THIES, CLERK OF COURT**
**18TH JDC/WEST BATON ROUGE PARISH**
**P.O. BOX 107**
**PORT ALLEN, LA 70767**

REQUESTED BY: KRELLER, STEPHEN S.

Served service on the named party through the CT CORPORATION
MAY 27 2025
tendering a copy of this document to
Bailea Fucich
DY. B. GARAFOLA #0577
Deputy Sheriff, Parish of East Baton Rouge, Louisiana

---

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF
_____, 20_____ SERVED THE ABOVE-NAMED PARTY AS FOLLOWS:
PERSONAL SERVICE: ON _____.
DOMICILIARY SERVICE: ON THE WITHIN NAMED _____, BY LEAVING THE SAME
AT HIS DOMICILE IN THIS PARISH IN THE HANDS OF _____, A PERSON OF SUITABLE
AGE AND DISCRETION.
DUE AND DILIGENT: AFTER DILIGENT SEARCH AND INQUIRY, WAS UNABLE TO FIND THE WITHIN
NAMED _____ OR HIS DOMICILE, OR ANYONE LEGALLY AUTHORIZED TO
REPRESENT HIM.
RETURNED:  PARISH OF _____ THIS _____ DAY OF _____, 20____.

DEPUTY SHERIFF _____

**RETURN COPY**

RECEIVED
DATE

MAY 2 3 2025

E.B.R. Sheriff Office

D2840940

# CITATION

| | |
|---|---|
| **THE OAKS OF BRUSLY, LLC** | **18TH JUDICIAL DISTRICT** |
| **VS** | **DOCKET NUMBER: C-1050171 A** |
| **PRINCETON EXCESS AND SURPLUS INSURANCE CO., ET AL** | **WEST BATON ROUGE PARISH STATE OF LOUISIANA** |



SERVE:  **LEXINGTON INSURANCE CO.
THROUGH LA SECRETARY OF STATE
8585 ARCHIVES AVE.
BATON ROUGE, LA 70809**

You are named as a defendant in the above captioned matter. Attached to this citation is a:

## Certified Copy of Original Petition

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the 18TH JUDICIAL DISTRICT located at 850 8TH STREET within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

Article 1001 of the Louisiana Code of Civil Procedure states:

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.
   If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:
   A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the Parish of West Baton Rouge on the 15TH DAY OF MAY, 2025.

*Brittany Dickinson*

*I made service on the named party through the Office of the Secretary of State on* — DEPUTY CLERK OF COURT
AMANDA G. THIES, CLERK OF COURT
18TH JDC/WEST BATON ROUGE PARISH
P.O. BOX 107
PORT ALLEN, LA 70767

REQUESTED BY: KRELLER, STEPHEN S. *MAY 27 2025*

*by tendering a copy of this document to:*
*JULIE NESBITT*

DY. B. GARAFOLA #0577
*Deputy Sheriff, Parish of East Baton Rouge, LA*

RECEIVED AND FILED
CLERK OF COURT
WEST BATON ROUGE PARISH
25 JUN -3 PM 4: 00
DEPUTY CLERK

---

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF
_____, 20_____ SERVED THE ABOVE-NAMED PARTY AS FOLLOWS:
PERSONAL SERVICE: ON _____.
DOMICILIARY SERVICE: ON THE WITHIN NAMED _____, BY LEAVING THE SAME
AT HIS DOMICILE IN THIS PARISH IN THE HANDS OF _____, A PERSON OF SUITABLE
AGE AND DISCRETION.
DUE AND DILIGENT: AFTER DILIGENT SEARCH AND INQUIRY, WAS UNABLE TO FIND THE WITHIN
NAMED _____ OR HIS DOMICILE, OR ANYONE LEGALLY AUTHORIZED TO
REPRESENT HIM.
RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

_____
DEPUTY SHERIFF

**RETURN COPY**

RECEIVED DATE
MAY 2 3 2025
E.B.R. Sheriff Office

*$941.52*

D2840981

# CITATION

| | |
|---|---|
| **THE OAKS OF BRUSLY, LLC** | **18TH JUDICIAL DISTRICT** |
| **VS** | **DOCKET NUMBER: C-1050171 A** |
| **PRINCETON EXCESS AND SURPLUS INSURANCE CO., ET AL** | **WEST BATON ROUGE PARISH STATE OF LOUISIANA** |

**SERVE:** **NAVIGATORS SPECIALTY INSURANCE CO.
THROUGH LA SECRETARY OF STATE
8585 ARCHIVES AVE.
BATON ROUGE, LA 70809**



You are named as a defendant in the above captioned matter. Attached to this citation is a:

## Certified Copy of Original Petition

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the 18TH JUDICIAL DISTRICT located at 850 8TH STREET within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A.  A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.
If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.

B.  When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C.  The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the Parish of West Baton Rouge on the 15TH DAY OF MAY, 2025.

*Brittany Dickinson*

If made service on the named party through the
Office of the Secretary of State on
MAY 27 2025
by tendering a copy of this document to
JULIE NESBITT #0577

DY. B. GARAFOLA #0577
Deputy Sheriff, Parish of East Baton Rouge

**REQUESTED BY: KRELLER, STEPHEN S.**

DEPUTY CLERK OF COURT
AMANDA G. THIES, CLERK OF COURT
18TH JDC/WEST BATON ROUGE PARISH
P.O. BOX 107
PORT ALLEN, LA 70767

RECEIVED AND FILED
CLERK OF COURT
WEST BATON ROUGE PARISH
2025 JUN -3 PH 4: 00
DEPUTY CLERK

---

RECEIVED ON THE _____ DAY OF _____, 20 _____ AND ON THE _____ DAY OF _____, 20 _____ SERVED THE ABOVE-NAMED PARTY AS FOLLOWS:
PERSONAL SERVICE: ON _____.
DOMICILIARY SERVICE: ON THE WITHIN NAMED _____, BY LEAVING THE SAME AT HIS DOMICILE IN THIS PARISH IN THE HANDS OF _____, A PERSON OF SUITABLE AGE AND DISCRETION.
DUE AND DILIGENT: AFTER DILIGENT SEARCH AND INQUIRY, WAS UNABLE TO FIND THE WITHIN NAMED _____ OR HIS DOMICILE, OR ANYONE LEGALLY AUTHORIZED TO REPRESENT HIM.
RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20 ____.

DEPUTY SHERIFF _____

**RETURN COPY**

RECEIVED DATE

MAY 2 3 2025

E.B.R. Sheriff Office



D2840858

# CITATION

| | |
|---|---|
| **THE OAKS OF BRUSLY, LLC** | **18TH JUDICIAL DISTRICT** |
| **VS** | **DOCKET NUMBER: C-1050171 A** |
| **PRINCETON EXCESS AND SURPLUS INSURANCE CO., ET AL** | **WEST BATON ROUGE PARISH STATE OF LOUISIANA** |

**SERVE:** **PRINCETON EXCESS AND SURPLUS INSURANCE CO.**
**THROUGH LA SECRETARY OF STATE**
**8585 ARCHIVES AVE.**
**BATON ROUGE, LA 70809**



You are named as a defendant in the above captioned matter. Attached to this citation is a:

## Certified Copy of Original Petition

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the 18TH JUDICIAL DISTRICT located at 850 8TH STREET within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**
A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.
   If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.
B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.
C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the Parish of West Baton Rouge on the 15TH DAY OF MAY, 2025.

I made service on the named party through the *Brittany Dickinson*
Office of the Secretary of State on

MAY 27 2025    DEPUTY CLERK OF COURT
by tendering a copy of this document    JACQUELINE G. THIES, CLERK OF COURT
REQUESTED BY: KRELLER, STEPHEN E. NESBIT    18TH JDC/WEST BATON ROUGE PARISH
DYCE GARAFOLA #0577    P.O. BOX 107
Deputy Sheriff Parish of East Baton Rouge    PORT ALLEN, LA 70767

MAY 23 2025

E.B.R. Sheriff Office

RECEIVED AND FILED
CLERK OF COURT
WEST BATON ROUGE PARISH
2025 JUN -3 PM 4:00

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF
_____, 20_____ SERVED THE ABOVE-NAMED PARTY AS FOLLOWS:
PERSONAL SERVICE: ON _____.
DOMICILIARY SERVICE: ON THE WITHIN NAMED _____, BY LEAVING THE SAME
AT HIS DOMICILE IN THIS PARISH IN THE HANDS OF _____, A PERSON OF SUITABLE
AGE AND DISCRETION.
DUE AND DILIGENT: AFTER DILIGENT SEARCH AND INQUIRY, WAS UNABLE TO FIND THE WITHIN
NAMED _____ OR HIS DOMICILE, OR ANYONE LEGALLY AUTHORIZED TO
REPRESENT HIM.
RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

_____
DEPUTY SHERIFF

**RETURN COPY**




D2841021

# CITATION

| | |
|---|---|
| **THE OAKS OF BRUSLY, LLC** | **18TH JUDICIAL DISTRICT** |
| **VS** | **DOCKET NUMBER: C-1050171 A** |
| **PRINCETON EXCESS AND SURPLUS INSURANCE CO., ET AL** | **WEST BATON ROUGE PARISH STATE OF LOUISIANA** |

SERVE:    **QBE UK LTD.**
            **THROUGH LA SECRETARY OF STATE**
            **8585 ARCHIVES AVENUE**
            **BATON ROUGE, LA 70809**

You are named as a defendant in the above captioned matter. Attached to this citation is a:

## Certified Copy of Original Petition

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the 18TH JUDICIAL DISTRICT located at 850 8TH STREET within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

**Article 1001 of the Louisiana Code of Civil Procedure states:**

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.
    If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30) days** after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

**Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:**

A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the Parish of West Baton Rouge on the 15TH DAY OF MAY, 2025.

*I made service on the named party through the Office of the Secretary of State on* **Brittany Dickinson**

MAY 27 2025     **DEPUTY CLERK OF COURT**
    **AMANDA G. THIES, CLERK OF COURT**
*by tendering a copy of this document to* **STEPHANIE/WEST BATON ROUGE PARISH**

REQUESTED BY: KRELLER, STEPHEN LESLIE NESBITT   P.O. BOX 107

**DY. B. GARAFOLA #0577**    PORT ALLEN, LA 70767
*Deputy Sheriff, Parish of East Baton Rouge*

RECEIVED  JUN -3  PM 4:00
RECEIVED AND FILED
CLERK OF COURT
WEST BATON ROUGE PARISH

---

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF
_____, 20_____ SERVED THE ABOVE-NAMED PARTY AS FOLLOWS:
PERSONAL SERVICE: ON _____.
DOMICILIARY SERVICE: ON THE WITHIN NAMED _____, BY LEAVING THE SAME
AT HIS DOMICILE IN THIS PARISH IN THE HANDS OF _____, A PERSON OF SUITABLE
AGE AND DISCRETION.
DUE AND DILIGENT: AFTER DILIGENT SEARCH AND INQUIRY, WAS UNABLE TO FIND THE WITHIN
NAMED _____ OR HIS DOMICILE, OR ANYONE LEGALLY AUTHORIZED TO
REPRESENT HIM.
RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20_____.

_____
DEPUTY SHERIFF                 **RETURN COPY**

RECEIVED DATE
MAY 2 3 2025
E.B.R. Sheriff Office



D2840999

# CITATION

| | |
|---|---|
| **THE OAKS OF BRUSLY, LLC** | **18TH JUDICIAL DISTRICT** |
| **VS** | **DOCKET NUMBER: C-1050171 A** |
| **PRINCETON EXCESS AND SURPLUS INSURANCE CO., ET AL** | **WEST BATON ROUGE PARISH STATE OF LOUISIANA** |

**SERVE:**    SCOTTSDALE INSURANCE CO.
THROUGH LA SECRETARY OF STATE
8585 ARCHIVES AVE.
BATON ROUGE, LA 70809

*RETURN TO W B R CLERK*

You are named as a defendant in the above captioned matter. Attached to this citation is a:

## Certified Copy of Original Petition

You must either comply with the demand contained in the petition or make and appearance either by filling an answer or other pleading in the 18TH JUDICIAL DISTRICT located at 850 8TH STREET within the delay provided in the Article 1001 of the Louisiana Code of Civil Procedure under penalty of default.

Article 1001 of the Louisiana Code of Civil Procedure states:

A. A defendant shall file his answer within **twenty-one (21) days** after service of Citation upon him, except as otherwise provided by law.
If the plaintiff files and serves a Discovery Request with his Petition, the defendant shall file his answer to the petition with **thirty (30)** days after service of the amended petition.

B. When an Exception is filed prior to Answer and is overruled or referred to the merits, or is sustained and an Amendment of the Petition ordered, the Answer shall be filed within **fifteen (15) days** after the exception is overruled or referred to the merits, or **fifteen (15) days** after service of the Amended Petition.

C. The Court may grant additional time for answering.

Article 1151 of the Louisiana Code of Civil Procedure provides in pertinent part:
A defendant shall plead in response to an Amended Petition within the time remaining for pleading to the Original Pleading or with **ten (10) days** after service of the Amended Petition, whichever period is longer, unless the time is extended under Article 1001.

### THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.

This Citation was issued by the Clerk for the Court for the Parish of West Baton Rouge on the 15TH DAY OF MAY, 2025.

*Brittany Dickinson*



DEPUTY CLERK OF COURT
AMANDA G. THIES, CLERK OF COURT
18TH JDC WEST BATON ROUGE PARISH
P.O. BOX 107
PORT ALLEN, LA 70767

*I made service on the named party through the Office of the Secretary of State on MAY 27 2025 by tendering a copy of this document.*
*JULIE NESBITT*
*DY. B. GARAFOLA #057*
*Deputy Sheriff, Parish of East Baton Rouge, LA*

REQUESTED BY: KRELLER, STEPHEN J.

RECEIVED AND FILED CLERK OF COURT WEST BATON ROUGE PARISH
2025 JUN -3 PH 4: 00
DEPUTY CLERK

---

RECEIVED ON THE _____ DAY OF _____, 20_____ AND ON THE _____ DAY OF
_____, 20_____ SERVED THE ABOVE-NAMED PARTY AS FOLLOWS:
PERSONAL SERVICE: ON _____.
DOMICILIARY SERVICE: ON THE WITHIN NAMED _____, BY LEAVING THE SAME
AT HIS DOMICILE IN THIS PARISH IN THE HANDS OF _____, A PERSON OF SUITABLE
AGE AND DISCRETION.
DUE AND DILIGENT: AFTER DILIGENT SEARCH AND INQUIRY, WAS UNABLE TO FIND THE WITHIN
NAMED _____ OR HIS DOMICILE, OR ANYONE LEGALLY AUTHORIZED TO
REPRESENT HIM.
RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

DEPUTY SHERIFF _____

**RETURN COPY**

RECEIVED DATE
MAY 23 2025

E.B.R. Sheriff Office

West Baton Rouge Parish
Filed Jul 08, 2025 9:32 AM
Andrea Hebert
Deputy Clerk of Court
E-File Received Jul 07, 2025 4:45 PM

C-1050171
A

**18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE**

**STATE OF LOUISIANA**

**NUMBER 1050171**                                                    **DIVISION "A"**

**THE OAKS OF BRUSLY, LLC**

**VERSUS**

**PRINCETON EXCESS AND SURPLUS INSURANCE COMPANY, ET AL**

**FILED:** _____                    _____

                                                                **DEPUTY CLERK**

**THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY,
LEXINGTON INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE,
RENAISSANCE RE SYNDICATE 1458, WR BERKLEY SYNDICATE 1967,
NAVIGATORS SPECIALTY INSURANCE COMPANY, EVANSTON INSURANCE
COMPANY, SCOTTSDALE INSURANCE COMPANY, ASPEN SPECIALTY
INSURANCE COMPANY, GOTHAM INSURANCE COMPANY, AND QBE UK LTD.'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION FOR
DAMAGES**

     **NOW INTO COURT,** through undersigned counsel, come Defendants, The Princeton

Excess and Surplus Lines Insurance Company (incorrectly named as "Princeton Excess and

Surplus Insurance Co."), Lexington Insurance Company, HDI Global Specialty SE (incorrectly

named as "HDI Specialty"), Renaissance Re Syndicate 1458, WR Berkley Syndicate 1967,

Navigators Specialty Insurance Company, Evanston Insurance Company, Scottsdale Insurance

Company, Aspen Specialty Insurance Company, Gotham Insurance Company, and QBE UK Ltd.

(the "Insurers"), who respectfully respond to the *Petition for Damages* (the "*Petition*") filed by

Plaintiff, The Oaks of Brusly, LLC ("Plaintiff"). Except as expressly admitted, all allegations are

denied.

**ANSWER**

**1.**

     In response to the allegations in Paragraph 1 of the *Petition*, the Insurers admit that venue

is proper in this Honorable Court. Except as expressly admitted, the allegations in Paragraph 1 of

the *Petition* are denied.

**2.**

     In response to the allegations in Paragraph 2 of the *Petition* in which are directed towards

the Insurers, including subparagraphs A through L, the Insurers admit only that they are foreign

surplus lines insurers authorized to insure certain risks in the State of Louisiana and are subscribers to Policy No. JEM-23-PP-1131 (the "Policy"). Except as expressly admitted, the allegations in Paragraph 2 of the *Petition* in which are directed towards the Insurers are denied as stated. The allegations in Paragraph 2 of the *Petition* in which are not directed towards the Insurers are denied for lack of information sufficient to justify a belief therein.

**3.**

In response to the allegations in Paragraph 3 of the *Petition*, the Insurers admit only that this Honorable Court has jurisdiction over this lawsuit. Except as expressly admitted, the allegations in Paragraph 3 of the *Petition* are denied.

**4.**

The allegations in Paragraph 4 of the *Petition* are denied.

**5.**

In response to the allegations in Paragraph 5 of the *Petition*, the Insurers adopt and reassert all answers and defenses asserted in Paragraphs 1 through 4 herein.

**6.**

In response to the allegations in Paragraph 6 of the *Petition*, the Insurers admit only that they issued Policy No. JEM-23-PP-1131 (the "Policy") to Plaintiff for the period of March 15, 2023 to March 15, 2024, which as a contract is the best evidence of the contents therein. Except as expressly admitted, the allegations in Paragraph 6 of the *Petition* are denied as stated.

**7.**

In response to the allegations in Paragraph 7 of the *Petition*, the Insurers admit only that they issued the Policy to Plaintiff, which provides certain coverage to the certain property located at 400 West Saint Francis Street, Brusly, Louisiana 70719 (the "Property"), subject to the terms, conditions, provisions, exclusions, and limitations therein. Except as expressly admitted, the allegations in Paragraph 7 of the *Petition* are denied.

**8.**

In response to the allegations in Paragraph 8 of the *Petition*, the Insurers admit only that they issued the Policy for the period of March 15, 2023 to March 15, 2024. Except as expressly admitted, the allegations in Paragraph 8 of the *Petition* are denied as stated.

PD.49992934.1

**9.**

The allegations in Paragraph 9 of the *Petition* refer to the Policy, which as a contract is the best evidence of the contents therein. To the extent that this Honorable Court deems a response necessary, the allegations in Paragraph 9 of the *Petition* are denied as stated.

**10.**

In response to the allegations in Paragraph 10 of the *Petition*, the Insurers admit only that a hailstorm affected the Property. Except as expressly admitted, the allegations in Paragraph 10 of the *Petition* are denied.

**11.**

The allegations in Paragraph 11 of the *Petition* are denied.

**12.**

In response to the allegations in Paragraph 12 of the *Petition*, the Insurers admit only that notice of the alleged June 20, 2023 loss was reported on or about March 7, 2024. Except as expressly admitted, the allegations in Paragraph 12 of the *Petition* are denied.

**13.**

In response to the allegations in Paragraph 13 of the *Petition*, the Insurers admit only that on March 20, 2024, the independent adjuster from Peninsula Insurance Bureau and the public adjuster from Premier Claims, LLC inspected the Property. Except as expressly admitted, the allegations in Paragraph 13 of the *Petition* are denied.

**14.**

In response to the allegations in Paragraph 14 of the *Petition*, the Insurers admit only that an engineer from Keystone Experts and Engineers, LLC inspected the Property on April 9, 2024 and submitted a written report on his findings on April 15, 2024. Further answering, the allegations in Paragraph 14 of the *Petition* refer to the engineer's written report, which as a written instrument is the best evidence of the contents therein. Except as expressly admitted, the allegations in Paragraph 14 of the *Petition* are denied as stated.

**15.**

In response to the allegations in Paragraph 15 of the *Petition*, the Insurers admit only that on June 5, 2024, Peninsula Insurance Bureau issued correspondence to Plaintiff that the Covered

PD.49992934.1

loss under the Policy was below the Policy's Windstorm and Hail Deductible. Except as expressly admitted, the allegations in Paragraph 15 of the *Petition* are denied as stated.

**16.**

In response to the allegations in Paragraph 16, including subparagraphs A. through L., of the *Petition*, the Insurers admit only that they received a report prepared by Gurtler Bros. Consultants, Inc. regarding its inspection of the Property on October 16, 2024 and October 29, 2024. Except as specifically admitted herein, the allegations in Paragraph 16, including subparagraphs A. through L., of the *Petition* are denied.

**17.**

In response to the allegations in Paragraph 17, including subparagraphs A. through R., of the *Petition*, the Insurers admit only that they received a February 6, 2025 Notice provided by Plaintiff, which purportedly claimed certain interior water intrusion damage at the Property. Further answering, the allegations in Paragraph 17, including subparagraphs A. through R., of the *Petition*, refer to a February 6, 2025 Notice, which as a written instrument is the best evidence of the contents therein. Except as specifically admitted herein, the allegations in Paragraph 17, including subparagraphs A. through R., of the *Petition* are denied.

**18.**

In response to the allegations in Paragraph 18 of the *Petition*, the Insurers admit only that they received a demand from Plaintiff, through Peninsula Insurance Bureau, which included a report allegedly prepared by Gurtler Bros. Consultants, Inc., an estimate of damage, and photographs. Except as specifically admitted herein, the allegations in Paragraph 18 of the *Petition* are denied.

**19.**

The allegations in Paragraph 19 of the *Petition* are denied.

**20.**

The allegations in Paragraph 20 of the *Petition* are denied.

**21.**

The allegations in Paragraph 21 of the *Petition* are denied.

PD.49992934.1

**22.**

The allegations in Paragraph 22 of the *Petition* are denied.

**23.**

The allegations in Paragraph 23 of the *Petition* are denied.

**24.**

The allegations in Paragraph 24 of the *Petition* are denied.

**25.**

The allegations in Paragraph 25 of the *Petition* are denied.

**26.**

The allegations in Paragraph 26 of the *Petition* are denied.

**27.**

The allegations in Paragraph 27 of the *Petition* are denied.

**28.**

In response to the allegations in Paragraph 28 of the *Petition*, the Insurers adopt and reassert all answers and defenses asserted in Paragraphs 1 through 27 herein.

**29.**

The allegations in Paragraph 29 of the *Petition* are legal conclusions and do not require a response. Further answering, the allegations in Paragraph 29 of the *Petition* refer to the Policy, which as a written instrument is the best evidence of the contents therein. To the extent that this Honorable Court deems a response necessary, the allegations in Paragraph 29 of the *Petition* are denied.

**30.**

The allegations in Paragraph 30 of the *Petition* are legal conclusions and do not require a response. Further answering, the allegations in Paragraph 30 of the *Petition* refer to the Policy, which as a written instrument is the best evidence of the contents therein. To the extent that this Honorable Court deems a response necessary, the allegations in Paragraph 30 of the *Petition* are denied.

**31.**

The allegations in Paragraph 31 of the *Petition* are denied.

PD.49992934.1

**32.**

In response to the allegations in Paragraph 32 of the *Petition*, the Insurers adopt and reassert all answers and defenses asserted in Paragraphs 1 through 31 herein.

**33.**

The allegations in Paragraph 33 of the *Petition* are legal conclusions and do not require a response. To the extent that this Honorable Court deems a response necessary, the allegations in Paragraph 33 of the *Petition* are denied.

**34.**

The allegations in Paragraph 34 of the *Petition* are denied.

**35.**

The allegations in Paragraph 35 of the *Petition* are denied.

**36.**

In response to the allegations in Paragraph 36 of the *Petition*, the Insurers adopt and reassert all answers and defenses asserted in Paragraphs 1 through 35 herein.

**37.**

The allegations in Paragraph 37 of the *Petition* are legal conclusions and do not require a response. To the extent that this Honorable Court deems a response necessary, the allegations in Paragraph 37 of the *Petition* are denied as stated.

**38.**

The allegations in Paragraph 38, including subparagraphs A. through D., of the *Petition* are denied.

**39.**

The allegations in Paragraph 39 of the *Petition* refer to Louisiana statute, La. R.S. 22:1973, which as a written statute, is the best evidence of the contents therein. Further answering, the allegations in Paragraph 39 of the *Petition* are legal conclusions and do not require a response. To the extent that this Honorable Court deems a response necessary, the allegations in Paragraph 39 of the *Petition* are denied as stated.

**40.**

The allegations in Paragraph 40 of the *Petition* are denied.

PD.49992934.1

**41.**

The allegations in Paragraph 41 of the *Petition* are denied.

**42.**

The allegations in Paragraph 42 of the *Petition* are denied.

**43.**

The Insurers deny that Plaintiff is entitled to any relief sought in its Prayer For Relief, including subparagraphs A. through D., which follows Paragraph 42 of the *Petition*.

## AFFIRMATIVE DEFENSES

**AND NOW, FURTHER ANSWERING**, the Insurers assert the following affirmative defenses. By raising these defenses, the Insurers do not concede that they have the burden of proof as to any such defense. Further, the Insurers reserve the right to supplement, amend, or add affirmative defenses as may be proper based on the pleadings filed and discovery taken.

### FIRST AFFIRMATIVE DEFENSE

The *Petition* and every claim for relief stated therein fails to state a claim against the Insurers upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The Insurers' liability, if any, depends upon the Policy, which, as a written instrument, is the best evidence of its warranties, terms, definitions, provisions, conditions, limitations and exclusions and the Insurers plead all such warranties, terms, definitions, provisions, conditions, limitations and exclusions as if copied herein *in extenso*.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they fall outside the scope of coverage provided by the Policy.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited to the extent Plaintiff failed to comply with or satisfy the conditions of the Policy.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, should be reduced to the extent it failed to minimize, mitigate or avoid any alleged or actual damage.

PD.49992934.1

## SIXTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced to the extent the terms of the Policy's Insuring Agreements are not satisfied.

## SEVENTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced by the extent Covered Property did not sustain direct physical loss of or damages as a result of a Covered Cause of Loss.

## EIGHTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced by the Policy's Property Not Covered Provision.

## NINTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced by the Policy's Extensions of Property Damage Coverage Provision, including but not limited to the conditions, limitations, and exclusions set forth in the Policy's Extensions of Property Damage Coverage Provisions for Debris Removal; Expediting Expense; Leasehold Improvements and Betterments; Loss Adjusting Expenses; Ordinance or Law; Pollutant Clean Up and Removal; Preservation of Property; and Soft Costs.

## TENTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced to the extent that loss of Business Income sustained and necessary Extra Expense incurred was not due to the necessary interruption or reduction of Plaintiff's business operations, which was caused by direct physical loss or damage to Covered Property by a Covered Cause of Loss.

## ELEVENTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced by the Policy's Leasehold Interest Provision.

## TWELFTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced by the Policy's Rental Value Provision.

PD.49992934.1

## THIRTEENTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced by the Policy's Time Element Extensions of Coverage Provision.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced by the Policy's Earth Movement Exclusion, as amended by the Policy's Earth Movement Exclusion Endorsement.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced by the Policy's Governmental Action Exclusion.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced by the Policy's Utility Services Exclusion.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced by the Policy's Fungus, Wet Rot, Dry Rot, Mold, and Bacteria Exclusion.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced to the extent that the loss or damage was caused directly or indirectly by wear and tear.

## NINETEENTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced to the extent that the loss or damage was caused directly or indirectly by rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself.

## TWENTIETH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced to the extent that the loss or damage was caused directly or indirectly by settling, cracking, shrinking or expansion.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced to the extent that the loss or damage was caused directly or indirectly by dampness or dryness of atmosphere and changes in or extremes of temperature.

- 9 -

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced to the extent that the loss or damage was caused directly or indirectly by continuous or repeated seepage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced to the extent that the loss or damage was caused directly or indirectly by water damage, hail, rain, snow, ice or sleet to personal property in the open.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced to the extent that the loss or damage was caused directly or indirectly by the neglect of Plaintiff to use all reasonable means to save and preserve property from further damage at the time of the loss.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced to the extent that the loss or damage was caused directly or indirectly by including loss or damage caused by faulty, inadequate, or defective:

(1) Planning, zoning, development, surveying, siting;

(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

(3) Materials used in repair, construction, renovation or remodeling; or

(4) Maintenance.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, may be limited, barred or reduced by the Policy's Valuation Condition.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, is limited to the Limits Of Insurance shown in the Declarations and Statement of Values in the Policy, as modified by the Occurrence Limit of

Liability – Stated Value Endorsement, less any deductible amount(s), including but not limited to the Windstorm or Hail Percentage Deductible owed by any insured(s).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

No coverage is offered to the extent any insured has breached its obligations under the Policy's Notice of Loss Condition, including but not limited to the notice and cooperation conditions.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, is limited, barred or reduced to the extent any loss did not occur during the policy period.

## THIRTIETH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, is limited, barred or reduced by the Policy's Mold, Mildew & Fungus Clause and Microorganism Exclusion (Time Limit and Sublimit) Endorsement.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

The Insurers' liability, if any, is limited, barred or reduced by the Policy's Pre-Existing Property Damage Exclusion Endorsement.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The Insurers' liability, if any, is limited, barred or reduced by the Policy's Several Liability Clause Endorsement.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

The Insurers' liability, if any, is limited, barred or reduced by the Policy's Roof Coverings Valuation and Limitation Endorsement.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, is limited, barred or reduced by the Policy's Exclusion – Organic Pathogens Endorsement.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, is limited, barred or reduced by the Policy's Exterior Insulation and Finishing Systems Exclusion Endorsement.

- 11 -

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The Insurers' liability, if any, is limited, barred or reduced by the Policy's Exclusion of Cosmetic Damage to Metal Roof Coverings Caused by Hail Endorsement.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The Insurers plead all defenses within Louisiana Revised Statutes § 22:1892 and § 22:1973, and asserts that they have at all times, acted in good faith in the handling of the Plaintiff's claims.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred to the extent that Plaintiff failed to submit a satisfactory proof of loss that fully apprised the Insurers of the claim and the amount of Plaintiff's alleged losses.

### PRAYER FOR RELIEF

**WHEREFORE**, having fully responded to Plaintiff's *Petition* and having stated their affirmative defenses, and reserving all rights to amend to assert additional defenses, the Insurers pray for this Honorable Court to render judgment against Plaintiff:

1. Denying all relief requested by Plaintiff and dismissing Plaintiff's claims against the Insurers in their entirety, with prejudice;

2. Declaring that the Insurers have no obligation to pay Plaintiff and/or reimburse Plaintiff for any fees, expenses or costs allegedly incurred in connection with this lawsuit, and that the Insurers have no other duties, obligations or liabilities to Plaintiff or any other party or non-party in connection with this matter;

3. Declaring that to the extent that the Insurers have any obligation to Plaintiff, such duty is limited by and subject to the terms, definitions, provisions, conditions, exclusions, and limitations in or incorporated into the Policy; and

4. Awarding the Insurers reasonable costs, expenses and attorney's fees permitted by law and such other relief as the Court deems just and proper.

*SIGNATURE BLOCK TO FOLLOW*

- 12 -

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY: _____

Pablo Gonzalez (Bar No. 29215)
Ryan P. Telep (Bar No. 37892)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile:  504-568-9130
Email: pablo.gonzalez@phelps.com
                ryan.telep@phelps.com

**ATTORNEYS FOR DEFENDANTS, THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, RENAISSANCE RE SYNDICATE 1458, WR BERKLEY SYNDICATE 1967, NAVIGATORS SPECIALTY INSURANCE COMPANY, EVANSTON INSURANCE COMPANY, SCOTTSDALE INSURANCE COMPANY, ASPEN SPECIALTY INSURANCE COMPANY, GOTHAM INSURANCE COMPANY, AND QBE UK LTD.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of July, 2025, I have served a copy of the foregoing *Answer and Affirmative Defenses* on all parties to this proceeding not registered for electronic service, by e- mailing, faxing, and/or mailing the same by United States mail, properly addressed and first-class postage prepaid.

_____
Ryan P. Telep (Bar No. 37892)

- 13 -

West Baton Rouge Parish
Filed Oct 01, 2025 10:17 AM
Andrea Hebert
Deputy Clerk of Court
E-File Received Oct 01, 2025 9:47 AM

C-1050171
A

**18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE**

**STATE OF LOUISIANA**

**NUMBER 1050171**                                                **DIVISION "A"**

**THE OAKS OF BRUSLY, LLC**

**VERSUS**

**PRINCETON EXCESS AND SURPLUS INSURANCE COMPANY, ET AL.**

**FILED:** _____         _____

                                                   **DEPUTY CLERK**

<u>**JEM UNDERWRITING MANAGERS, LLC'S**</u>
<u>**PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION**</u>

**NOW INTO COURT,** through undersigned counsel, comes Defendant, JEM Underwriting Managers, LLC, who respectfully raises the *Peremptory Exception of No Cause of Action* to dismiss all claims alleged by Plaintiff, The Oaks of Brusly, LLC ("Plaintiff") against JEM. For the reasons in the accompanying *Memorandum in Support*, dismissal of Plaintiff's claims against JEM, which include claims for breach of contract and extra-contractual penalties under La. R.S. § 22:1892 and § 22:1973, is warranted because Plaintiff has acknowledged that JEM is not a party or insurer to the insurance policy, which is a prerequisite to recovering on claims for breach of contract or penalties.

**WHEREFORE,** JEM prays that this Honorable Court grant the *Peremptory Exception of No Cause of Action* and dismiss all of Plaintiff's claims against JEM with prejudice.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY: _____

Pablo Gonzalez (Bar No. 29215)
Ryan P. Telep (Bar No. 37892)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile: 504-568-9130
Email: pablo.gonzalez@phelps.com
             ryan.telep@phelps.com

**ATTORNEYS FOR DEFENDANT,**
**JEM UNDERWRITING MANAGERS, LLC**

<u>**CERTIFICATE OF SERVICE**</u>

 I hereby certify that on this 1st day of October, 2025, I have served a copy of the

foregoing *Peremptory Exception of No Cause of Action* on all parties to this proceeding not

registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States

mail, properly addressed and first-class postage prepaid.

            _____

               Ryan P. Telep

- 2 -

West Baton Rouge Parish
Filed Oct 01, 2025 10:17 AM
Andrea Hebert
Deputy Clerk of Court
E-File Received Oct 01, 2025 9:47 AM

C-1050171
A

**18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE**

**STATE OF LOUISIANA**

**NUMBER 1050171**                                                      **DIVISION "A"**

**THE OAKS OF BRUSLY, LLC**

**VERSUS**

**PRINCETON EXCESS AND SURPLUS INSURANCE COMPANY, ET AL.**

**FILED:** _____          _____

                                                        **DEPUTY CLERK**

**ORDER TO SHOW CAUSE**

      **PLEASE TAKE NOTICE** that the _Peremptory Exception of No Cause of Action_ filed by

Defendant, JEM Underwriting Managers, LLC, is  set for hearing on **December  11**, 2025,

at  **1:00  p**.m., or as soon thereafter as counsel may be heard, in the 18th Judicial District

Court, Parish of West Baton Rouge, State of Louisiana; and

      **IT IS ORDERED** that Plaintiff, The Oaks of Brusly, LLC, show cause on this date and

time why the _Peremptory Exception of No Cause of Action_ should not be sustained.

      Done and signed this **2** day of October, 2025 in Port Allen, Louisiana.

_____
**HONORABLE J. KEVIN KIMBALL**
**DISTRICT COURT JUDGE**


**PLEASE SERVE:**

PLAINTIFF, The Oaks of Brusly, LLC
Through counsel of record
The Kreller Law Firm
Stephen S. Kreller
650 Poydras Street, Suite 2828
New Orleans, LA 70130

And

Matthew M. McCarthy
650 Poydras Street, Suite 2828
New Orleans, LA 70130

West Baton Rouge Parish
Filed Oct 01, 2025 10:17 AM
Andrea Hebert
Deputy Clerk of Court
E-File Received Oct 01, 2025 9:47 AM

C-1050171
A

**18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE**

**STATE OF LOUISIANA**

NUMBER 1050171                                                    DIVISION "A"

**THE OAKS OF BRUSLY, LLC**

**VERSUS**

**PRINCETON EXCESS AND SURPLUS INSURANCE COMPANY, ET AL.**

FILED: _____                    _____
                                                                    **DEPUTY CLERK**

**MEMORANDUM IN SUPPORT OF JEM UNDERWRITING MANAGERS, LLC'S
PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION**

**MAY IT PLEASE THE COURT:**

This is a breach of contract case between The Oaks of Brusly, LLC ("Plaintiff") and its Insurers.[1]  JEM Underwriting Managers, LLC ("JEM") is not one of Plaintiff's Insurers and Plaintiff expressly admits this fact in the *Petition for Damages* which states in part that "JEM did not directly share in the insured risk."[2]  Despite this judicial admission by Plaintiff, JEM is included as a named defendant.  JEM asked Plaintiff several times to voluntarily dismiss JEM to avoid wasting the Court's time and resources with unnecessary filings.  JEM drafted and provided Plaintiff with a dismissal motion to file but Plaintiff did not do so.  JEM therefore has no option but to file a *Peremptory Exception of No Cause of Action* and respectfully submits this *Memorandum in Support* to further explain why Plaintiff has failed to and cannot assert a claim(s) against JEM upon which relief may be granted because JEM is not a party to the subject insurance contract and JEM should therefore be dismissed, with prejudice, pursuant to La. C.C.P. arts. 923, 927(A)(5), and 934.[3]

---

[1]    The insurers subscribing severally to the Policy (together, "Insurers") include: Aspen Specialty Insurance Company; Evanston Insurance Company; Gotham Insurance Company; HDI Global Specialty SE; Lexington Insurance Company; Navigators Specialty Insurance Company; QBE UK Limited; Renaissance Re Syndicate 1458; Scottsdale Insurance Company; W.R. Berkley Syndicate 1967; and the Princeton Excess and Surplus Lines Insurance Company.

[2]    *See Petition for Damages* at ¶ 2.L, at pp. 4-5.

[3]    JEM reserves all rights to seek attorney's fees under Louisiana Civil Code of Civil Procedure article 863 related to this exception to the extent that this Honorable Court finds that Plaintiff had no valid legal or factual basis to sue JEM and that the filing of this exception was caused by Plaintiff's breach.

# I.
# BACKGROUND

In June 2023, a weather event caused certain damage to Plaintiff's property.[4]  Plaintiff seeks damages under Policy No. JEM-23-PP-1131 ("Policy") however, the parties dispute the amount of covered damage caused by that weather event.[5]  Dissatisfied with the Insurers' adjustment of the claim, Plaintiff filed this suit which includes causes of action for: (i) COUNT I: DECLARATORY RELIEF; (ii) COUNT II: BREACH OF CONTRACT; and (iii) COUNT III: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING.[6]

In addition to suing its Insurers, Plaintiff sued JEM even though Plaintiff expressly alleges that "**JEM did not directly share in the insured risk**."[7]  JEM does not subscribe severally to the subject Policy and therefore does not insure the risk and there are no allegations asserted to the contrary (nor could there be).  Despite the known difference between JEM and Plaintiff's Insurers, Plaintiff refers to its eleven Insurers and JEM in the *Petition for Damages*, collectively, as "Defendants."[8]  In doing so, Plaintiff asserts all three causes of action against the "Defendants," collectively,[9] such that Plaintiff seeks: (i) a declaration of coverage under the Policy as to both Insurers and JEM even though Plaintiff admits JEM is not a party to the insurance contract (*i.e.*, the Policy); (ii) a finding that Insurers and JEM breached the insurance contract (*i.e.*, the Policy) even though Plaintiff admits "JEM did not directly share in the insured risk"; and (iii) extra-contractual penalties under La. R.S. § 22:1892 and § 22:1973 even though JEM is not Plaintiff's insurer or a party to the Policy.[10]

---

[4]    *See, Petition for Damages* at ¶ 10.

[5]    *See generally, Petition for Damages.*

[6]    *See, Petition for Damages* at ¶¶ 28-42.

[7]    *See, Petition for Damages* at ¶ 2.L.  (Emphasis supplied).

[8]    *See, Petition for Damages* at ¶¶ 2.A-L.

[9]    *See, Petition for Damages* at ¶¶ 2.A-L.

[10]   *Compare* ¶ 2.L of the *Petition for Damages with* ¶¶ 28-42.

## II.
## JEM'S EFFORTS TO AMICABLY RESOLVE THIS ISSUE

Given the judicial admission in the *Petition for Damages*, JEM asked Plaintiff to voluntarily dismiss JEM to avoid wasting the Court's time and resources with unnecessary filings.[11] JEM drafted and provided to Plaintiff a dismissal motion to file but Plaintiff did not do so. JEM asked Plaintiff to provide a valid legal basis for its claims against JEM if Plaintiff is unwilling to voluntarily dismiss JEM. Plaintiff did not do so either. JEM therefore has no option but to file this *Peremptory Exception of No Cause of Action*.[12]

## III.
## LAW AND ARGUMENT

JEM files this *Peremptory Exception of No Cause of Action* because Plaintiff has failed (and cannot) assert a claim against JEM upon which relief may be granted. The function of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy based on the facts alleged in the pleading.[13] Louisiana law is clear that a petition should be dismissed for failure to state a cause of action when plaintiff can prove no set of facts in support of any claim that would entitle it to relief.[14] A petition must set forth the ultimate facts on which the cause of action is based; conclusions of law or fact are not considered.[15] Here, Plaintiff is not entitled to the relief sought in the *Petition for Damages* as it relates to JEM and JEM files this *Peremptory Exception of No Cause of Action* to have the Plaintiff's action declared legally nonexistent, or barred.

A.    THERE IS NO CONTRACTUAL PRIVITY BETWEEN PLAINTIFF AND JEM

As stated, this is a breach of contract case. Count I: Declaratory Relief and Count II: Breach of Contract both arise from the contract between Plaintiff and Insurers (*i.e.*, the Policy). The problem is that JEM is not a party to that contract. In determining whether to grant an

---

[11] JEM acknowledges that no evidence may be introduced to support or controvert an exception of no cause of action under La. Code Civ. Pro. art. 931, but if the Court would like any of these communications, JEM will supply them.

[12] A Peremptory Exception as a "means of defense . . . to retard, dismiss or defeat the demand brought against him." La. C.C.P. art. 921. A peremptory exception "may be pleaded at any stage of the proceeding in the trial court prior to a submission of the case for a decision." La. C.C.P. art. 928(B).

[13] *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So. 2d 1234, 1235 (La. 1993).

[14] *See Doe v. Smith*, 2005-0653, p.1 (La. App. 4 Cir. 7/13/2005); 913 So.3d 140,141.

[15] *MD Care, Inc. v. Angelo*, 95-2361, (La. App 4 Cir. 3/2/1996); 672 So.2d 969, 970.

exception of no cause of action, the trial court must accept well-pleaded factual allegations[16] and here Plaintiff expressly alleges that that "JEM did not directly share in the insured risk."[17] Louisiana courts have consistently held that, "in the absence of privity of contract between the parties, no cause of action for breach of contract will lie."[18]   Accepting Plaintiff's own allegations as true as is required, no cause of action for breach of contract will lie here because there is no privity of contract between Plaintiff and JEM.  It follows that there can be no claim for declaratory relief under that contract to which there is no privity as to the Policy and the claims against JEM for Count I: Declaratory Relief and Count II: Breach of Contract should therefore be dismissed, with prejudice, pursuant to La. C.C.P. arts. 923, 927(A)(5), and 934.

**B.    THERE IS NO VIABLE BAD FAITH CLAIM ABSENT A CONTRACTUAL CLAIM**

Louisiana case law is well settled that a plaintiff must first have a valid, underlying, substantive claim upon which insurance coverage is based to assert a bad faith claim under La. R.S. § 22:1892 and § 22:1973.[19]  Breach of contract is therefore a condition precedent to recovery for the breach of duty of good faith.  Penalties available under these statutes do not stand alone; they do not provide a cause of action against an insurer absent a valid, underlying insurance claim.[20]  If a claimant does not have a cause of action for breach of contract, they cannot maintain a claim for extra-contractual penalties under La. R.S. § 22:1892 or § 22:1973.

As stated, Plaintiff does not have a valid underlying claim for breach of contract or declaratory relief because Plaintiff expressly alleges that that "JEM did not directly share in the insured risk."[21]  JEM therefore cannot be liable under either La. R.S. § 22:1892 or § 22:1973 and the claim against JEM for Count III should therefore be dismissed, with prejudice, pursuant to La. C.C.P. arts. 923, 927(A)(5), and 934.

---

[16]  *Hero Lands Co. v. Texaco, Inc.*, 310 So. 2d 93 (La. 1975)*; see also Wells v. Flitter*, 2005-2525, p. 4 (La. App. 1 Cir. 9/27/06); 950 So. 2d 679, 681 ("A plaintiff is required by law to allege specific facts within the four corners of the petition . . . to show that he has a cause of action upon which relief and judgment may be granted against the defendant.").

[17]  *See Petition for Damages* at ¶ 2.L, at pp. 4-5.

[18]  *Travers v. Chubb European Group SE*, 714 F. Supp. 3d 812 (E.D. La. 1/31/24).

[19]  *Pelle v. Munos*, 2019-0549 (La. App. 1 Cir. 2/19/20), 296 So.3d 14, 25.  *See also, Bosley v. Oliphint Enterprises, LLC*, 51,585 (La. App. 2 Cir. 9/27/17), 244 So.3d 692, and  *Clausen v. Fidelity and Deposit Co. of Maryland*, 95-0504 (La. App. 1 Cir. 8/4/95), 660 So.2d 83, 86, *writ denied*, 95-2489 (La. 1/12/96), 666 So.2d 320.

[20]  *Id.*; *Kosak v. Louisiana Farm Bureau Casualty Insurance Company*, 2020-0222 (La. App. 1 Cir. 12/10/20), 316 So.3d 522, 530-32.

[21]  *See Petition for Damages* at ¶ 2.L, at pp. 4-5.

**IV.**
**CONCLUSION**

For these reasons, the JEM respectfully requests that this Court **SUSTAIN** JEM's *Peremptory Exception of No Cause of Action* pursuant to La. C.C.P. arts. 923, 927(A)(5), and 934.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY: _____

Pablo Gonzalez (Bar No. 29215)
Ryan P. Telep (Bar No. 37892)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile:  504-568-9130
Email: pablo.gonzalez@phelps.com
        ryan.telep@phelps.com

**ATTORNEYS FOR DEFENDANT,**
**JEM UNDERWRITING MANAGERS, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of October, 2025, I have served a copy of the foregoing *Memorandum in Support of Peremptory Exception of No Cause of Action* on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first-class postage prepaid.

_____
Ryan P. Telep



D2942654

# RULE NISI

THE OAKS OF BRUSLY, LLC

VS

PRINCETON EXCESS AND SURPLUS
INSURANCE CO., ET AL

**18TH JUDICIAL DISTRICT**

**DOCKET NUMBER: C-1050171 A**

**WEST BATON ROUGE PARISH
STATE OF LOUISIANA**

| SERVE: | MATTHEW M MCCARTHY |
|---|---|

SERVE:    MATTHEW M MCCARTHY
          THE KRELLER LAW FIRM
          650 POYDRAS STREET
          SUITE 2828
          NEW ORLEANS, LA 70130

WHEREAS, BY VIRTUE OF AN ORDER ISSUED OUT OF THE 18TH JUDICIAL DISTRICT COURT OF THE STATE OF LOUISIANA IN THE ABOVE ENTITLED AND NUMBERED CAUSE. YOU, ARE HEREBY ORDERED TO SHOW CAUSE, IF YOU CAN, BEFORE THE HONORABLE J KEVIN KIMBALL, JUDGE, **ON DECEMBER 11, 2025, AT 1:00 PM,** TO BE HELD IN THE WEST BATON ROUGE PARISH COURTHOUSE IN PORT ALLEN, LOUISIANA, WHY:

**SEE ATTACHED ORDER TO SHOW CAUSE**

WITNESS THE HONORABLE JUDGES OF SAID COURT, AT PORT ALLEN, LA., ON 6TH DAY OF OCTOBER, 2025.

**Attorney: TELEP, RYAN P.**



*Brittany Dickinson*

DEPUTY CLERK OF COURT
AMANDA G. THIES, CLERK OF COURT 18TH
JDC/WEST BATON ROUGE PARISH
P.O. BOX 107
PORT ALLEN, LA 70767

2025 NOV 17 AM 11: 28

RECEIVED AND FILED
CLERK OF COURT
WEST BATON ROUGE PARISH

DEPUTY CLERK

60 1050171 / 2 / 9102        Badge #

60 / MG

---

RECEIVED ON THE _____ DAY OF _____, 20____ AND ON THE _____ DAY OF _____, 20_____ SERVED THE ABOVE-NAMED PARTY AS FOLLOWS:
PERSONAL SERVICE: ON _____.
DOMICILIARY SERVICE: ON THE WITHIN NAMED _____, BY LEAVING THE SAME AT HIS DOMICILE IN THIS PARISH IN THE HANDS OF _____, A PERSON OF SUITABLE AGE AND DISCRETION.
DUE AND DILIGENT: AFTER DILIGENT SEARCH AND INQUIRY, WAS UNABLE TO FIND THE WITHIN NAMED _____ OR HIS DOMICILE, OR ANYONE LEGALLY AUTHORIZED TO REPRESENT HIM.
RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.

DEPUTY SHERIFF _____

RECEIVED AND FILED
CLERK OF COURT
WEST BATON ROUGE PARISH

2025 NOV 17  AM 11: 28

_____
DEPUTY CLERK

10/31
9:17
Not at this location
K. Pope
Return

10/30
9:12
not at this location
R. Pope



D2942647

# RULE NISI

| THE OAKS OF BRUSLY, LLC | **18TH JUDICIAL DISTRICT** |
| VS | **DOCKET NUMBER: C-1050171 A** |
| PRINCETON EXCESS AND SURPLUS INSURANCE CO., ET AL | **WEST BATON ROUGE PARISH STATE OF LOUISIANA** |

**RETURN TO WBR CLERK**

SERVE:  STEPHEN S. KRELLER
            THE KRELLER LAW FIRM
            650 POYDRAS ST., STE 2828
            NEW ORLEANS, LA 70130

WHEREAS, BY VIRTUE OF AN ORDER ISSUED OUT OF THE 18TH JUDICIAL DISTRICT COURT OF THE STATE OF LOUISIANA IN THE ABOVE ENTITLED AND NUMBERED CAUSE. YOU, ARE HEREBY ORDERED TO SHOW CAUSE, IF YOU CAN, BEFORE THE HONORABLE J KEVIN KIMBALL, JUDGE, **ON DECEMBER 11, 2025, AT 1:00 PM,** TO BE HELD IN THE WEST BATON ROUGE PARISH COURTHOUSE IN PORT ALLEN, LOUISIANA, WHY:

**SEE ATTACHED ORDER TO SHOW CAUSE**

WITNESS THE HONORABLE JUDGES OF SAID COURT, AT PORT ALLEN, LA., ON 6TH DAY OF OCTOBER, 2025.

Attorney: TELEP, RYAN P.

RECEIVED AND FILED
CLERK OF COURT
WEST BATON ROUGE PARISH

2025 NOV 21 AM 9: 13

DEPUTY CLERK



DEPUTY CLERK OF COURT
AMANDA G. THIES, CLERK OF COURT 18TH
JDC/WEST BATON ROUGE PARISH
P.O. BOX 107
PORT ALLEN, LA 70767

60 1050171/ 1 / 9102
60 / MG

Badge #

RECEIVED ON THE _4th_ DAY OF _Nov_ , 20 _25_ AND ON THE _4th_ DAY OF _Nov_ , 20 _25_ SERVED THE ABOVE-NAMED PARTY AS FOLLOWS:
PERSONAL SERVICE: ON _Thomas France_ .
DOMICILIARY SERVICE: ON THE WITHIN NAMED _____, BY LEAVING THE SAME AT HIS DOMICILE IN THIS PARISH IN THE HANDS OF _____, A PERSON OF SUITABLE AGE AND DISCRETION.
DUE AND DILIGENT: AFTER DILIGENT SEARCH AND INQUIRY, WAS UNABLE TO FIND THE WITHIN NAMED _____ OR HIS DOMICILE, OR ANYONE LEGALLY AUTHORIZED TO REPRESENT HIM.
RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20____.
ROHD: _____ 393
DEPUTY SHERIFF
Orleans Civil Sheriff's Office

11/4/25   12:43

Thomas France

10/31
9:17
Not in
2nd Att
Dep. K. Pepe

10/30
9:43
Not in
1st Att
K. Pepe

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NUMBER: 1050171                                    DIVISION: A

THE OAKS OF BRUSLY, LLC

vs.

PRINCETON EXCESS AND SURPLUS INSURANCE CO.; LEXINGTON INSURANCE CO.; HDI
GLOBAL SPECIALTY SE; RENAISSANCERE SYNDICATE 1458; WR BERKLEY SYNDICATE
1967; NAVIGATORS SPECIALTY INSURANCE CO.; EVANSTON INSURANCE CO.;
SCOTTSDALE INSURANCE CO.; ASPEN SPECIALTY INSURANCE CO.; GOTHAM INSURANCE
CO.; QBE UK LTD.; and JEM UNDERWRITING MANAGERS, LLC

FILED: _____        _____

                                         DEPUTY CLERK

## **UNOPPOSED MOTION TO CONTINUE AND RESET HEARING ON EXCEPTION**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, The Oaks of Brusly,
LLC, who respectfully avers:

1.

A hearing on Defendant's, JEM Underwriting Managers, LLC, *Peremptory Exception of
No Cause of Action* is scheduled for December 11, 2025.

2.

The parties are in the process of resolving the issues amongst themselves; and, as
such, the hearing would not be necessary if the parties are able to attain an amicable
resolution of the issue.

3.

Undersigned counsel has conferred with counsel for Defendant, JEM Underwriting
Managers, LLC, who indicates that he has no objection to the continuance of his client's
Exceptions hearing.

**WHEREFORE**, movers pray that this Honorable Court grant this Unopposed Motion
to Continue and Reset Hearing on Defendant's, JEM Underwriting Managers, LLC, *Peremptory
Exception of No Cause of Action* to a later date and time set by this Honorable Court.

*[Signature Block and Certificate of Service on Following Page]*

1

Date: December 3, 2025                                    Respectfully Submitted,

**THE KRELLER LAW FIRM**

_____
Stephen Skelly Kreller (Bar No. 28440)
650 Poydras Street, Suite 2828
New Orleans, LA 70130
T: (504) 484-3488
F: (888) 294-6091
E: ssk@krellerlaw.com

AND

**MCCARTHY LAW FIRM**

_____
Matthew M. McCarthy (Bar No. 36983)
650 Poydras Street, Suite 2828
New Orleans, LA 70130
T: (504) 319-8166
E: mattmccarthylaw@gmail.com

*Attorneys for The Oaks of Brusly, LLC*


<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that copies of the above and foregoing pleading have been served on

all counsel of record by electronic mail on this 3rd day of December, 2025.


_____
Stephen S. Kreller

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NUMBER: 1050171                                              DIVISION: A

THE OAKS OF BRUSLY, LLC

vs.

PRINCETON EXCESS AND SURPLUS INSURANCE CO.; LEXINGTON INSURANCE CO.; HDI
GLOBAL SPECIALTY SE; RENAISSANCERE SYNDICATE 1458; WR BERKLEY SYNDICATE
1967; NAVIGATORS SPECIALTY INSURANCE CO.; EVANSTON INSURANCE CO.;
SCOTTSDALE INSURANCE CO.; ASPEN SPECIALTY INSURANCE CO.; GOTHAM INSURANCE
CO.; QBE UK LTD.; and JEM UNDERWRITING MANAGERS, LLC

FILED: _____          _____
                                                    DEPUTY CLERK

## ORDER

Considering the foregoing,

IT IS HEREBY ORDERED that the hearing on Defendant's, JEM Underwriting

Managers, LLC, *Peremptory Exception of No Cause of Action* is hereby rescheduled for the __4__

day of ___February___, __2026__, at __9__ a.m. / p.m.

Signed this the __09__ day of __December__, 2025, in Port Allen, Louisiana.

_____
HONORABLE J. KEVIN KIMBALL


**All parties will be served in accordance with
LA CCP Article 1313**



West Baton Rouge Parish
Filed Dec 03, 2025 2:51 PM
Brittany Dickinson
Deputy Clerk of Court
E-File Received Dec 03, 2025 2:33 PM

C-1050171
A

Stephen S. Kreller
ssk@krellerlaw.com

December 3, 2025

Clerk of Court
18th Judicial District Court
850 8th Street
Port Allen, LA 70767

Re:    *The Oaks of Brusly, LLC v. Princeton Excess and Surplus Insurance Co., et al.,*
       18th JDC for the Parish of West Baton Rouge; Case No. C-1050171, Div. A

Dear Sir/Madam:

Enclosed please find the Motion to Continue and Reset Hearing on Exception requesting that the Court continue and reset Defendant JEM Underwriting Managers, LLC's *Peremptory Exception of No Cause of Action* that is set for hearing on December 11, 2025.

Counsel for Plaintiff has been in contact with counsel for Defendant, JEM Underwriting Manager, LLC, who has no objection to the continuance requested in the filed Motion.

Additionally, undersigned counsel contacted chambers for Division A to request available upcoming rule dates and communicated same to opposing counsel. All parties are available for the rule date of February 4, 2026.

If you have any questions and/or need additional information, please do not hesitate to contact me at (504) 484-3488 or by email at ssk@krellerlaw.com.

With kindest regards, I am

Very truly yours,

Stephen S. Kreller

Enclosure



D2977726

# RULE NISI

| | |
|---|---|
| THE OAKS OF BRUSLY, LLC | 18TH JUDICIAL DISTRICT |
| VS | DOCKET NUMBER: C-1050171 A |
| PRINCETON EXCESS AND SURPLUS INSURANCE CO., ET AL | WEST BATON ROUGE PARISH STATE OF LOUISIANA |


RETURN TO W B R CLERK

SERVE:    STEPHEN S. KRELLER
          KRELLER LAW FIRM
          650 POYDRAS ST., STE 2828
          NEW ORLEANS, LA 70130

**Received by Mail**

WHEREAS, BY VIRTUE OF AN ORDER ISSUED OUT OF THE 18TH JUDICIAL DISTRICT COURT OF THE STATE OF LOUISIANA IN THE ABOVE ENTITLED AND NUMBERED CAUSE. YOU, ARE HEREBY ORDERED TO SHOW CAUSE, IF YOU CAN, BEFORE THE HONORABLE J KEVIN KIMBALL, JUDGE, **ON DECEMBER 11, 2025, AT 1:00 PM,** TO BE HELD IN THE WEST BATON ROUGE PARISH COURTHOUSE IN PORT ALLEN, LOUISIANA, WHY:

**SEE ATTACHED ORDER TO SHOW CAUSE**

WITNESS THE HONORABLE JUDGES OF SAID COURT, AT PORT ALLEN, LA., ON 17TH DAY OF NOVEMBER, 2025.

**Attorney: TELEP, RYAN P.**

*Brittany Dickinson*

DEPUTY CLERK OF COURT
AMANDA G. THIES, CLERK OF COURT 18TH
JDC/WEST BATON ROUGE PARISH
P.O. BOX 107
PORT ALLEN, LA 70767

2026 JAN 20 PM 12: 05

RECEIVED AND FILED
CLERK OF COURT
WEST BATON ROUGE PARISH

60 1050171 / 3 / 9102
60 / MG                    Badge #



RECEIVED ON THE ___ DAY OF _____, 20__ AND ON THE ___ DAY OF _____ 20__ SERVED THE ABOVE-NAMED PARTY AS FOLLOWS:
PERSONAL SERVICE: ON _Stephen Kreller_ _____.
DOMICILIARY SERVICE: ON THE WITHIN NAMED _____, BY LEAVING THE SAME AT HIS DOMICILE IN THIS PARISH IN THE HANDS OF _____, A PERSON OF SUITABLE AGE AND DISCRETION.
DUE AND DILIGENT: AFTER DILIGENT SEARCH AND INQUIRY, WAS UNABLE TO FIND THE WITHIN NAMED _____ OR HIS DOMICILE, OR ANYONE LEGALLY AUTHORIZED TO REPRESENT HIM.
RETURNED: PARISH OF _____ THIS ___ DAY OF _____, 20___.
DEPUTY SHERIFF

(60) 1050171 - Service Date 12/08/2025 Time 9:29 AM
STEPHEN S. KRELLER

Personal at 650 POYDRAS ST
Keisha Pope # , Orleans
Rule; Serial# 3;
STEPHEN KRELLER

Signature

12/8
9:29
Personal service
by K. Pope

D3004330

# Notice of Assignment

| | |
|---|---|
| **THE OAKS OF BRUSLY, LLC** | **18TH JUDICIAL DISTRICT** |
| **VS** | **DOCKET NUMBER: C-1050171 A** |
| **PRINCETON EXCESS AND SURPLUS INSURANCE CO., ET AL** | **WEST BATON ROUGE PARISH STATE OF LOUISIANA** |

*THIS IS TO ADVISE YOU THAT THE HONORABLE J KEVIN KIMBALL, JUDGE, HAS ASSIGNED THE ABOVE NUMBERED AND ENTITLED CASE FOR:*

***SEE ATTACHED ORDER***

*ON **FEBRUARY 4, 2026**, AT **9:00 AM***

*TO BE HELD IN THE WEST BATON ROUGE PARISH COURTHOUSE IN PORT ALLEN, LOUISIANA.*

*ISSUED BY THE CLERK'S OFFICE, PORT ALLEN, LOUISIANA, ON THIS 15TH DAY OF DECEMBER, 2025*

***\*\*\*\*IN ACCORDANCE WITH L.A.R.S. 13:841 (2)(C) PAPER EXHIBITS, TRANSCRIPTS AND DEPOSITIONS FILED DURING THE TRIAL WILL BE BILLED TO THE RESPONSIBLE PARTY UPON COMPLETION OF THE TRIAL AT A COST OF $2.00 PER PAGE.\*\*\*\****

*PLEASE NOTIFY THE CLERK'S OFFICE IF YOU ARE NO LONGER IN THIS CASE AND WISH TO HAVE YOUR NAME REMOVED FROM THE MAILING LIST OR IF WE HAVE FAILED TO NOTIFY AN ATTORNEY OF RECORD IN THIS CASE.*

*TO:* **STEPHEN S. KRELLER**
**650 POYDRAS ST., STE 2828**
**NEW ORLEANS, LA 70130**

**\*\*PLAINTIFF WILL SERVE ALL PARTIES PURSUANT TO LA. CCP ARTICLE 1313\*\***

*Brittany Dickinson*

DEPUTY CLERK OF COURT
AMANDA G. THIES, CLERK OF COURT
18TH JDC/WEST BATON ROUGE PARISH
P.O. BOX 107
PORT ALLEN, LA 70767

Attached is a certified copy of the following:
**ORDER**



West Baton Rouge Parish     C-1050171
Filed Dec 10, 2025 8:39 AM        A
Andrea Hebert
Deputy Clerk of Court
E-File Received Dec 09, 2025 7:12 PM

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NUMBER: 1050171                                    DIVISION: A

THE OAKS OF BRUSLY, LLC

vs.

PRINCETON EXCESS AND SURPLUS INSURANCE CO.; LEXINGTON INSURANCE CO.; HDI GLOBAL SPECIALTY SE; RENAISSANCERE SYNDICATE 1458; WR BERKLEY SYNDICATE 1967; NAVIGATORS SPECIALTY INSURANCE CO.; EVANSTON INSURANCE CO.; SCOTTSDALE INSURANCE CO.; ASPEN SPECIALTY INSURANCE CO.; GOTHAM INSURANCE CO.; QBE UK LTD.; and JEM UNDERWRITING MANAGERS, LLC

---

**PLAINTIFF'S MOTION TO COMPEL
DEFENDANTS TO RESPOND TO WRITTEN DISCOVERY**

---

NOW INTO COURT, through undersigned counsel, comes plaintiff, **The Oaks of Brusly, LLC** ("Plaintiff" or "Oaks of Brusly"), who respectfully represents that Defendants, **The Princeton Excess and Surplus Lines Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Renaissance Re Syndicate 1458, WR Berkley Syndicate 1967, Navigators Specialty Insurance Company, Evanston Insurance Company, Scottsdale Insurance Company, Aspen Specialty Insurance Company, Gotham Insurance Company, and QBE UK Ltd.** (collectively, the "Defendants"), have failed to respond to Requests for Admissions, Interrogatories, and Requests for Production of Documents that were propounded by Plaintiff more than three months ago on August 26, 2025. For reasons more fully outlined in the supporting memorandum attached hereto, mover prays that Defendants be ordered to show cause why they should not be compelled to respond to the discovery. Mover, further, prays that Defendants be cast for attorney's fees and costs incurred by Oaks of Brusly in bringing this rule.

WHEREFORE, Plaintiff, **The Oaks of Brusly, LLC,** prays that this Court order Defendants, **The Princeton Excess and Surplus Lines Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Renaissance Re Syndicate 1458, WR Berkley Syndicate 1967, Navigators Specialty Insurance Company, Evanston Insurance Company, Scottsdale Insurance Company, Aspen Specialty Insurance**

Company, **Gotham Insurance Company, and QBE UK Ltd.,** to produce responses to

written discovery and for the costs and fees associated with bringing this Motion.

Date: December 9, 2025                              Respectfully Submitted,

                                                    **THE KRELLER LAW FIRM**

                                                    _[signature]_

                                                    _____

                                                    Stephen Skelly Kreller (Bar No. 28440)
                                                    650 Poydras Street, Suite 2828
                                                    New Orleans, LA 70130
                                                    T: (504) 484-3488
                                                    F: (888) 294-6091
                                                    E: ssk@krellerlaw.com

                                                    AND

                                                    **MCCARTHY LAW FIRM**

                                                    _[signature]_

                                                    _____

                                                    Matthew M. McCarthy (Bar No. 36983)
                                                    650 Poydras Street, Suite 2828
                                                    New Orleans, LA 70130
                                                    T: (504) 319-8166
                                                    E: mattmccarthylaw@gmail.com

                                                    **_Attorneys for The Oaks of Brusly, LLC_**

2

## CERTIFICATE OF SERVICE

I hereby certify that I have this 9th day of December, 2025, served a copy of the

foregoing by email and/or United States Mail, postage prepaid to the following:

Mr. Pablo Gonzalez, Esq.
Mr. Ryan P. Telep, Esq.
Phelps Dunbar, LLP
365 Canal St., Ste. 2000
New Orleans, LA 70130
T: (504) 566-1311
F: (504) 568-9130
E: pablo.gonzalez@phelps.com
E: ryan.telep@phelps.com

*Attorneys for The Princeton Excess and Surplus Lines Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Renaissance RE Syndicate 1458, WR Berkley Syndicate 1967, Navigators Specialty Insurance Company, Evanston Insurance Company, Scottsdale Insurance Company, Aspen Specialty Insurance Company, Gotham Insurance Company, and QBE UK LTD.*

_____
Matthew M. McCarthy

3

West Baton Rouge Parish     C-1050171
Filed Dec 10, 2025 8:39 AM          A
Andrea Hebert
Deputy Clerk of Court
E-File Received Dec 09, 2025 7:12 PM

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NUMBER: 1050171                                                      DIVISION: A

THE OAKS OF BRUSLY, LLC

vs.

PRINCETON EXCESS AND SURPLUS INSURANCE CO.; LEXINGTON INSURANCE CO.; HDI
GLOBAL SPECIALTY SE; RENAISSANCERE SYNDICATE 1458; WR BERKLEY SYNDICATE
1967; NAVIGATORS SPECIALTY INSURANCE CO.; EVANSTON INSURANCE CO.;
SCOTTSDALE INSURANCE CO.; ASPEN SPECIALTY INSURANCE CO.; GOTHAM INSURANCE
CO.; QBE UK LTD.; and JEM UNDERWRITING MANAGERS, LLC

---

**ORDER**

---

Considering the foregoing Motion to Compel;

IT IS ORDERED that Defendants, **The Princeton Excess and Surplus Lines
Insurance Company, Lexington Insurance Company, HDI Global Specialty SE,
Renaissance Re Syndicate 1458, WR Berkley Syndicate 1967, Navigators Specialty
Insurance Company, Evanston Insurance Company, Scottsdale Insurance Company,
Aspen Specialty Insurance Company, Gotham Insurance Company, and QBE UK Ltd.**,
show cause on the __4__ day of **February**, 2026, at __9__ a.m., why the Motion to
Compel filed by Plaintiff, **The Oaks of Brusly, LLC**, should not be granted as prayed for.

Signed this the __11__ day of __December__, 2025, in Port Allen, Louisiana.

_(signature)_

HONORABLE J. KEVIN KIMBALL

**Plaintiff will serve all parties
pursuant to La. CCP Article 1313**

4

_Brittany Dickinson_

Certified True and
Correct Copy
CertID: 2025121500028

West Baton Rouge Parish
Deputy Clerk Of Court

Generated Date:
12/15/2025 2:49 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

C-1050171
A

West Baton Rouge Parish
Filed Dec 10, 2025 8:39 AM
Andrea Hebert
Deputy Clerk of Court
E-File Received Dec 09, 2025 7:12 PM

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NUMBER: 1050171                                             DIVISION:  A

THE OAKS OF BRUSLY, LLC

vs.

PRINCETON EXCESS AND SURPLUS INSURANCE CO.; LEXINGTON INSURANCE CO.; HDI
GLOBAL SPECIALTY SE; RENAISSANCERE SYNDICATE 1458; WR BERKLEY SYNDICATE
1967; NAVIGATORS SPECIALTY INSURANCE CO.; EVANSTON INSURANCE CO.;
SCOTTSDALE INSURANCE CO.; ASPEN SPECIALTY INSURANCE CO.; GOTHAM INSURANCE
CO.; QBE UK LTD.; and JEM UNDERWRITING MANAGERS, LLC

---

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**
---

MAY IT PLEASE THE COURT:

More than three months ago, on or about August 26, 2025, plaintiff, The Oaks of
Brusly, LLC ("Plaintiff" or "Oaks of Brusly"), propounded Requests for Admissions,
Interrogatories; Requests for Production of Documents; and Requests for Admissions upon
Defendants, The Princeton Excess and Surplus Lines Insurance Company, Lexington
Insurance Company, HDI Global Specialty SE, Renaissance Re Syndicate 1458, WR Berkley
Syndicate 1967, Navigators Specialty Insurance Company, Evanston Insurance Company,
Scottsdale Insurance Company, Aspen Specialty Insurance Company, Gotham Insurance
Company, and QBE UK Ltd., attached hereto as Exhibits A – K.

As of October 7, 2025, Defendants had not provided responses to said discovery.  On
that same date, undersigned counsel sent an email to counsel for Defendants requesting the
status of the responses and setting a Rule 10.1 discovery conference for October 10, 2025.
*See* attached Exhibit L – Email to Ryan Telep and Pablo Gonzalez.

The 10.1 discovery conference scheduled for October 10, 2025 did not take place due
to a calendaring error on behalf of counsel for Plaintiff; however, counsel for Defendants
acknowledged the scheduled Rule 10.1 discovery conference and requested a fourteen-day
extension for Defendants to respond to Plaintiff's discovery.  Counsel for Plaintiff agreed to
the requested fourteen-day extension by email.  On October 14, 2025, counsel for Plaintiff
and counsel for Defendants did hold a 10.1 discovery conference via telephone; and it was

confirmed that Defendants would have discovery responses to Plaintiff by October 24, 2025. *See* attached Exhibit L – Email thread with counsel for Defendants.

As of the date of the filing of Plaintiff's Motion to Compel, no responses have been received from Defendants.

Mover therefore prays that its Motion to Compel be granted in accordance with La. C.C.P. 1469 and that Defendants be cast for attorney's fees and costs incurred by Plaintiff in bringing this rule.

Date: December 9, 2025                    Respectfully Submitted,

**THE KRELLER LAW FIRM**

_____

Stephen Skelly Kreller (Bar No. 28440)
650 Poydras Street, Suite 2828
New Orleans, LA 70130
T: (504) 484-3488
F: (888) 294-6091
E: ssk@krellerlaw.com

AND

**MCCARTHY LAW FIRM**

_____

Matthew M. McCarthy (Bar No. 36983)
650 Poydras Street, Suite 2828
New Orleans, LA 70130
T: (504) 319-8166
E: mattmccarthylaw@gmail.com

*Attorneys for The Oaks of Brusly, LLC*

6

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 9th day of December, 2025, served a copy of the

foregoing by email and/or United States Mail, postage prepaid to the following:

Mr. Pablo Gonzalez, Esq.
Mr. Ryan P. Telep, Esq.
Phelps Dunbar, LLP
365 Canal St., Ste. 2000
New Orleans, LA 70130
T: (504) 566-1311
F: (504) 568-9130
E: pablo.gonzalez@phelps.com
E: ryan.telep@phelps.com

***Attorneys for The Princeton Excess and
Surplus Lines Insurance Company,
Lexington Insurance Company, HDI
Global Specialty SE, Renaissance RE
Syndicate 1458, WR Berkley Syndicate
1967, Navigators Specialty Insurance
Company, Evanston Insurance Company,
Scottsdale Insurance Company, Aspen
Specialty Insurance Company, Gotham
Insurance Company, and QBE UK LTD.***

_____
Matthew M. McCarthy

7

C-1050171
A

West Baton Rouge Parish
Filed Dec 10, 2025 8:39 AM
Andrea Hebert
Deputy Clerk of Court
E-File Received Dec 09, 2025 7:12 PM

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NUMBER:  1050171                                           DIVISION:  A

THE OAKS OF BRUSLY, LLC

vs.

PRINCETON EXCESS AND SURPLUS INSURANCE CO.; LEXINGTON INSURANCE CO.; HDI
GLOBAL SPECIALTY SE; RENAISSANCERE SYNDICATE 1458; WR BERKLEY SYNDICATE
1967; NAVIGATORS SPECIALTY INSURANCE CO.; EVANSTON INSURANCE CO.;
SCOTTSDALE INSURANCE CO.; ASPEN SPECIALTY INSURANCE CO.; GOTHAM INSURANCE
CO.; QBE UK LTD.; and JEM UNDERWRITING MANAGERS, LLC

---

### RULE 10.1 CERTIFICATE

---

I, Stephen S. Kreller, counsel for Plaintiff, **The Oaks of Brusly, LLC**, hereby certify that

pursuant to Local Rule 10.1 of the 18th Judicial District Court for the Parish of West Baton

Rouge, my office conferred with opposing counsel and has attempted to amicably resolve the

issues raised by the Motion to Compel.

On August 26, 2025, Plaintiff propounded discovery upon Defendants, **The
Princeton Excess and Surplus Lines Insurance Company, Lexington Insurance
Company, HDI Global Specialty SE, Renaissance Re Syndicate 1458, WR Berkley
Syndicate 1967, Navigators Specialty Insurance Company, Evanston Insurance
Company, Scottsdale Insurance Company, Aspen Specialty Insurance Company,
Gotham Insurance Company, and QBE UK Ltd.**

A Rule 10.1 Discovery Conference was held on October 14, 2025, during which

counsel for Defendants agreed to provide responses by October 24, 2025. To date,

Defendants have not provided responses.

Certified this 9th day of December, 2025.

_____
Stephen S. Kreller

8



## AMANDA G. THIES

### WEST BATON ROUGE PARISH CLERK OF COURT

850 Eighth Street  •  P.O. Box 107  •  Port Allen, LA 70767  •  (225)383-0378

Dear Counsel,

A friendly reminder that on January 1, 2026 **Act 352** of the 2025 Louisiana Legislature becomes effective.  Act 352 amends LA CCP Art 253 by requiring attorneys to file pleadings in person or electronically **NOT BY MAIL OR FAX.**  This requirement is for both Civil and Criminal pleadings.

 In part, **LA CCP Art 253** states,

> *"B (2) On and after January 1, 2026, all filings as provided in Paragraph A of this Article and all other provisions of this Chapter filed by an attorney shall only be filed in person in paper form or transmitted electronically in accordance with a system established by a clerk of court or by Louisiana Clerks' Remote Access Authority. The filer shall be responsible for ensuring that private information is not included in filings. No filing shall include the first five digits of any social security number, tax identification numbers, state identification numbers, driver's license numbers, financial account numbers, full dates of birth, or any information protected from disclosure by state or federal law. The clerk of court shall adopt a system for the electronic filing and storage of any pleading, document, or exhibit filed with a pleading. A pleading or document filed electronically is deemed filed on the date and time stated on the confirmation of electronic filing sent from the system, if the clerk of court accepts the electronic filing. Public access to electronically filed pleadings and documents shall be in accordance with the rules governing access to paper filings."*

There are exceptions, so I urge you to become familiar with CCP Art 253.  Please also note the filer is responsible for redacting the listed information.

Electronic filing links for all parishes are provided on Eclerksla.com.


Wishing you a Happy Holiday,

*Amanda G. Thies*

Amanda Gross Thies
Clerk of Court, West Baton Rouge Parish

West Baton Rouge Parish     C-1050171
Filed Jan 08, 2026 3:56 PM     A
Andrea Hebert
Deputy Clerk of Court
E-File Received Jan 08, 2026 3:51 PM

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NUMBER: 1050171                                              DIVISION: A

THE OAKS OF BRUSLY, LLC

vs.

PRINCETON EXCESS AND SURPLUS INSURANCE CO.; LEXINGTON INSURANCE CO.; HDI GLOBAL SPECIALTY SE; RENAISSANCERE SYNDICATE 1458; WR BERKLEY SYNDICATE 1967; NAVIGATORS SPECIALTY INSURANCE CO.; EVANSTON INSURANCE CO.; SCOTTSDALE INSURANCE CO.; ASPEN SPECIALTY INSURANCE CO.; GOTHAM INSURANCE CO.; QBE UK LTD.; and JEM UNDERWRITING MANAGERS, LLC

_____

**PLAINTIFF'S MOTION TO SET STATUS CONFERENCE**
_____

NOW INTO COURT, through undersigned counsel, comes plaintiff, The Oaks of Brusly, LLC ("Plaintiff" or "Oaks of Brusly"), who respectfully requests that this Honorable Court schedule a status conference to set a trial date and pre-trial deadlines for this matter.

The parties are currently scheduled to attend this Honorable Court on February 4, 2026, for hearings on the *Peremptory Exception of No Cause of Action* filed by Defendant, JEM Underwriting Managers, LLC, and the *Motion to Compel* filed by Plaintiff. As such, Plaintiff respectfully requests that the Court set this matter for that same date. Counsel for Defendants consents to the filing of this motion.

WHEREFORE, Plaintiff, The Oaks of Brusly, LLC, prays that the Court schedule a status conference on February 4, 2026, to select a trial date and pre-trial deadlines.

Date: January 8, 2026                    Respectfully Submitted,

**THE KRELLER LAW FIRM**

*[signature]*

_____
Stephen Skelly Kreller (Bar No. 28440)
650 Poydras Street, Suite 2828
New Orleans, LA 70130
T: (504) 484-3488
F: (888) 294-6091
E: ssk@krellerlaw.com

AND

MCCARTHY LAW FIRM

_____
Matthew M. McCarthy (Bar No. 36983)
650 Poydras Street, Suite 2828
New Orleans, LA 70130
T: (504) 319-8166
E: mattmccarthylaw@gmail.com

***Attorneys for The Oaks of Brusly, LLC***

### CERTIFICATE OF SERVICE

I hereby certify that I have this 8th day of January, 2026, served a copy of the foregoing

by email and/or United States Mail, postage prepaid to the following:

Mr. Pablo Gonzalez, Esq.
Mr. Ryan P. Telep, Esq.
Phelps Dunbar, LLP
365 Canal St., Ste. 2000
New Orleans, LA 70130
T: (504) 566-1311
F: (504) 568-9130
E: pablo.gonzalez@phelps.com
E: ryan.telep@phelps.com

***Attorneys for The Princeton Excess and
Surplus Lines Insurance Company,
Lexington Insurance Company, HDI
Global Specialty SE, Renaissance RE
Syndicate 1458, WR Berkley Syndicate
1967, Navigators Specialty Insurance
Company, Evanston Insurance Company,
Scottsdale Insurance Company, Aspen
Specialty Insurance Company, Gotham
Insurance Company, and QBE UK LTD.***

_____
Matthew M. McCarthy

2

West Baton Rouge Parish
Filed Jan 08, 2026 3:56 PM
Andrea Hebert
Deputy Clerk of Court
E-File Received Jan 08, 2026 3:51 PM

C-1050171
A

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NUMBER:  1050171                                    DIVISION:  A

THE OAKS OF BRUSLY, LLC

vs.

PRINCETON EXCESS AND SURPLUS INSURANCE CO.; LEXINGTON INSURANCE CO.; HDI GLOBAL SPECIALTY SE; RENAISSANCERE SYNDICATE 1458; WR BERKLEY SYNDICATE 1967; NAVIGATORS SPECIALTY INSURANCE CO.; EVANSTON INSURANCE CO.; SCOTTSDALE INSURANCE CO.; ASPEN SPECIALTY INSURANCE CO.; GOTHAM INSURANCE CO.; QBE UK LTD.; and JEM UNDERWRITING MANAGERS, LLC

---

## ORDER

---

Considering the foregoing Motion to Set Status Conference;

IT IS ORDERED that a status conference to select a trial date and pre-trial deadlines in this matter shall be held on the __4__ day of _____March_____, 2026, at __9__ a.m. / p.m.

Signed this the __14__ day of _____January_____, 2026, in Port Allen, Louisiana.

_____
**HONORABLE J. KEVIN KIMBALL**

**Plaintiff will serve all parties
pursuant to La. CCP Article 1313**

3



D2977726

# RULE NISI

| | |
|---|---|
| **THE OAKS OF BRUSLY, LLC** | **18TH JUDICIAL DISTRICT** |
| **VS** | **DOCKET NUMBER: C-1050171 A** |
| **PRINCETON EXCESS AND SURPLUS INSURANCE CO., ET AL** | **WEST BATON ROUGE PARISH STATE OF LOUISIANA** |

SERVE:    STEPHEN S. KRELLER
KRELLER LAW FIRM
650 POYDRAS ST., STE 2828
NEW ORLEANS, LA 70130

*RETURN TO W B R CLERK*

**Received by Mail**

WHEREAS, BY VIRTUE OF AN ORDER ISSUED OUT OF THE 18TH JUDICIAL DISTRICT COURT OF THE STATE OF LOUISIANA IN THE ABOVE ENTITLED AND NUMBERED CAUSE. YOU, ARE HEREBY ORDERED TO SHOW CAUSE, IF YOU CAN, BEFORE THE HONORABLE J KEVIN KIMBALL, JUDGE, <u>ON DECEMBER 11, 2025, AT 1:00 PM,</u> TO BE HELD IN THE WEST BATON ROUGE PARISH COURTHOUSE IN PORT ALLEN, LOUISIANA, WHY:

**SEE ATTACHED ORDER TO SHOW CAUSE**

WITNESS THE HONORABLE JUDGES OF SAID COURT, AT PORT ALLEN, LA., ON 17TH DAY OF NOVEMBER, 2025.

**Attorney: TELEP, RYAN P.**

*Brittany Dickinson*



DEPUTY CLERK OF COURT
AMANDA G. THIES, CLERK OF COURT 18TH
JDC/WEST BATON ROUGE PARISH
P.O. BOX 107
PORT ALLEN, LA 70767

RCVD '25DEC05PM3:37
Orleans Parish Sheriff's Office

2024 JAN 20 PM12: 05
RECEIVED AND FILED
CLERK OF COURT
WEST BATON ROUGE PARISH

60 1050171/ 3 / 9102
60 / MG
Badge #



RECEIVED ON THE ___8___ DAY OF __DEC__, 20 _25_ AND ON THE ___8___ DAY OF __DEC__, 20_25_ SERVED THE ABOVE-NAMED PARTY AS FOLLOWS:
PERSONAL SERVICE: ON _Stephen Kreller_.
DOMICILIARY SERVICE: ON THE WITHIN NAMED _____, BY LEAVING THE SAME AT HIS DOMICILE IN THIS PARISH IN THE HANDS OF _____, A PERSON OF SUITABLE AGE AND DISCRETION.
DUE AND DILIGENT: AFTER DILIGENT SEARCH AND INQUIRY, WAS UNABLE TO FIND THE WITHIN NAMED _____ OR HIS DOMICILE, OR ANYONE LEGALLY AUTHORIZED TO REPRESENT HIM.
RETURNED: PARISH OF _____ THIS _____ DAY OF _____, 20___.
DEPUTY SHERIFF

(60) 1050171 - Service Date 12/08/2025 Time 9:29 AM
STEPHEN S. KRELLER

Personal at 650 POYDRAS ST
Keisha Pope # , Orleans
Rule; Serial# 3;
STEPHEN KRELLER

Signature

12/8
9:29
Personal Service
by K. Pope

Case 3:26-cv-00217-BAJ-EWD     Document 1-1     03/02/26   Page 76 of 127

West Baton Rouge Parish
Filed Jan 29, 2026 10:42 AM
Andrea Hebert
Deputy Clerk of Court
E-File Received Jan 29, 2026 10:26 AM

C-1050171
A

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NUMBER: 1050171                                          DIVISION: A

THE OAKS OF BRUSLY, LLC

vs.

PRINCETON EXCESS AND SURPLUS INSURANCE CO.; LEXINGTON INSURANCE CO.; HDI GLOBAL SPECIALTY SE; RENAISSANCERE SYNDICATE 1458; WR BERKLEY SYNDICATE 1967; NAVIGATORS SPECIALTY INSURANCE CO.; EVANSTON INSURANCE CO.; SCOTTSDALE INSURANCE CO.; ASPEN SPECIALTY INSURANCE CO.; GOTHAM INSURANCE CO.; QBE UK LTD.; and JEM UNDERWRITING MANAGERS, LLC

_____

**VOLUNTARY MOTION TO DISMISS**
_____

**NOW INTO COURT**, through undersigned counsel, comes plaintiff, The Oaks of Brusly, LLC ("Plaintiff" or "Oaks of Brusly"), and, pursuant to La. C.C.P. art. 1671, respectfully moves this Honorable Court to dismiss defendant, JEM Underwriting Managers, LLC ("JEM"), only, without prejudice, with Plaintiff's rights reserved against all other parties. Plaintiff represents that JEM has not made an appearance in this proceeding.

**WHEREFORE**, Plaintiff prays that this Motion be granted, and that JEM be dismissed, without prejudice, with Plaintiff's rights reserved against all other parties.

January 27, 2026                          Respectfully Submitted,

                                          **THE KRELLER LAW FIRM**

                                          _____
                                          Stephen Skelly Kreller (Bar No. 28440)
                                          650 Poydras Street, Suite 2828
                                          New Orleans, LA 70130
                                          T: (504) 484-3488
                                          F: (888) 294-6091
                                          E: ssk@krellerlaw.com

                                          AND

                                          **MCCARTHY LAW FIRM**

                                          _____
                                          Matthew M. McCarthy (Bar No. 36983)
                                          650 Poydras Street, Suite 2828

New Orleans, LA 70130
T: (504) 319-8166
E: mattmccarthylaw@gmail.com

**Attorneys for *The Oaks of Brusly, LLC***

<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that I have on this 27th day of January, 2026, served a copy of the foregoing on counsel for all parties to this proceeding, by mailing the same by United States mail properly addressed, and first-class postage prepared and/or facsimile and/or electronic mail.

_____
Matthew M. McCarthy

2

C-1050171
A

West Baton Rouge Parish
Filed Jan 29, 2026 10:42 AM
Andrea Hebert
Deputy Clerk of Court
E-File Received Jan 29, 2026 10:26 AM

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NUMBER: 1050171                                               DIVISION: A

THE OAKS OF BRUSLY, LLC

vs.

PRINCETON EXCESS AND SURPLUS INSURANCE CO.; LEXINGTON INSURANCE CO.; HDI GLOBAL SPECIALTY SE; RENAISSANCERE SYNDICATE 1458; WR BERKLEY SYNDICATE 1967; NAVIGATORS SPECIALTY INSURANCE CO.; EVANSTON INSURANCE CO.; SCOTTSDALE INSURANCE CO.; ASPEN SPECIALTY INSURANCE CO.; GOTHAM INSURANCE CO.; QBE UK LTD.; and JEM UNDERWRITING MANAGERS, LLC

_____

**ORDER**
_____

Considering the Voluntary Motion to Dismiss with Prejudice filed by plaintiff, The Oaks of Brusly, LLC:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Voluntary Motion to Dismiss be and is hereby **GRANTED**;

**IT IS HEREBY FURTHERED ORDERED, ADJUDGED AND DECREED** that defendant, JEM Underwriting Managers, LLC, be and is hereby **DISMISSED**, without prejudice, and with Plaintiff's rights reserved against all other parties.

Port Allen, Louisiana, this __02__ day of _____February_____, 2026.

_____
**HON. J. KEVIN KIMBALL**
**18TH JUDICIAL DISTRICT COURT JUDGE**

**Filed by Court on February 09, 2026 3:41 PM**

3

West Baton Rouge Parish
Filed Feb 03, 2026 11:51 AM
Andrea Hebert
Deputy Clerk of Court
E-File Received Feb 03, 2026 11:11 AM

C-1050171
A

18ᵀᴴ JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NUMBER 1050171                                              DIVISION "A"

THE OAKS OF BRUSLY, LLC

VERSUS

PRINCETON EXCESS AND SURPLUS INSURANCE COMPANY, ET AL.

FILED: _____          _____
                                                    DEPUTY CLERK

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S (MOOT) MOTION TO COMPEL**

**NOW INTO COURT**, through undersigned counsel, come Defendants, The Princeton

Excess and Surplus Lines Insurance Company, Lexington Insurance Company, HDI Global

Specialty SE, Renaissance Re Syndicate 1458, WR Berkley Syndicate 1967, Navigators Specialty

Insurance Company, Evanston Insurance Company, Scottsdale Insurance Company, Aspen

Specialty Insurance Company, Gotham Insurance Company, and QBE UK Ltd. (the "Insurers"),

who respectfully oppose the *Motion to Compel* filed by Plaintiff, The Oaks of Brusly, LLC

("Plaintiff") because it is moot.

Plaintiff filed a *Motion to Compel on December 9, 2025*, seeking an order compelling the

Insurers to serve responses to Plaintiff's written discovery. On January 27, 2026, the Insurers

served their responses. *See* Exhibit A, *Defendants' Responses to Plaintiff's Discovery Requests*.

The discovery production included every non-privileged document related to the claim.

Additionally, the entire underwriting file for the Policy was produced in response to a subpoena

by JEM Underwriting Managers, LLC. The responses rendered the hearing moot, but Plaintiff,

through counsel, notified the undersigned on Monday, February 2, 2026, that Plaintiff was moving

forward with the hearing on the *Motion to Compel* on Wednesday, February 4, 2026. Despite the

fact that Plaintiff has not responded to the Insurers' discovery requests (propounded on October 1,

2025), Plaintiff still continues with its *Motion to Compel.* However, the only relief requested by

Plaintiff in the *Motion to Compel* (and that is properly in front of this Honorable Court) is an order

compelling response to its discovery requests. The Insurers have provided the complete responses

to the discovery requests. Plaintiff's *Motion to Compel*, and the relief sought therein, is moot. There is nothing before this Honorable Court.

Furthermore, Plaintiff is not entitled to attorney's fees and costs in relation to the *Motion to Compel*. It is unclear what exactly Plaintiff is even claiming is deficient from the record. No written explanation or list of deficient responses has even been provided. Plaintiff's *Motion to Compel* prays that this Honorable Court order that the Insurers respond to the discovery requests. The Insurers have responded fully and accurately. Plaintiff's relief cannot be granted as the Insurers have already provided the responses. Accordingly, fees and costs are inappropriate given the fact that complete and accurate responses have already been provided.

**WHEREFORE,** Defendants, The Princeton Excess and Surplus Lines Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Renaissance Re Syndicate 1458, WR Berkley Syndicate 1967, Navigators Specialty Insurance Company, Evanston Insurance Company, Scottsdale Insurance Company, Aspen Specialty Insurance Company, Gotham Insurance Company, and QBE UK Ltd., respectfully pray that the *Motion to Compel* filed by Plaintiff, The Oaks of Brusly, LLC, be denied as moot.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY: _____

Pablo Gonzalez (Bar No. 29215)
Ryan P. Telep (Bar No. 37892)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile: 504-568-9130
Email: pablo.gonzalez@phelps.com
          ryan.telep@phelps.com

**ATTORNEYS FOR DEFENDANTS,
THE PRINCETON EXCESS AND SURPLUS
LINES INSURANCE COMPANY,
LEXINGTON INSURANCE COMPANY,
HDI GLOBAL SPECIALTY SE,
RENAISSANCE RE SYNDICATE 1458, WR
BERKLEY SYNDICATE 1967,
NAVIGATORS SPECIALTY INSURANCE
COMPANY, EVANSTON INSURANCE
COMPANY, SCOTTSDALE INSURANCE
COMPANY, ASPEN SPECIALTY
INSURANCE COMPANY, GOTHAM
INSURANCE COMPANY, AND QBE UK
LTD.**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 3rd day of February, 2026, I have served a copy of the foregoing *Defendants' Opposition to Plaintiff's Motion to Compel* on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first-class postage prepaid.

_____
Ryan P. Telep (Bar No. 37892)

- 3 -

C-1050171
A

**18TH JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE**

**STATE OF LOUISIANA**

**NUMBER 1050171**                                                 **DIVISION "A"**

**THE OAKS OF BRUSLY, LLC**

**VERSUS**

**PRINCETON EXCESS AND SURPLUS INSURANCE COMPANY, ET AL.**

FILED: _____                     _____

                                                                    **DEPUTY CLERK**

**THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, HDI GLOBAL SPECIALTY SE, RENAISSANCE RE SYNDICATE 1458, WR BERKLEY SYNDICATE 1967, NAVIGATORS SPECIALTY INSURANCE COMPANY, EVANSTON INSURANCE COMPANY, SCOTTSDALE INSURANCE COMPANY, ASPEN SPECIALTY INSURANCE COMPANY, GOTHAM INSURANCE COMPANY, AND QBE UK LTD.'S RESPONSES TO PLAINTIFF'S DISCOVERY REQUESTS**

**NOW,** through undersigned counsel, come Defendants, The Princeton Excess and Surplus Lines Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Renaissance Re Syndicate 1458, WR Berkley Syndicate 1967, Navigators Specialty Insurance Company, Evanston Insurance Company, Scottsdale Insurance Company, Aspen Specialty Insurance Company, Gotham Insurance Company, and QBE UK Ltd. (the "Insurers"), who respectfully respond to the *Requests for Admission*, *Interrogatories*, and *Requests for Production of Documents* (collectively the "*Discovery Requests*") propounded by Plaintiff, The Oaks of Brusly, LLC ("Plaintiff").

**GENERAL OBJECTIONS**

1.      The Insurers object to the *Discovery Requests* insofar as they purport to impose upon the Insurers obligations that exceed those set forth in the Louisiana Code of Civil Procedure.

2.      The Insurers object to the *Discovery Requests* to the extent they are overly broad, oppressive, vague, and/or unduly burdensome.

3.      The Insurers object to the *Discovery Requests* to the extent they call for disclosure of confidential, proprietary and/or sensitive information or documents to which Plaintiff is not entitled to have access or the disclosure of which would be inappropriate in the circumstances of this action. To the extent the Insurers are required to produce such

┌─────────────┐
│  **EXHIBIT** │
│      **A**   │
└─────────────┘

information or documents, which is not otherwise objectionable, the Insurers object to doing so except pursuant to the terms of a protective order to be entered by the Court.

4. The Insurers object to the *Discovery Requests* to the extent they seek production of any privileged information, information subject to the attorney/client privilege or work product doctrine, and/or information prepared in anticipation of litigation. Any response herein indicating that requested information is being divulged is expressly made subject to any claims of privilege that may be applicable to such specific information. Inadvertent production of any privileged documents or information shall not constitute the waiver of any privilege.

5. The Insurers note that documents withheld on the basis of privilege that may otherwise be responsive to one or more of the *Discovery Requests* include all correspondence and communications between the Insurers and its counsel and all documents created by the Insurers, its counsel or its experts or consultants that are covered by the work product doctrine.

6. The Insurers object to the *Discovery Requests* to the extent they seek information and/or documents outside the time period relevant to the subject matter of this lawsuit or are not reasonably limited to the claims at issue in this case.

7. The Insurers object to each of the *Discovery Requests* to the extent it seeks information from (or about) persons other than the Insurers and/or seeks information that is not in the Insurers' custody or control.

8. The Insurers object to each of the *Discovery Requests* seeking information or documents that are already available to Plaintiff or is in the possession, custody, or control of Plaintiff, including, but not limited to, documents and information that are public records or equally available to Plaintiff.

9. The Insurers object to Plaintiffs' *Interrogatories* and *Request for Production of Documents* to the extent they seek information that is not relevant or likely to lead to admissible evidence.

10.     The Insurers object to each *Interrogatory* and *Request for Production of Documents* to the extent that the requested information is confidential and invasive to the privacy interest of non-parties to this litigation.

11.     The Insurers does not concede the relevancy or materiality of the information sought in the *Discovery Requests* or of the subject matter to which the *Discovery Requests* refer. The Insurers' response to any request is made subject to, and without in any way waiving or intending to waive, any questions as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information referred to or of the responses given herein, or of the subject matter thereof, in any proceeding.

12.     The Insurers object to each of the *Discovery Requests* that require the Insurers to make legal conclusions or to determine whether documents have a certain legal effect in order to determine which documents to produce. The Insurers are   not required to make those determinations for Plaintiff.

13.     The Insurers object to each of the *Discovery Requests* to the extent the request presumes factual bases which are untrue or contain contentions of fact or law that are contested or are argumentative.

14.     The Insurers object to the *Discovery Requests* to the extent they are premature. The Insurers have not completed discovery in this action, and has not completed their preparation for hearings and/or trial in this matter. The Insurers will undertake all reasonable efforts to locate and provide documents and information. The Insurers' investigation is continuing, and responses will be based upon such information, as is reasonably available to the Insurers and susceptible to retrieval through reasonable efforts. The Insurers reserve the right to supplement and/or amend any and all of its responses. Any responses or documents provided in connection with Plaintiffs' *Discovery Requests* are based upon information presently known to the Insurers and are given without prejudice to its rights to produce evidence of any subsequently discovered documents or facts.

Without waiving any of the foregoing General Objections, and specifically subject thereto, the Insurers further responds as follows:

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Policy No. JEM-23-PP-1131 was in full force and effect on June 20, 2023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Denied as stated. Further answering, the Insurers issued the Policy to The Oaks of Brusly for the period March 15, 2023 to March 15, 2024, which provides certain insurance coverage subject to the terms, conditions, provisions, limitations, and exclusions therein.

**REQUEST FOR ADMISSION NO. 2:**

You retained someone to personally inspect (as opposed to a satellite or drone flyover inspection) the Insured Property before you issued the Insurance Policy to Oaks of Brusly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Admitted.

**REQUEST FOR ADMISSION NO. 3:**

You did not retain someone to personally inspect (as opposed to a satellite or drone flyover inspection) the Insured Property before you issued the Insurance Policy to Oaks of Brusly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Denied.

**REQUEST FOR ADMISSION NO. 4:**

You took photographs of the Insured Property before you issued the Insurance Policy to Oaks of Brusly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Admitted.

**REQUEST FOR ADMISSION NO. 5:**

You did not take photographs of the Insured Property before you issued the Insurance Policy to Oaks of Brusly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied.

**REQUEST FOR ADMISSION NO. 6:**

You personally inspected (as opposed to a satellite or drone flyover inspection) the roof of the Insured Property before you issued the Insurance Policy to Oaks of Brusly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

The Insurers cannot truthfully admit or deny the matter as discovery is still ongoing.

**REQUEST FOR ADMISSION NO. 7:**

You did not personally inspect (as opposed to a satellite or drone flyover inspection) the roof of the Insured Property before you issued the Insurance Policy to Oaks of Brusly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

The Insurers cannot truthfully admit or deny the matter as discovery is still ongoing.

**REQUEST FOR ADMISSION NO. 8:**

You received notice of a loss to the Insured Property after the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Denied as stated. Further answering, on March 7, 2024 a claim for damage to the Property from a June 2023 weather event was reported under the Policy.

**REQUEST FOR ADMISSION NO. 9:**

You did not receive notice of a loss to the Insured Property after the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied as stated. Further answering, on March 7, 2024 a claim for damage to the Property from a June 2023 weather event was reported under the Policy.

**REQUEST FOR ADMISSION NO. 10:**

You retained a property damage loss adjuster to physically inspect the Insured Property after the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Denied as stated. Further answering, an independent adjuster was promptly assigned to investigate the alleged loss following notice of the claim.

**REQUEST FOR ADMISSION NO. 11:**

You <u>did not</u> retain a property damage loss adjuster to physically inspect the Insured Property after the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Denied as stated. Further answering, an independent adjuster was promptly assigned to investigate the alleged loss following notice of the claim.

**REQUEST FOR ADMISSION NO. 12:**

You produced to Oaks of Brusly copies of all reports prepared by any property damage loss adjuster(s) and/or consultant(s) who physically inspected the Insured Property after the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Denied as stated. Further answering, all requested reports have been provided to Plaintiff.

**REQUEST FOR ADMISSION NO. 13:**

You <u>did not</u> produce to Oaks of Brusly copies of all reports prepared by any property damage loss adjuster(s) and/or consultant(s) who physically inspected the Insured Property after the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Denied as stated. Further answering, all requested reports have been provided to Plaintiff.

**REQUEST FOR ADMISSION NO. 14:**

You retained Peninsula Insurance Bureau to physically inspect the Insured Property before the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Denied.

**REQUEST FOR ADMISSION NO. 15:**

You <u>did not</u> retain Peninsula Insurance Bureau or anyone from it to inspect the Insured Property before the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Admitted.

**REQUEST FOR ADMISSION NO. 16:**

You retained Keystone Experts and Engineers, LLC to physically inspect the Insured Property before the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied.

**REQUEST FOR ADMISSION NO. 17:**

You did not retain Keystone Experts and Engineers, LLC or anyone from it to inspect the Insured Property before the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Admitted.

**REQUEST FOR ADMISSION NO. 18:**

You were aware of the property damage to Oaks of Brusly caused by the June 20, 2023 windstorm and/or hail event when you issued a renewal policy of property insurance to Oaks of Brusly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Denied as stated.

**REQUEST FOR ADMISSION NO. 19:**

You received photographs of the property damage to Oaks of Brusly after the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Admitted.

**REQUEST FOR ADMISSION NO. 20:**

You did not receive photographs of the property damage to Oaks of Brusly after the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Denied.

**REQUEST FOR ADMISSION NO. 21:**

You received a repair estimate(s) from Oaks of Brusly to repair the property damage to the Insured Property after the June 20, 2023 windstorm and/or hail event.

- 7 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Denied as stated. Further answering, a repair estimate prepared by Premier Claims, LLC was provided by Plaintiff, which does not accurately show the damage or necessary repairs to the property.

**REQUEST FOR ADMISSION NO. 22:**

You did not receive repair estimates from Oaks of Brusly to repair the property damage to the Insured Property after the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

Denied as stated. Further answering, a repair estimate prepared by Premier Claims, LLC was provided by Plaintiff, which does not accurately show the damage or necessary repairs to the property.

**REQUEST FOR ADMISSION NO. 23:**

You received a property damage claim from Oaks of Brusly after the June 20, 2023 windstorm and/or hail event reporting damage to the Insured Property roof.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Denied as stated. Further answering, on March 7, 2024 a claim for damage to the Property from a June 2023 weather event was reported under the Policy.

**REQUEST FOR ADMISSION NO. 24:**

You retained Peninsula Insurance Bureau and/or Todd Moore to assist it with the investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Denied as stated. Peninsula Insurance Bureau, including Todd Moore, was retained as the third party administrator for any claims made under the Policy.

**REQUEST FOR ADMISSION NO. 25:**

You retained Ryan Stubblefield to assist it with the investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Denied as stated. Ryan Stubblefield was assigned to investigate the claim for reported damage to the property from the June 20, 2023 weather event.

**REQUEST FOR ADMISSION NO. 26:**

You retained Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC to assist it with the investigation.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Denied as stated. Keystone Experts and Engineers, LLC was retained to investigate the claim for reported damage to the property from the June 20, 2023 weather event.

**REQUEST FOR ADMISSION NO. 27:**

You learned from Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC that hail up to 2 inches in diameter was possible in Brusly, LA on June 20, 2023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Denied as stated. *Request for Admission No. 27* refers to Keystone's April 22, 2024 Report of Findings, which as a writing, is the best evidence of the contents therein.

**REQUEST FOR ADMISSION NO. 28:**

You learned from Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC that there were hail events with hail measuring between 1.75 and 2 inches reported in Brusly, LA, less than a mile from the Insured Property, on June 20, 2023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Denied as stated. *Request for Admission No. 28* refers to Keystone's April 22, 2024 Report of Findings, which as a writing, is the best evidence of the contents therein.

**REQUEST FOR ADMISSION NO. 29:**

You learned from Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC that hail splatter was observed on metal roof panels, rooftop appurtenances, cap flashing, L flashing, and parapet metal wall siding of "Building A" following the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Denied as stated. *Request for Admission No. 29* refers to Keystone's April 22, 2024 Report of Findings, which as a writing, is the best evidence of the contents therein.

**REQUEST FOR ADMISSION NO. 30:**

You learned from Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC that spatter marks were observed on the condenser fins of a roof-mounted HVAC unit located on "Building A" following the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Denied as stated. *Request for Admission No. 30* refers to Keystone's April 22, 2024 Report of Findings, which as a writing, is the best evidence of the contents therein.

**REQUEST FOR ADMISSION NO. 31:**

You learned from Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC that hail splatter was observed on metal roof panels, rooftop appurtenances, cap flashing, L flashing, and parapet metal wall siding of "Building B" following the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Denied as stated. *Request for Admission No. 31* refers to Keystone's April 22, 2024 Report of Findings, which as a writing, is the best evidence of the contents therein.

**REQUEST FOR ADMISSION NO. 32:**

You learned from Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC that splatter marks were observed on wall-mounted metal electrical boxes and metal paneled siding on the north elevation of "Building B" following the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Denied as stated. *Request for Admission No. 32* refers to Keystone's April 22, 2024 Report of Findings, which as a writing, is the best evidence of the contents therein.

**REQUEST FOR ADMISSION NO. 33:**

You learned from Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC that splatter marks were observed on the downspout and metal siding on the west elevation of "Building B" following the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Denied as stated. *Request for Admission No. 33* refers to Keystone's April 22, 2024 Report of Findings, which as a writing, is the best evidence of the contents therein.

**REQUEST FOR ADMISSION NO. 34:**

You learned from Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC that hail splatter was observed on metal roof panels, rooftop appurtenances, cap flashing, L flashing, and parapet metal wall siding of "Building C" following the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Denied as stated. *Request for Admission No. 34* refers to Keystone's April 22, 2024 Report of Findings, which as a writing, is the best evidence of the contents therein.

**REQUEST FOR ADMISSION NO. 35:**

You learned from Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC that splatter marks were observed on wall-mounted metal electrical boxes and metal paneled siding on the north elevation of "Building C" following the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Denied as stated. *Request for Admission No. 35* refers to Keystone's April 22, 2024 Report of Findings, which as a writing, is the best evidence of the contents therein.

**REQUEST FOR ADMISSION NO. 36:**

You learned from Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC that splatter marks were observed on the downspout and metal siding on the west elevation of "Building C" following the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Denied as stated. Request for Admission No. 36 refers to Keystone's April 22, 2024 Report of Findings, which as a writing, is the best evidence of the contents therein.

**REQUEST FOR ADMISSION NO. 37:**

You learned from Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC that spatter marks and dents were observed on a roof-mounted HVAC unit located on "Building C" following the June 20, 2023 windstorm and/or hail event.

- 11 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

Denied as stated. *Request for Admission No. 37* refers to Keystone's April 22, 2024 Report of Findings, which as a writing, is the best evidence of the contents therein.

**REQUEST FOR ADMISSION NO. 38:**

You learned that Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC did not physically enter or inspect the interiors of the Oaks of Brusly buildings during the April 9, 2024 site inspection.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Denied as stated. *Request for Admission No. 38* refers to Keystone's April 22, 2024 Report of Findings, which as a writing, is the best evidence of the contents therein.

**REQUEST FOR ADMISSION NO. 39:**

You were aware of the age and condition of the roof surfaces of the Insured Property before you issued the Insurance Policy.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Denied as stated.

**REQUEST FOR ADMISSION NO. 40:**

You did not provide Oaks of Brusly with a repair estimate, adjustment, and/or loss report following the initial site visit and inspection by Peninsula Insurance Bureau and/or Ryan Stubblefield.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Denied as stated.

**REQUEST FOR ADMISSION NO. 41:**

You made no payment to Oaks of Brusly for the damages observed by Peninsula Insurance Bureau and/or Ryan Stubblefield.

**RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

Admitted.

PD.60449289.1

**REQUEST FOR ADMISSION NO. 42:**

You did not provide Oaks of Brusly with a repair estimate for the damage(s) to any of the roof systems or appurtenances following the April 9, 2024 site visit and report by Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

Denied as stated.

**REQUEST FOR ADMISSION NO. 43:**

You made no payment to Oaks of Brusly for the damage(s) observed by Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Denied as stated. Further answering, the limited damage observed was well below the 5% Windstorm/Hail Deductible.

**REQUEST FOR ADMISSION NO. 44:**

You retained Peninsula Insurance Bureau to perform property damage adjustment services for it on other properties in Louisiana before June 20, 2023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

The Insurers object to *Request for Admission No. 44* on grounds that the request is not reasonably calculated to lead to discoverable information because it is relevant to the current action and does not relate to Plaintiff's claims.

**REQUEST FOR ADMISSION NO. 45:**

You retained Keystone Experts and Engineers, LLC to perform engineering services for it on other properties in Louisiana before June 20, 2023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

The Insurers object to *Request for Admission No. 45* on grounds that the request is not reasonably calculated to lead to discoverable information because it is relevant to the current action and does not relate to Plaintiff's claims.

**REQUEST FOR ADMISSION NO. 46:**

You could have retained Keystone Experts and Engineers, LLC or any other engineer to inspect the Insured Property before you agreed to issue the Insurance Policy to Oaks of Brusly.

PD.60449289.1

**RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

Admitted.

**REQUEST FOR ADMISSION NO. 47:**

You chose not to retain an engineer to inspect the Insured Property before you agreed to issue the Insurance Policy to Oaks of Brusly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

Admitted.

**REQUEST FOR ADMISSION NO. 48:**

You learned from Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC that roof surfaces of the Insured Property had marks on them consistent with hail splatter measuring approximately 1.75 to 2 inches in size.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Denied as stated. *Request for Admission No. 48* refers to Keystone's April 22, 2024 Report of Findings, which as a writing, is the best evidence of the contents therein.

**REQUEST FOR ADMISSION NO. 49:**

You learned from Erik Moore, P.E., Neil Mekelburg, and Keystone Experts and Engineers, LLC that weather/hail data research indicated that a hail-producing weather event occurred at the Insured Property on June 20, 2023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Denied as stated. *Request for Admission No. 49* refers to Keystone's April 22, 2024 Report of Findings, which as a writing, is the best evidence of the contents therein.

**REQUEST FOR ADMISSION NO. 50:**

You were aware of your statutory obligations as an insurer in Louisiana, including Louisiana Revised Statute § 22:1973 in June of 2023.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Admitted.

**REQUEST FOR ADMISSION NO. 51:**

You made no payment to Oaks of Brusly after the June 20, 2023 windstorm and/or hail event.

- 14 -

**R**ESPONSE TO **R**EQUEST FOR **A**DMISSION **N**O**. 51:**

Admitted.

**R**EQUEST FOR **A**DMISSION **N**O**. 52:**

You issued an insurance coverage disclaimer to Oaks of Brusly relative to the property damage to the Insured Property after the June 20, 2023 windstorm and/or hail event. If denied, provide the date(s) any coverage disclaimers were issued to Oaks of Brusly.

**R**ESPONSE TO **R**EQUEST FOR **A**DMISSION **N**O**. 52:**

Denied as stated. Further answering, the Insurers refer you to the May 8, 2024 correspondence issued by PIB on behalf of the Insurers, June 5, 2024 e-mail issued by PIB on behalf of the Insurers, and March 6, 2025 correspondence issued on behalf of the Insurers.

**R**EQUEST FOR **A**DMISSION **N**O**. 53:**

You did not issue an insurance coverage disclaimer to Oaks of Brusly relative to the property damage to the Insured Property after the June 20, 2023 windstorm and/or hail event. If denied, provide the date(s) any coverage disclaimers were issued to Oaks of Brusly.

**R**ESPONSE TO **R**EQUEST FOR **A**DMISSION **N**O**. 53:**

Denied as stated. Further answering, the Insurers refer you to the May 8, 2024 correspondence issued by PIB on behalf of the Insurers, June 5, 2024 e-mail issued by PIB on behalf of the Insurers, and March 6, 2025 correspondence issued on behalf of the Insurers.

**R**EQUEST FOR **A**DMISSION **N**O**. 54:**

You denied coverage to Oaks of Brusly relative to the property damage to the roof system of the Insured Property after the June 20, 2023 windstorm and/or hail event. If denied, provide the date(s) any coverage denials were issued to Oak of Brusly.

**R**ESPONSE TO **R**EQUEST FOR **A**DMISSION **N**O**. 54:**

Denied as stated. Further answering, the Insurers refer you to its May 8, 2024 correspondence issued by PIB on behalf of the Insurers, June 5, 2024 e-mail issued by PIB on behalf of the Insurers, and March 6, 2025 correspondence issued on behalf of the Insurers.

**REQUEST FOR ADMISSION NO. 55:**

You <u>did not</u> deny coverage to Oaks of Brusly relative to the property damage to the roof system of the Insured Property after the June 20, 2023 windstorm and/or hail event. If denied, provide the date(s) any coverage denials were issued to Oaks of Brusly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Denied as stated. Further answering, the Insurers refer you to its May 8, 2024 correspondence issued by PIB on behalf of the Insurers, June 5, 2024 e-mail issued by PIB on behalf of the Insurers, and March 6, 2025 correspondence issued on behalf of the Insurers.

**REQUEST FOR ADMISSION NO. 56:**

You denied coverage to Oaks of Brusly relative to the property damage to the building interior of the Insured Property after the June 20, 2023 windstorm and/or hail event. If denied, provide the date(s) any coverage denials were issued to Oaks of Brusly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Denied as stated. Further answering, the Insurers refer you to its May 8, 2024 correspondence issued by PIB on behalf of the Insurers, June 5, 2024 e-mail issued by PIB on behalf of the Insurers, and March 6, 2025 correspondence issued on behalf of the Insurers.

**REQUEST FOR ADMISSION NO. 57:**

You <u>did not</u> deny coverage to Oaks of Brusly relative to the property damage to the building interior of the Insured Property after the June 20, 2023 windstorm and/or hail event. If denied, provide the date(s) any coverage denials were issued to Oaks of Brusly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Denied as stated. Further answering, the Insurers refer you to its May 8, 2024 correspondence issued by PIB on behalf of the Insurers, June 5, 2024 e-mail issued by PIB on behalf of the Insurers, and March 6, 2025 correspondence issued on behalf of the Insurers.

**REQUEST FOR ADMISSION NO. 58:**

As a first-party insurer to Oaks of Brusly, you must assist Oaks of Brusly with its claims following the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

The Insurers object to *Request for Admission No. 58* as it seeks a legal conclusion.

- 16 -

**REQUEST FOR ADMISSION NO. 59:**

As a first-party insurer to Oaks of Brusly, you must disclose to Oaks of Brusly all benefits, coverages, and time limits that may apply to its claim following the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

The Insurers object to *Request for Admission No. 59* as it seeks a legal conclusion.

**REQUEST FOR ADMISSION NO. 60:**

As a first-party insurer to Oaks of Brusly, you must conduct a full, fair, and prompt investigation of the Oaks of Brusly claims at your own expense following the June 20, 2023 windstorm and/or hail event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

The Insurers object to *Request for Admission No. 60* as it seeks a legal conclusion.

**REQUEST FOR ADMISSION NO. 61:**

As a first-party insurer to Oaks of Brusly, you must not misrepresent facts to Oaks of Brusly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

The Insurers object to *Request for Admission No. 61* as it seeks a legal conclusion.

**REQUEST FOR ADMISSION NO. 62:**

As a first-party insurer to Oaks of Brusly, you must not misrepresent policy provisions to Oaks of Brusly.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

The Insurers object to *Request for Admission No. 62* as it seeks a legal conclusion.

**REQUEST FOR ADMISSION NO. 63:**

You received a written demand, dated Feb. 2, 2025, from Oaks of Brusly through its counsel Stephen S. Kreller.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Denied as stated.

**REQUEST FOR ADMISSION NO. 64:**

You received a copy of a report prepared by Gurtler Bros. Consultants, Inc., dated Jan, 2, 2025, from Oaks of Brusly through its counsel Stephen S. Kreller.

- 17 -

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Admitted.

**REQUEST FOR ADMISSION NO. 65:**

You received a copy of a repair estimate from Premier Claims, LLC, dated April 28, 2024, from Oaks of Brusly through its counsel Stephen S. Kreller.

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Admitted.

**REQUEST FOR ADMISSION NO. 66:**

You received a copy of 711 color photographs taken by Premier Claims, LLC from Oaks of Brusly through its counsel Stephen S. Kreller.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

Admitted.

**REQUEST FOR ADMISSION NO. 67:**

You have made no written offer to settle the property damage claims made by Oaks of Brusly to the Insured Property following the June 20, 2023 weather event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

The Insurers object to *Request for Admission No. 67* as it seeks a legal conclusion.

**REQUEST FOR ADMISSION NO. 68:**

You have made no payment to Oaks of Brusly for the property damage to the Insured Property following the June 20, 2023 weather event.

**RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

Admitted.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all individuals (by name, address, job title) answering these Interrogatories, or who were contacted in answering these Interrogatories, or who provided information in answering these Interrogatories; and give a description or proper designation of each book, record, or other document which was searched in answering these Interrogatories.

**RESPONSE TO INTERROGATORY NO. 1:**

Todd Moore
Peninsula Insurance Bureau
Third-Party Administrator

**INTERROGATORY NO. 2:**

State the name, address, title/occupation of each and every individual known to you who was involved in any respect whatsoever in the handling of the property damage claims made by Oaks of Brusly herein, and give a brief description or summary of each individual's involvement along with their relationship (whether third party administrator, adjuster, employee and/or subcontractor) to you and state how long this relationship has lasted.

**RESPONSE TO INTERROGATORY NO. 2:**

Todd Moore
Peninsula Insurance Bureau
Third-Party Administrator

Ryan Stubblefield
Peninsula Insurance Bureau
Field Adjuster

Erik Moore, P.E.
Elizabeth Davis, P.E.
Keystone Experts & Engineers
Forensic Engineers

Roman M. Lipiec, CPE, RRC
Nelson Forensics
Building Consultant

Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their responses herein.

**INTERROGATORY NO. 3:**

Identify the person or persons with you who were involved in the underwriting, marketing, or issuance of the insurance policies in question, and in establishing the rates charged for the premium for the said coverage to Oaks of Brusly. For each person identified, please give the name, business name, business address, occupation or title.

PD.60449289.1

**RESPONSE TO INTERROGATORY NO. 3:**

The Insurers object to *Interrogatory No. 3* on grounds that the request is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to discoverable information because it is irrelevant to the current action and does not relate to Plaintiff's claims.

**INTERROGATORY NO. 4:**

Did you establish a reserve for the payment of the Subject Claim by Oaks of Brusly under the Insurance Policy? If so, please identify:

    a.    the date upon which such reserve was set;

    b.    the amount of such reserve;

    c.    the name, business address, telephone number of each person who participated in setting such;

    d.    each and every fact relied upon by you, your employees or your subcontractors in establishing such reserve and the amount thereof;

    e.    an identification of any and all writings relating to the establishment of such reserves; and

    f.    the name, business address and telephone number of the present custodian of any such writings identified in your answer to this interrogatory.

**RESPONSE TO INTERROGATORY NO.4:**

No indemnity reserve was set as the covered damage to the Property under the Policy was below the deductible.

**INTERROGATORY NO. 5:**

In the process of making the determination to pay or not pay benefits to Oaks of Brusly, did you refer to, or have available for reference, any procedures manual, protocol, training materials, or similar writings which referenced in any way the means by which such claims were to be evaluated? If so, please identify:

    a.    the name or title of any such manuals, protocols, training materials, or other such writings referred to or available for reference;

    b.    the name, business address, telephone number and job description of any person or persons who consulted and/or complied with the documents identified above

during the course of evaluating the claim for coverage which is the subject of this lawsuit; and

c.      if the above-referenced documents were not referred to and/or complied with, the reason or reasons known to you that this was not done.

**RESPONSE TO INTERROGATORY NO. 5:**

No manuals, policies (other than the insurance policy produced herewith), directives, guidelines, instructions, literature, or similar written materials were relied upon by the Insurers in adjusting or evaluating Plaintiff's claim for damage to the Property. Further answering, the Insurers do not intend to rely upon any such materials to support their adjustment or evaluation of Plaintiff's claim for damage to the Property.

**INTERROGATORY NO. 6:**

State the name and work address for any of the adjusters who evaluated or made decisions regarding the Subject Claims made by Oaks of Brusly. For each, state whether he/she is your employee(s) or independent contractor(s), the length of time he/she has done work for you evaluating or making decisions about property damage claims, and describe all training he she has had in evaluating or making decisions about property damage claims.

**RESPONSE TO INTERROGATORY NO. 6:**

The Insurers object to *Interrogatory No. 6* on grounds that the request is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to discoverable information because it is irrelevant to the current action and does not relate to Plaintiff's claims. Subject to the objection, the

**INTERROGATORY NO. 7:**

Did you or anyone acting on your behalf ever take any statements from anyone associated with Oaks of Brusly with regard to the claims following the Subject Claims? If so, please identify:

a.      the name, address and job position the person taking any such statement;

b.      the date(s) and locations each such statement was taken; and

c.      whether each such statement was written, recorded, or oral.

**RESPONSE TO INTERROGATORY NO. 7:**

No statements have been taken. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their response herein.

**INTERROGATORY NO. 8:**

Did you or anyone acting on your behalf take any statement or receive any report or consultation in any form whatsoever from any person regarding any of the events or happenings following the Subject Claims? If so, please identify:

a.     the name and last known address of each person making any such statement;

b.     the name, last known address and job position of the individual to whom each such statement was made;

c.     the date and place of each such statement, report or consultation;

d.     the subject matter of each such statement, report or consultation;

e.     whether the statement, report or consultation was written, recorded or oral; and

f.     the name, address and job position of each person or entity presently having custody, possession or control of any such statement, report or consultation.

**RESPONSE TO INTERROGATORY NO. 8:**

No statements were taken except for any informal statements that may be included in the reports attached hereto.

**INTERROGATORY NO. 9:**

Did you or anyone acting on your behalf take or obtain any photographs, films, videotapes, any charts, diagrams or any other similar illustration during the course of any investigation of the damages related to the Subject Claims made by Oaks of Brusly? If so, please identify:

a.     the name, address and job title of each person who took or obtained said photographs, films, tapes or made any charts, diagrams or similar illustrations; and

b.     the name, address and job title of the present custodian of all such items described above.

**RESPONSE TO INTERROGATORY NO. 9:**

Photographs were taken by and/or obtained by:

Ryan Stubblefield

PD.60449289.1

Peninsula Insurance Bureau
Field Adjuster

Erik Moore, P.E.
Elizabeth Davis, P.E.
Keystone Experts & Engineers
Forensic Engineers

Roman M. Lipiec, CPE, RRC
Nelson Forensics
Building Consultant

Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their response herein.

**INTERROGATORY NO. 10:**

State with specificity each and every fact which supports your decision not to pay Oaks of Brusly for the damage to the roof and interiors of the Insured Property after you inspected it following the wind and/or hail storm on or about June 20, 2023.

**RESPONSE TO INTERROGATORY NO. 10:**

The Insurers investigation revealed that the claimed damage to the Property from the June 20, 2023 weather event did not exceed the Policy's $256,461.25 (5%) Windstorm or Hail Deductible. Further answering, please see the attached May 8, 2024 correspondence from Peninsula Insurance Bureau on behalf of the Insurers, the April 22, 2024 and April 16, 2025 reports prepared by Keystone Experts & Engineers, and the May 22, 2025.

**INTERROGATORY NO. 11:**

Identify and state with specificity each and every fact which supports your Third Affirmative Defense that Oaks of Brusly's claims are barred, in whole or in part, to the extent they fall outside the scope of coverage provided by the Insurance Policy.

**RESPONSE TO INTERROGATORY NO. 11:**

The Insurers refer Plaintiff to the May 8, 2024 correspondence issued by PIB on behalf of the Insurers, June 5, 2024 e-mail issued by PIB on behalf of the Insurers, and March 6, 2025 correspondence issued on behalf of the Insurers, along with the attached reports. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their responses hereto.

**INTERROGATORY NO. 12:**

Identify and state with specificity each and every fact which supports your Fourth Affirmative Defense that Oaks of Brusly has not satisfied and/or has violated a condition of the Insurance Policy.

**RESPONSE TO INTERROGATORY NO. 12:**

The Policy's Notice of Loss Condition provides as follows:

**CONDITIONS OF LOSS**

**1. Notice of Loss**

As soon as practicable after loss or damage occurring under this It is a condition precedent to any payment of loss that the Insured must see that the following are done in the event of loss or damage to insured property as soon as possible:

…

B)      Give the Company immediate notice of loss or damage including a description of the property involved.

C)      Give the Company a description of how, when and where the loss or damage occurred.

On March 7, 2024 (nearly 9 months after the alleged damage claimed) a claim was first reported under the Policy for hail damage that occurred on or about June 20, 2023. To the extent that immediate notice of the loss was not provided as soon as practicable, the Insurers reserve the right to deny coverage under the Policy' Notice of Loss Condition. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their responses hereto.

**INTERROGATORY NO. 13:**

Identify and state with specificity each and every fact which supports your Fifth Affirmative Defense that Oaks of Brusly has failed to minimize, mitigate, or avoid any of its alleged or actual damages.

**RESPONSE TO INTERROGATORY NO. 13:**

The Policy's Notice of Loss Condition requires Plaintiff "as soon as practicable after loss or damage" to "take all reasonable steps to protect insured property from further damage by a peril insured against…" Additionally, the Policy precludes coverage for loss or damage caused by the neglect of an Insured to use all reasonable means to save and preserve property from further damage at and after the time of loss. The Insurers reserve the right to deny coverage to the extent

- 24 -

that any damage was caused by Plaintiff's failure to mitigate the loss, including temporary or permanent repairs. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their responses hereto.

**INTERROGATORY NO. 14:**

Identify and state with specificity each and every fact which supports your Thirty-Eighth Affirmative Defense that Oaks of Brusly failed to submit a satisfactory proof of loss that fully apprised the Insurers of the claim and the amount of Oaks of Brusly's alleged losses.

**RESPONSE TO INTERROGATORY NO. 14:**

The Insurers object to *Interrogatory No. 14* to the extent it seeks a legal conclusion. Subject to the objection, the Insurers investigation, including any and all documentation submitted by Plaintiff, found that the damage from the alleged June 20, 2023 weather event did not exceed the Policy's $256,461.25 (5%) Windstorm or Hail Deductible.

**INTERROGATORY NO. 15:**

List each inspection, appraisal, or evaluation you performed, including the date such was completed, a description of the action, and name, address, and telephone number of the person taking the action, to investigate, analyze, or compute the Oaks of Brusly damages.

**RESPONSE TO INTERROGATORY NO. 15:**

The following inspections were performed at the Property:

- March 20, 2024 by Ryan Stubblefield of Peninsula Insurance Bureau, PA Sheldon Gooch, and the Insured's representative, Ashish Patel;

- April 9, 2024 by Erik Moore of Keystone Experts & Engineers, PA Sheldon Gooch, and Ryan Stubblefield of Peninsula Insurance Bureau; and

- March 26, 2025 by Elizabeth Davis of Keystone Experts & Engineers and Roman Lipec of Nelson Forensics.

**INTERROGATORY NO. 16:**

Identify each and every action undertaken by you or any agent, servant or employee working for you in the identification of the risk or risks associated with providing coverage to Oaks of Brusly under the subject insurance policies.

PD.60449289.1

a. If you wrote any letters, received any correspondence, received any questionnaires, or other documents which helped to identify the risks associated with insuring Oaks of Brusly, please discuss in detail all of these documents, together with your reasons for obtaining this information prior to issuing the quote for coverage and providing the policy of insurance to Oaks of Brusly.

b. Please attach to your answers to these Interrogatories each and every document that you received or which is in its underwriting file relative in any way to the underwriting of the risk, the identification of the risks associated with insuring Oaks of Brusly or any other document which is at all relative to the underlying decision to issue the coverage and policy in favor of Oaks of Brusly.

**RESPONSE TO INTERROGATORY NO. 16:**

The Insurers object to *Interrogatory No. 16* on grounds that the request is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to discoverable information because it is irrelevant to the current action and does not relate to Plaintiff's claims. Further answering, the Policy, as a written instrument, is the best evidence of the contents therein. The Insurers further refer you to the documents produced by JEM Underwriting Managers, LLC.

**INTERROGATORY NO. 17:**

Describe fully your document retention policy, including but not limited to:

a. how long documents are retained;

b. whether documents are retained in hard copy, on a computer hard drive or disk, on microfilm, or in some other manner;

c. the name, address and telephone number of all persons who are responsible for determining whether a document is to be retained or destroyed;

d. whether you have any written or otherwise recorded document retention policy or policies;

e. the name, address and telephone number of the person who currently has custody of your document retention policy or policies.

f. if any documents referenced in response to these Interrogatories are no longer in your possession or control, please identify the applicable part of your document

retention policy which authorized: (1) destroying said documents; (2) the date each such document was destroyed; and (3) the name, address and telephone number of the person or persons who authorized the destruction of said document.

**RESPONSE TO INTERROGATORY NO. 17:**

The Insurers object to *Interrogatory No. 17* on grounds that the request is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to discoverable information because it is irrelevant to the current action and does not relate to Plaintiff's claims.

**INTERROGATORY NO. 18:**

Was any money, commission or bonus of any type whatsoever paid by you to RSG Specialty, LLC with regard to the sale of the Insurance Policy to Oaks of Brusly? If so, please identify:

a. a complete description and date of each and every such payment;

b. a description of how each and every such payment was made; and

c. the name, address and job description of the person to whom each and every such payment was made.

**RESPONSE TO INTERROGATORY NO. 18:**

The Insurers object to *Interrogatory No. 18* on grounds that the request is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to discoverable information because it is irrelevant to the current action and does not relate to Plaintiff's claims.

**INTERROGATORY NO. 19:**

Did you retain Peninsula Insurance Bureau and/or Ryan Stubblefield to assist you with the investigation of any property damage claims in or within 50 miles of Brusly, Louisiana associated with the June 20, 2023 wind and/or hail storms? If so, identify the property address(es).

**RESPONSE TO INTERROGATORY NO. 19:**

The Insurers object to *Interrogatory No. 19* on grounds that the request is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to discoverable information because it is irrelevant to the current action and does not relate to Plaintiff's claims.

- 27 -

**INTERROGATORY NO. 20:**

Did you retain Keystone Experts and Engineers, LLC to assist you with the investigation of any property damage claims in or within 50 miles of Brusly, Louisiana associated with the June 20, 2023 wind and/or hail storms? If so, identify the property address(es).

**RESPONSE TO INTERROGATORY NO. 20:**

The Insurers object to *Interrogatory No. 20* on grounds that the request is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to discoverable information because it is irrelevant to the current action and does not relate to Plaintiff's claims.

**INTERROGATORY NO. 21:**

Do you plan to call any expert witnesses at the trial of this matter? If so, for each such expert, please identify:

a. the name and address of each such expert;

b. the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion held by each expert;

c. a summary of each expert's qualifications; and

d. a complete list of any and all documents or other writings upon which each such expert relied in forming his/her opinions.

**RESPONSE TO INTERROGATORY NO. 21:**

The Insurers may call the following experts at the trial of this matter:

Ryan Stubblefield
Peninsula Insurance Bureau
Field Adjuster

Erik Moore, P.E.
Elizabeth Davis, P.E.
Keystone Experts & Engineers
Forensic Engineers

Roman M. Lipiec, CPE, RRC
Nelson Forensics
Building Consultant

Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their responses herein.

PD.60449289.1

**INTERROGATORY NO. 22:**

State the name and current address of each person whom you expect to call as a witness at the trial of this matter and set forth a brief description of the subject matter of each witness' testimony.

**RESPONSE TO INTERROGATORY NO. 22:**

The Insurers may call the following witnesses at the trial of this matter:

Representative of The Oaks of Brusly, LLC
Plaintiff
Testimony regarding alleged damage and claim

Representative of the Insurers
Defendants
Authentication of the Policy

Sheldon Gooch
Premier Claims, Public Adjuster
Testimony regarding facts surrounding claim and damages

Ryan Stubblefield
Peninsula Insurance Bureau
Field Adjuster
Testimony regarding facts surrounding claim and damages

Erik Moore, P.E.
Elizabeth Davis, P.E.
Keystone Experts & Engineers
Forensic Engineers
Testimony regarding facts surrounding claim and damages

Roman M. Lipiec, CPE, RRC
Nelson Forensics
Testimony regarding facts surrounding claim and damages

Any and all tenants/lessees of The Oaks of Brusly, LLC

Any and all persons that completed repairs on behalf of The Oaks of Brusly, LLC

Any and all witnesses listed by The Oaks of Brusly, LLC

Further answering, discovery is ongoing and the Insurers reserve the right to supplement therein responses herein.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:**

A verified and certified copy of the Insurance Policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Please see the attached.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:**

All documents which reflect the total premium payments received by you since the issuance of the Insurance Policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

The Insurers object to *Response for Production No. 2* on grounds that the request is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to discoverable information because it is irrelevant to the current action and does not relate to Plaintiff's claims.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:**

All policies and procedures manuals for the proper adjustment of property damage insurance claims made under the Insurance Policy, including but not limited to the claims handling policies and procedures used and/or referred to by you between January 1, 2023 – present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

No manuals, policies (other than the insurance policy produced herewith), directives, guidelines, instructions, literature, or similar written materials were relied upon by the Insurers in adjusting or evaluating Plaintiff's claim for damage to the Property. Further answering, the Insurers do not intend to rely upon any such materials to support their adjustment or evaluation of Plaintiff's claim for damage to the Property.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:**

All claims handling manuals, policy and procedure manuals, intercompany /intracompany regulations, claims settlement practices, and any other such materials which pertain in any way to the standards, procedures, rules and/or regulations that apply to the general handling of claims such as those made by Oaks of Brusly herein.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Please see *Response to Request for Production No. 3*.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:**

All claims manuals, memoranda, directives, guidelines, bulletins, correspondence, E-mail or any other form of communication or document made available to claims personnel, claims managers, claims supervisors, independent adjusters, field representatives or any other person

PD.60449289.1

acting for you or on your behalf that reflect, refer or in any way relate to the following:

      a.    The appropriate methods to be employed in claims handling and/or settlement of claims and any and all claims manuals, practices and/or policies in effect at any time from January 1, 2023 to the present;

      b.    Any aspect of your handling of wind and hail-related claims resulting from any/all weather events in the Brusly, LA area on or about June 20, 2023; and

      c.    Any changes or alterations in the manner or method of your handling of wind and/or hail related claims at any time from January 1, 2023 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Please see *Response to Request for Production No. 3*.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:**

All documents which reflect quotas, statistical guidelines, statistical requirements, numerical guidelines, numerical requirements, formulas or any other numerical and/or statistical measurement used in the evaluation or handling of first-party property damage claims from January 1, 2023 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Please see *Response to Request for Production No. 3*.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:**

All documents or materials which are not included in your claim file for Oaks of Brusly but which may have been utilized or relied upon by you in your decision to assess the benefits payable to Oaks of Brusly.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Please see *Response to Request for Production No. 3*.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:**

All documents that you submitted to and/or received from Oaks of Brusly relative to the Subject Claims, including but not limited to all reservation of rights, disclaimers, or denials.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Please see the attached.

- 31 -

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:**

Any weather and/or engineering reports, including, but not limited to, any root cause analysis and photographs, prepared by or for you relative to the Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Please see the attached.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:**

All written or transcribed statements made by any witness(es) related to the claims made by Oaks of Brusly regarding the Subject Claims, identifying any person(s) making and/or taking said statements.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

The Insurers object to *Request for Production No. 10* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, the Insurers have no responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:**

Your complete and original claims file relative to the Subject Claims, including but not limited to any and all reports of any consultant, adjuster, or other qualified individual consulted at any time following the Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

The Insurers object to *Request for Production No. 11* on grounds that the request is request is vague, overly broad, and unduly burdensome. Subject to the objections, please see the attached reports.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:**

Your complete and original underwriting file, including but not limited to the following:

a.      Each and every document or piece of correspondence relating in any way to the identification of the risks involved in insuring Oaks of Brusly;

b.      Each and every underwriting file, policy file, agency file, claim file, or other file, (wherever the same may be located and however designated) with regard to Oaks of Brusly, the policy of insurance issued to Oaks of Brusly, and/or the claim or claims for coverage. This request includes but is not limited to local, regional and

- 32 -

home office files with regard to all aspects of your company's relationship with Oaks of Brusly. It is the desire of this request for production to have you produce everything of a tangible or physical nature whatsoever that reflects any contact or dealings with the insurance matters of Oaks of Brusly from the very inception of Oaks of Brusly's request for coverage through its insurance agent(s). This request would include all underwriting analyses, all underwriting correspondence, all correspondence to, from, between, or among insurance personnel of whatever description relative to the placement of coverage with you or other underwriters for the purpose of insuring Oaks of Brusly.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Please see the document production provided by JEM Underwriting Managers, LLC.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:**

The complete claims adjustment file of any and all adjusters, consultants, appraisers, third party administrators, or claims personnel who have interacted with and/or participated in the Oaks of Brusly's claims handling and/or adjusting and all of his/her/its files.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Please see *Response to Request for Production No. 11*.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:**

All working files of any and all adjusters, third party consultants, engineers, meteorologists, structural engineers, wind engineers, or other persons consulted for their respective disciplines of expertise which in any way relate to the issues involved in the adjustment of the claims of Oaks of Brusly.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Please see *Response to Request for Production No. 11*.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:**

All analyses of any description whatsoever relating in any way to other representative costs per square foot for construction of new commercial buildings in the Brusly, Louisiana area during the period January 1, 2023 through present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

None. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their response herein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:**

All e-mail files, e-mails, electronic communications, reports, or other electronic messaging data existing with respect to the analysis or handling of the claims for insurance coverage for Oaks of Brusly relative to the Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

The Insurers object to *Request for Production No. 16* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Further answering, *Request for Production No. 16* is vague, overly broad, and unduly burdensome. Subject to the objections, please see the attached.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 17:**

All documents that reflect the date that you first received notice of a potential claim(s) from Oaks of Brusly or anyone acting on its behalf relative to the Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Please see the attached.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 18:**

All communications between you and JEM Underwriting Managers, LLC related in any way to the Insurance Policy, Insured Property, or Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

The Insurers object to *Request for Production No. 18* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, the Insurers have no responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 19:**

All communications between you and Peninsula Insurance Bureau and/or Todd Moore related in any way to the Insurance Policy, Insured Property, or Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

The Insurers object to *Request for Production No. 19* to the extent it seeks information

protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, please see the attached.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 20:**

All communications between you and Ryan Stubblefield related in any way to the Insurance Policy, Insured Property, or Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

The Insurers object to *Request for Production No. 20* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, the Insurers have no responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 21:**

All communications between you and Erik Moore, P.E., Neil Mekelburg, P.E., and/or Keystone Experts and Engineers, LLC related in any way to the Insurance Policy, Insured Property, or Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

The Insurers object to *Request for Production No. 21* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, please see the attached.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 22:**

All communications between you and any Oaks of Brusly tenant(s) related in any way to the Insurance Policy, Insured Property, or Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

The Insurers have no responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 23:**

All communications between you and RSG Specialty, LLC related in any way to the Insurance Policy, Insured Property, or Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

The Insurers object to *Request for Production No. 23* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, the Insurers have no responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 24:**

All communications between you and Lexington Insurance Co. related in any way to the Insurance Policy, Insured Property, or Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

The Insurers object to *Request for Production No. 24* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, the Insurers have no responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 25:**

All communications between you and HDI Specialty related in any way to the Insurance Policy, Insured Property, or Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

The Insurers object to *Request for Production No. 25* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, the Insurers have no responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 26:**

All communications between you and RenaissanceRe Syndicate 1458 related in any way to the Insurance Policy, Insured Property, or Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

The Insurers object to *Request for Production No. 26* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, the Insurers have no responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 27:**

All communications between you and WR Berkley Syndicate 1967 related in any way to the Insurance Policy, Insured Property, or Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

The Insurers object to *Request for Production No. 27* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, the Insurers have no responsive documents.

PD.60449289.1

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 28:**

All communications between you and Navigators Specialty Insurance Co. related in any way to the Insurance Policy, Insured Property, or Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

The Insurers object to *Request for Production No. 28* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, the Insurers have no responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 29:**

All communications between you and Evanston Insurance Co. related in any way to the Insurance Policy, Insured Property, or Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

The Insurers object to *Request for Production No. 29* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, the Insurers have no responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 30:**

All communications between you and Scottsdale Insurance Co. related in any way to the Insurance Policy, Insured Property, or Subject Claims

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

The Insurers object to *Request for Production No. 30* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, the Insurers have no responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 31:**

All communications between you and Princeton Excess and Surplus Insurance Co. related in any way to the Insurance Policy, Insured Property, or Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

The Insurers object to *Request for Production No. 31* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, the Insurers have no responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 32:**

All communications between you and Gotham Insurance Co. related in any way to the Insurance Policy, Insured Property, or Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

The Insurers object to *Request for Production No. 32* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, the Insurers have no responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 33:**

All communications between you and QBE UK LTD related in any way to the Insurance Policy, Insured Property, or Subject Claims

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

The Insurers object to *Request for Production No. 33* to the extent it seeks information protected by the Attorney-Client and/or Work-Product Privileged. Subject to the objections, the Insurers have no responsive documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Please see the attached. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their responses herein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 34:**

All documents that support your First Affirmative Defense that the Petition fails to state a claim upon which relief may be granted.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 35:**

All documents that support your Third Affirmative Defense that Oaks of Brusly's claims are barred, in whole or in part, to the extent that they fall outside the scope of coverage provided by the Insurance Policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Please see the attached. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their response herein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 36:**

All documents that support your Fourth Affirmative Defense that Oaks of Brusly's claims

- 38 -

are barred and/or limited to the extent that Plaintiff failed to comply with or satisfy the conditions of the Insurance Policy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

Please see the attached. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their response herein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 37:**

All documents that support your Fifth Affirmative Defense that Oaks of Brusly failed to minimize, mitigate, or avoid any alleged or actual damage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Please see the attached. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their response herein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 38:**

All documents that support your Twenty-Eighth Affirmative Defense that Oaks of Brusly has breached its obligations under the Insurance Policy's Notice of Loss Condition.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

Please see the attached. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their response herein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 39:**

All documents that support your Thirty-Eighth Affirmative Defense that Oaks of Brusly failed to submit a satisfactory proof of loss that fully apprised Insurers of the claim and the amount of Plaintiff's alleged losses.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Please see the attached. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their response herein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 40:**

All documents that support any defense asserted by you that the damages claimed were caused by any action and/or inaction of Oaks of Brusly

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Please see the attached. Further answering, discovery is ongoing and the Insurers reserve

- 39 -

all rights to supplement and/or amend their response herein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 41:**

All documents, photographs, or video footage that you intend to use in support of any contention that you may have that the damage to the Insured Property preexisted the weather event on or about June 20, 2023.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Please see the attached. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their response herein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 42:**

All code(s) of conduct, ethical statement(s), mission statement(s) or creed(s) of any kind applicable to you or your employees and/or representatives at any time since Oaks of Brusly applied for a property insurance policy with you.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

The Insurers object to *Request for Production No. 42* on grounds that the request is vague, overly broad, unduly burdensome and is not reasonably calculated to lead to discoverable information because it is irrelevant to the current action and does not relate to Plaintiff's claims.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 43:**

All documents which pertain to or reference any interviews, statements made by anyone concerning the Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

The Insurers have no responsive documents. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their response herein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 44:**

All documents which pertain to or reference any communication between you and any other party to this action, and which pertain to the Subject Claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Please see the attached.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 45:**

A current curriculum vitae of Todd Moore, CRIS, AIC, AIM.

- 40 -

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

The Insurers have no responsive documents.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 46:**

A current curriculum vitae of Ryan Stubblefield.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

The Insurers have no responsive documents. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their response herein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 47:**

A current curriculum vitae of Erik Moore, P.E.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Please see the attached.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 48:**

A current curriculum vitae of Neil Mekelburg, P.E.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

The Insurers have no responsive documents. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their response herein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 49:**

A current curriculum vitae of each expert who you expect to call as an expert witness at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Please see the attached. Further answering, discovery is ongoing and the Insurers reserve all rights to supplement and/or amend their response herein.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 50:**

All documents prepared or reviewed by each person who you expect to call as an expert witness at trial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

Please see the attached.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 51:**

A copy of any expert report(s) which relate to this matter and/or litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Please see the attached.

**REQUEST FOR PRODUCTION OF DOCUMENTS NO. 52:**

If you deny any of the Requests for Admissions, produce a copy of all documents supporting your denial.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Please see the attached.

Respectfully submitted,

**PHELPS DUNBAR, LLP**

BY:     */s/ Ryan P. Telep*
_____
Pablo Gonzalez (Bar No. 29215)
Ryan P. Telep (Bar No. 37892)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: 504-566-1311
Facsimile:  504-568-9130
Email: pablo.gonzalez@phelps.com
        ryan.telep@phelps.com

**ATTORNEYS FOR DEFENDANTS,
THE PRINCETON EXCESS AND SURPLUS
LINES INSURANCE COMPANY,
LEXINGTON INSURANCE COMPANY,
HDI GLOBAL SPECIALTY SE,
RENAISSANCE RE SYNDICATE 1458, WR
BERKLEY SYNDICATE 1967,
NAVIGATORS SPECIALTY INSURANCE
COMPANY, EVANSTON INSURANCE
COMPANY, SCOTTSDALE INSURANCE
COMPANY, ASPEN SPECIALTY
INSURANCE COMPANY, GOTHAM
INSURANCE COMPANY, AND QBE UK
LTD.**

- 42 -

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 27th day of January, 2026, I have served a copy of the foregoing *Responses to Plaintiff's Discovery Requests* on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first-class postage prepaid.

*/s/ Ryan P Telep*
Ryan P. Telep (Bar No. 37892)

PD.60449289.1

West Baton Rouge Parish
**Filed Feb 20, 2026 9:13 AM**
Andrea Hebert
Deputy Clerk of Court
E-File Received Feb 20, 2026 9:00 AM

C-1050171
A

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NUMBER: 1050171                                          DIVISION: A

THE OAKS OF BRUSLY, LLC

vs.

PRINCETON EXCESS AND SURPLUS INSURANCE CO.; LEXINGTON INSURANCE CO.; HDI GLOBAL SPECIALTY SE; RENAISSANCERE SYNDICATE 1458; WR BERKLEY SYNDICATE 1967; NAVIGATORS SPECIALTY INSURANCE CO.; EVANSTON INSURANCE CO.; SCOTTSDALE INSURANCE CO.; ASPEN SPECIALTY INSURANCE CO.; GOTHAM INSURANCE CO.; QBE UK LTD.; and JEM UNDERWRITING MANAGERS, LLC

_____

**ORDER ON PLAINTIFF'S MOTION TO COMPEL DEFENDANTS'
TO RESPOND TO WRITTEN DISCOVERY**
_____

The Motion to Compel Defendants, The Princeton Excess and Surplus Lines Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Renaissance Re Syndicate 1458, WR Berkley Syndicate 1967, Navigators Specialty Insurance Company, Evanston Insurance Company, Scottsdale Insurance Company, Aspen Specialty Insurance Company, Gotham Insurance Company, and QBE UK Ltd. (together, "Defendants"), to respond fully and completely to written discovery filed by Plaintiff, The Oaks of Brusly, LLC ("Plaintiff" or "Oaks of Brusly"), filed on December 9, 2025 came for contradictory hearing on Wednesday, February 4, 2026 at 9:00 a.m.:

> PRESENT:    Stephen S. Kreller/The Kreller Law Firm
> Matthew M. McCarthy/McCarthy Law Firm
> Counsel for The Oaks of Brusly, LLC ("Plaintiff" or "Oaks of Brusly")
>
> Ryan P. Telep/Phelps Dunbar, LLP
> Counsel for The Princeton Excess and Surplus Lines Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Renaissance Re Syndicate 1458, WR Berkley Syndicate 1967, Navigators Specialty Insurance Company, Evanston Insurance Company, Scottsdale Insurance Company, Aspen Specialty Insurance Company, Gotham Insurance Company, and QBE UK Ltd., (together, "Defendants")

The Court, having considered the facts, applicable law, pleadings, memoranda and attached exhibits, oral argument of counsel, and for the reasons orally assigned:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Compel Defendants, The Princeton Excess and Surplus Lines Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Renaissance Re Syndicate 1458, WR Berkley

Syndicate 1967, Navigators Specialty Insurance Company, Evanston Insurance Company, Scottsdale Insurance Company, Aspen Specialty Insurance Company, Gotham Insurance Company, and QBE UK Ltd. is GRANTED.

Plaintiff shall provide Defendants with a list of discovery deficiencies, which Defendants shall provide timely responses. Any outstanding or remaining disputes relative to Plaintiff's Motion to Compel shall be heard on March 4, 2026 at 9:00 am.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Attorney Fees and Costs is GRANTED. Defendants shall reimburse Plaintiff for the filing fees in the amount of $1,293.84 to file the Motion to Compel, plus $1,000.00 in attorney fees to file the motion and attend the hearing.

**JUDGMENT RENDERED IN OPEN COURT** on February 4, 2026.

**JUDGMENT RENDERED AND SIGNED IN CHAMBERS**, Port Allen, Louisiana this ___25___ day of ____February____, 2026.

**HONORABLE J. KEVIN KIMBALL**
Filed by Court on February 25, 2026 11:13 AM

2

West Baton Rouge Parish
Filed Feb 20, 2026 9:13 AM
Andrea Hebert
Deputy Clerk of Court
E-File Received Feb 20, 2026 9:00 AM

C-1050171
A

18th JUDICIAL DISTRICT COURT FOR THE PARISH OF WEST BATON ROUGE

STATE OF LOUISIANA

NUMBER: 1050171                                           DIVISION: A

THE OAKS OF BRUSLY, LLC

vs.

PRINCETON EXCESS AND SURPLUS INSURANCE CO.; LEXINGTON INSURANCE CO.; HDI GLOBAL SPECIALTY SE; RENAISSANCERE SYNDICATE 1458; WR BERKLEY SYNDICATE 1967; NAVIGATORS SPECIALTY INSURANCE CO.; EVANSTON INSURANCE CO.; SCOTTSDALE INSURANCE CO.; ASPEN SPECIALTY INSURANCE CO.; GOTHAM INSURANCE CO.; QBE UK LTD.; and JEM UNDERWRITING MANAGERS, LLC

_____

**UNIFORM RULES FOR LOUISIANA DISTRICT COURTS RULE 9.5(b) CERTIFICATION**
_____

I certify that I circulated this proposed judgment/order to counsel for all parties and/or to self-represented parties by electronic delivery on February _____, 2026, and that:

___X___   no opposition was received; or

_____   the following opposition was received:

I have allowed at least five (5) working days before presentation to the court.

Certified this 20th day of February, 2026.

**THE KRELLER LAW FIRM**

_____
Stephen Skelly Kreller (Bar No. 28440)
650 Poydras Street, Suite 2828
New Orleans, LA 70130
T: (504) 484-3488
F: (888) 294-6091
E: ssk@krellerlaw.com

-AND-

**MCCARTHY LAW FIRM**

_____
Matthew M. McCarthy (Bar No. 36983)
650 Poydras Street, Suite 2828
New Orleans, LA 70130
T: (504) 319-8166
E: mattmccarthylaw@gmail.com

***Attorneys for The Oaks of Brusly, LLC***

3